UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 16 P 2: 32

US DISTRICT COURT
BRIDGEPORT, CT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE, | : | |
| Plaintiff, | : | |
| V. | : | No. 03-CV-56 (WWE) |
| THAMES WATER HOLDINGS INCORPORATED, THAMES WATER NORTH AMERICA INC., | : | |
| Defendants. | : | January 16, 2004 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER

The defendants, Thames Water Holdings Incorporated ("Thames Water Holdings") and Thames Water North America Inc. ("Thames Water North America") (collectively "Thames Water" or "Defendants") submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed by the plaintiff, David E. Chardavoyne ("Chardavoyne" or "Plaintiff"), or in the alternative to transfer this matter to the District of New Jersey. Thames Water seeks dismissal of Chardavoyne's claims pursuant to Federal Rule of Civil Procedure 12(b)(3), because venue is improper in this district. Alternatively, should the Court find that venue is proper in this district, Thames Water seeks transfer of venue pursuant to 28 U.S.C. § 1404(a).

### FACTUAL BACKGROUND

Plaintiff filed his original Complaint in this Court on or about January 8, 2003. The Summons and Complaint were served on Thames Water Holdings at its New Jersey offices on February 19, 2003. Affidavit of Ari D. Levine dated March 10, 2003 ("First Levine Aff."), Exhibit A to Defendant's Motion To Dismiss Plaintiff's Complaint For

Lack Of Personal Jurisdiction And Improper Venue ("Initial Motion to Dismiss"), ¶ 4. An Amended Complaint was filed on or about July 16, 2003, naming Thames Water North America as an additional defendant (the undersigned counsel accepted service on behalf of Thames Water North America). In this diversity action, Plaintiff seeks to recover under Connecticut statute for allegedly unpaid wages and benefits. Plaintiff also seeks a declaration that a certain letter delivered to him on May 29, 2002 was not an effective notice of termination under his employment agreement with Thames Water Holdings, that Plaintiff remains employed with Thames Water Holdings pursuant to the agreement, and that Thames Water Holdings must give effective notice before terminating him.

Thames Water Holdings is, as the Amended Complaint alleges, a Delaware corporation. Amended Complaint ¶ 3. Its principal place of business is New Jersey. First Levine Aff. ¶ 2. Thames Water North America is a Delaware corporation with its principal place of business in New Jersey. Amended Complaint ¶ 4. Thames Water North America is registered to do business in Connecticut. Amended Complaint ¶ 4.

Plaintiff asserts that Thames Water Holdings and Thames Water North America "have maintained" an office at 281 Tresser Boulevard, Stamford Connecticut, and that each is therefore a resident of Connecticut for the purposes of 28 U.S.C. § 1391(a) and (c), rendering venue proper in this district. Amended Complaint at ¶ 5.

Defendants, however, have no office in Stamford, Connecticut or anywhere else in the state. The first affidavit of Ari D. Levine confirms that Thames Water has no office or other facility in this judicial district. First Levine Aff. ¶¶ 5-6.

2

In fact, Chardavoyne carried out the shutdown of Thames Water Holding's Stamford, Connecticut office and its relocation to Voorhees, New Jersey in late 2001. Those events left the Defendants with no business locations in Connecticut. The business card Plaintiff used in the last months of his employment as President of Thames Water Holdings identified New Jersey as the location of his business address. The affidavit of A. Matthew Huckin, Thames Water Holding's Human Resources Director at the time, verifies these facts. Affidavit of A. Matthew Huckin ("Huckin Aff."), Exhibit B to Initial Motion to Dismiss, ¶¶ 3-4, 7. Exhibit C to the Initial Motion to Dismiss is a true and accurate copy of the business card that Chardavoyne used after Thames Water Holdings relocated its office from Stamford, Connecticut to Voorhees, New Jersey in December 2001. In fact, as late as August 2002, the Plaintiff distributed business cards identifying himself as Thames Water's President with a New Jersey business address. *See* Huckin Aff. ¶ 7.

Plaintiff alleges that a meeting took place between himself and representatives of Thames Water Holdings on May 29, 2002. Amended Complaint ¶ 14. He further asserts that at the meeting, he received a letter giving him twelve months advance notice of the termination of his employment, and relieving him of all of his employment-related duties. His Amended Complaint alleges that this letter did not constitute notice of termination under his employment agreement. Amended Complaint ¶¶ 14-15. Chardavoyne attended that meeting in the Defendant's New Jersey office. Huckin Aff. ¶ 6. That meeting included Chardavoyne, Mr. Huckin, and James McGivern. Amended Complaint ¶ 14; Huckin Aff. ¶ 6. Plaintiff's and Mr. Huckin's offices were at that time located in Voorhees, New Jersey. Huckin Aff. ¶ 3. Mr. Huckin's office continues to be

located in Voorhees, New Jersey. *Id.* Mr. McGivern's office is also located in

Voorhees, New Jersey, and was located there at the time of the meeting with

Chardavoyne and Mr. Huckin.[1]

## ARGUMENT

I.   **Venue Is Not Proper In This Judicial District, Because Thames Water Holdings Does Not Reside In Connecticut, The Events Giving Rise To Plaintiff's Claim Occurred Elsewhere, And There Is Another District In Which This Action Could Be Brought.**

Chardavoyne has alleged this Court's subject matter jurisdiction on the basis of

the parties' diversity of citizenship. Therefore, venue is proper in this Court only if:

1.   a defendant resides in this district, if all defendants reside in the same State; or

2.   a substantial part of the events giving rise to the claim occurred in this district; or

3.   any defendant is subject to personal jurisdiction in this district at the time the action is commenced, if there is no other district in which the action may be brought.

*See* 28 U.S.C. § 1391(a). None of these conditions is satisfied here.

A.   **Thames Water Holdings Does Not Reside In This State.**

Chardavoyne has amended the Complaint to add Thames Water North America

as a Defendant, presumably in order to bolster its choice of venue, since Thames Water

North America is registered to do business in Connecticut. Even if one assumes that

Thames Water North America "resides" in this district based on its registration to do

business, venue is not proper under 28 U.S.C. § 1391(a)(1) unless the other Defendant,

Thames Water Holdings, resides in the same State.

---

[1] Undersigned counsel is awaiting an affidavit from Mr. McGivern with respect to this point, and will file it with the Court upon receipt.

Contrary to the allegation in the Amended Complaint (at Paragraph 5), Thames Water Holdings does not reside in Connecticut. *See* First Levine Aff. ¶¶ 2, 6; Huckin Aff. ¶ 3. Thames Water Holdings has no office, facility, or other presence in Connecticut. It has no employees, agents, or telephone numbers within Connecticut. First Levine Aff. ¶ 6. Plaintiff, moreover, even served his first Complaint upon Thames Water Holdings at its Voorhees, New Jersey office. First Levine Aff. ¶ 4.

Under Section 1391, a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction *at the time the action is commenced.*" 28 U.S.C. §1391(c) (emphasis added). This provision does not advance Plaintiff's cause any further. The Amended Complaint has not alleged that Thames Water Holdings had, at the time this action was commenced, any presence in Connecticut that would give rise to personal jurisdiction here.

## 1.    The Criteria Of Connecticut's Long-Arm Statute Have Not Been Fulfilled.

Plaintiff bears the burden of proving the federal court's personal jurisdiction over a defendant foreign corporation in accordance with Connecticut's long-arm statute and constitutional principles of due process. *Lombard Bros., Inc v. General Asset Management Co.*, 460 A.2d 481, 484 (Conn. 1983); *Milne v. Catuogno Court Reporting Services, Inc.*, 239 F.Supp.2d 195, 198 (D. Conn. 2002). To establish personal jurisdiction over Thames Water Holdings under Connecticut's long-arm statute, Plaintiff must show that his claim arises out of this Defendant's transaction of business in this state without proper authority, out of a contract made or to be performed in this state, or out of business solicited in this state by this Defendant. *See* Conn. Gen. Stat. § 33-929(e), (f)(1), (f)(2); *see also Milne*, 239 F.Supp.2d at 198.

5

**a.    Thames Water Holdings Neither Transacts Business In Connecticut, Nor Does This Cause Of Action Arise Out Of Such Business.**

The Amended Complaint does not allege that Thames Water Holdings was either transacting or soliciting business in Connecticut when he filed this lawsuit on January 8, 2003.  The Amended Complaint only states that both Defendants "have maintained" an office in Stamford, Connecticut, without reference to the time period during which this was so.  Amended Complaint ¶ 5.  As Plaintiff well knows, more than one year before the commencement of this action, Thames Water Holdings ended any contacts with Connecticut.  The Stamford, Connecticut office was closed in December 2001, and Thames Water Holdings vacated the premises.  *See* Affidavit of Ari D. Levine dated May 5, 2003 (Exhibit A to Defendant Thames Water Holdings Incorporated's Reply Memorandum In Support Of Its Motion To Dismiss The Plaintiff's Complaint, dated May 5, 2003) ("Second Levine Aff.") at ¶ 3.  Since then, Thames Water Holdings has kept neither any office nor any other facility in Connecticut.  Thames Water Holdings, moreover, has had neither employees nor agents in Connecticut to solicit business or otherwise to transact business since December 2001.  *See*  First Levine Aff. ¶ 6.  Thames Water Holdings has neither transacted nor solicited business in Connecticut since December 2001 -- more than one year before the Plaintiff commenced this action.

Chardavoyne may refer to his past work in Connecticut for Thames Water Holdings, but that work was history as of December 2001.  "[W]hile some states hold that the term "transacting business" should be interpreted in the broadest sense constitutionally permissible, Connecticut is not such a state."  *Electric Regulator Corp. v. Sterling Extruder Corp.*, 280 F. Supp. 550, 554 (D. Conn. 1968).  Connecticut courts

6

balance considerations of public policy, common sense, and the chronology and geography of the relevant factors. *Zartolas v. Nisenfeld,* 440 A.2d 179, 182 (Conn. 1981). In this case, a clear divide separates events before and after December of 2001. Since December 2001, Thames Water Holdings has conducted no business in the District of Connecticut. First Levine Aff. ¶¶ 5-6. It logically follows that Chardavoyne has performed no services for Thames Water Holdings in Connecticut since that time. *Id.* at ¶ 7. The chronology and geography in this case could not be more telling.

Simply put, there is no evidence that Thames Water Holdings "was transacting business in this state *at the initiation of this litigation.*" *Wilkinson v. Boats Unlimited, Inc.,* 670 A.2d 1296, 1301 (Conn. 1996) (emphasis added). *See also Franceskino v. Womack,* No. Civ. 3:01CV1835 (AVC), 2002 WL 100602, * 3 (D.Conn. Jan. 25, 2002) (plaintiff must establish that defendant transacted business in forum state at time action commenced); *F & F Screw Products, Inc. v. Clark Screw Machine Products Co.,* No. CV000500360S, 2002 WL 31894843 * 6 (Conn. Super. Dec. 10, 2002) (jurisdiction to be determined as of moment when party haled into court). When this action commenced, on January 8, 2003, Thames Water Holdings had not transacted business in Connecticut for over a year. Therefore, there could be no jurisdiction over Thames Water Holdings pursuant to Conn. Gen. Stat. § 33-929(e).

Even if Thames Water Holdings did transact business in Connecticut as of that time, the cause of action could not have arisen out of such business, as required by Section 33-929(e). Plaintiff "must demonstrate a substantial relationship between the business transacted by the defendant in the state and the plaintiff's cause of action." *Franceskino,* 2002 WL 100602 at * 3. The Amended Complaint offers nary a hint as to

the relationship between Chardavoyne's claims and any business transacted in Connecticut. Nor does the employment agreement, which is attached to the Amended Complaint, point to any substantial relationship. Section 2 of the contract states that Chardavoyne would have "all attendant responsibilities, duties and authority … as the chief executive … may from time to time direct." Agreement, Ex. 1 to Amended Complaint, ¶ 2.1. Chardavoyne agreed to "comply with reasonable directions given by or under the authority of his line manager." *Id.* at ¶ 2.4. The agreement thus directed Chardavoyne to perform those duties that were assigned to him by his employer. The agreement states that his "place of work shall be Stamford, Connecticut or such other place in the U.S.A. as the chief executive may reasonably require. The executive may be required to travel and work both inside and outside the U.S.A. in the proper performance of his duties under this agreement." *Id.* at ¶ 3. Under the agreement Chardavoyne committed to work wherever asked, and Thames Water Holdings was by no means bound to keep him stationed in Connecticut or conducting business there. The agreement in no other way connects the parties to the State of Connecticut; in fact, the applicable law governing the agreement is that of Pennsylvania. *Id.* at ¶ 24.

There is no disputing that as of December of 2001, the performance of Chardavoyne's duties had shifted completely outside of Connecticut, and properly so under the contract. It also cannot be disputed that the events comprising Chardavoyne's claim, his termination and the notice thereof by Thames Water Holdings, took place outside of Connecticut. The Amended Complaint is single-minded in its focus on the validity of the notice of termination. *See* Amended Complaint, ¶¶ 11, 14-16, 24. No allegations relate to any earlier work performed by Chardavoyne or any

earlier events. The notice of termination was delivered in New Jersey. *See* Huckin Aff.

¶ 6. Thus, even if Thames Water Holdings were transacting business in Connecticut,

Chardavoyne can demonstrate no substantial relationship between his claims and that

business.

This District has previously looked to the events relevant to the cause of action in

deciding this issue. *See Guthrie v. Ciba-Geigy, Ltd.*, 620 F. Supp. 91, 92 (D. Conn.

1984):

> All of the challenged actions and relevant events in this
> lawsuit arise out of an employer-employee relationship
> between Corporation and the plaintiff, not out of the plaintiff's
> or Corporation's business activities in this state. The moving
> papers reveal that determinations regarding plaintiff's terms
> and conditions of employment, as well as the decision to
> terminate his employment, were made by Corporation at its
> headquarters in ... New York.

Similarly, Chardavoyne's complaint arises entirely out of the employer-employee

relationship with Thames Water Holdings. At the time of the events of which he

complains, that relationship existed outside of Connecticut. The relevant events,

including delivery of the notice of termination, took place in New Jersey. Chardavoyne

cannot establish that this Court has personal jurisdiction over Thames Water Holdings

under this provision of Connecticut's long-arm statute.

>         b.    <u>The Contract In Question Was Not Made Or To Be
>               Performed In Connecticut.</u>

The long-arm statute may be satisfied if the action arises out of a contract made

or to be performed in Connecticut. Conn. Gen. Stat. § 33-929(f)(1). No allegations in

the Amended Complaint suggest that this case qualifies under this provision. Moreover,

in December 2001, Chardavoyne's employment-related duties included the closing of

Thames Water's Stamford offices and moving them to Voorhees, New Jersey. Chardavoyne's place of employment thus became Voorhees. As recently as August 2002, Plaintiff distributed business cards identifying him as Thames Water Holdings' President with his office in Voorhees, New Jersey. *See* Huckin Aff. ¶ 7; Exhibit C to Initial Motion to Dismiss. Plaintiff's employment contract required performance at the place of Thames Water Holdings' corporate offices, or wherever Thames Water Holdings should designate. *See* Employment Agreement ¶ 3 (Exhibit 1 to Amended Complaint). At all times relevant to this action, the place of performance was New Jersey.

The contract cannot be read as one "to be performed" in Connecticut, because its own language refutes this notion. As previously discussed, Chardavoyne agreed to undertake such responsibilities and duties as would be assigned to him by his employer. Agreement, ¶¶ 2.1, 2.4. The place of work designated in the contract was Stamford "or such other place in the U.S.A." as Thames Water Holdings might direct. *Id.* ¶ 3. Chardavoyne's claim could not arise out of a contract to be performed in Connecticut, where the only contract at issue calls for performance to take place anywhere, at the direction of Thames Water Holdings.

Moreover, at the time of the events complained of, neither party to the contract was performing in Connecticut. The Connecticut office had closed and Chardavoyne was operating out of the office in New Jersey, where he received the notice of termination. Accordingly, this claim could not arise out of a contract "to be performed" in Connecticut. *See Guthrie*, 620 F. Supp. at 93 n.2 (for same reasons that cause of

action did not arise out of business transacted in Connecticut, employee's cause of action "did not arise out of the performance of this contract of employment in this state").

### 2.    The Constitutional Requirements For Personal Jurisdiction Cannot Be Satisfied.

Just as the Plaintiff fails to show that Thames Water Holdings comes within the reach of Connecticut's long-arm statute, he also fails to show how jurisidiction over Thames Water Holdings would survive due process scrutiny. Due process requires that a defendant have established minimum contacts in the forum state, and that jurisdiction over the defendant is reasonable.

The Amended Complaint does not allege, and Plaintiff cannot show, that Thames Water Holdings had sufficient contacts with Connecticut that it could reasonably anticipate being sued here. *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). At the time that the original Complaint was filed, Thames Water Holdings had not conducted any activities in Connecticut whatsoever for over a year. *Cf. Clemco Corp., Inc. v. Frantz Manu. Co.*, 609 F.Supp. 56, 58 (D.Conn. 1985) (finding evidence that defendant was purposefully availing itself of the privilege of conducting activities in forum state "when the agreement was allegedly breached"). In fact, Thames Water Holdings was no longer availing itself of the privilege of conducting activities in Connecticut when this claim arose, *i.e.* when Chardavoyne was given his notice of termination. To be sure, certain types of claims may exist for which Thames Water Holdings could reasonably have anticipated to be haled into a Connecticut court. *World Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). This claim is not one of them. The contract called for performance wherever Thames Water Holdings required. Thames Water Holdings had closed the Stamford office and moved its

operations to New Jersey, where Chardavoyne worked and where Thames Water

Holdings issued the notice of termination. It was no longer reasonably foreseeable that

Thames Water Holdings would be haled into a Connecticut court for these activities in

New Jersey.

The reasonableness inquiry asks whether the assertion of jurisdiction comports

with notions of fair play and substantial justice. *International Shoe Co. v. Washington*,

326 U.S. 310, 320 (1945). The court looks at the burden on the defendant, the interests

of the forum state, the plaintiff's interest in obtaining relief, the interstate judicial

system's interest in obtaining the most efficient resolution of controversies, and the

shared interest of the several states in furthering fundamental substantive social

policies. *Geller Media Management, Inc. v. Beaudreault*, 910 F.Supp. 135, 138

(S.D.N.Y. 1996) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113

(1987)).

In this case, Chardavoyne can obtain relief in either forum, while there is a

burden on Thames Water Holdings to litigate in a forum where it no longer conducts

business. Most importantly, though, the forum state has no interest in this dispute. An

employee is asserting claims against his employer, which conducts no business here,

with regard to a notice of termination delivered in New Jersey, pursuant to a contract

under which the employee was working in New Jersey. The contract specifies that

Pennsylvania law will apply. Under the circumstances, it would be unreasonable to

compel Thames Water Holdings to litigate this dispute in a Connecticut court.

Personal jurisdiction cannot be established over Thames Water Holdings in this

action. In addition, Thames Water Holdings has no presence in Connecticut. As a

result, Thames Water Holdings does not reside in this State, and venue is not proper pursuant to 28 U.S.C. § 1391(a)(1).

### B.    A Substantial Part Of The events Giving Rise To Plaintiff's Claim Did Not Occur Here.

Venue in this district would be proper pursuant to 28 U.S.C. § 1391(a)(2) if "a substantial part of the events or omissions *giving rise to the claim* occurred" in this district. § 1391(a)(2) (emphasis added). The court applies a "substantial contacts" test, under which the plaintiff must show that the aforementioned standard has been met. *Miller v. Meadowlands Car Imports, Inc.*, 822 F.Supp. 61, 64 (D.Conn. 1993).

In a contract action, the court may consider several factors, "including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *PI Inc. v. Quality Products, Inc.*, 907 F.Supp. 752, 757-58 (S.D.N.Y. 1995). In *PI*, the court found that New York lacked the substantial contacts to support venue where the contract was partially negotiated in New York, but was executed elsewhere, was not to be performed in New York, and any breach would have occurred outside the district. *Id.* at 758.

In this case, Plaintiff may have negotiated the contract in Connecticut, but there is no allegation that the contract was executed in Connecticut. Chardavoyne's performance, which at one time took place in Connecticut, subsequently moved completely outside of Connecticut, as his office moved to New Jersey. Any performance in Connecticut had ceased well before the alleged breach of the agreement of which Chardavoyne complains. The meeting with Mr. Huckin and Mr. McGivern, and delivery of the notice of termination, took place in New Jersey. A substantial part of the events giving rise to this claim did not occur in this district.

This case is not dissimilar to *Miller, supra,* in which contacts with Connecticut existed but were not deemed a substantial part of the events giving rise to the claims. The plaintiff asserted contract and tort claims with respect to two contracts to purchase automobiles. *Miller,* 822 F.Supp. at 64. A Connecticut resident, the plaintiff had received an assignment of contract rights from the original contracting party, a New Jersey corporation. *Id.* The court found that this assignment, "nearly two years" after the contracts had been executed, did not constitute a substantial part of the events giving rise to the claims. *Id.* Similarly, in this case any activities in Connecticut are well removed from the events giving rise to Chardavoyne's claim, and as a result do not amount to a substantial part of those events.

The events giving rise to the claim are controlling. In *Beaudreault, supra,* the court reviewed a contract action between a Texas party and a New York party. The court's analysis centered around the activities that prompted the claims: "the omissions giving rise to this contract action occurred in two main locations – Houston and New York." *Beaudreault,* 910 F.Supp. at 138. The court explained that one party allegedly failed to perform, in New York, and another party failed to pay, in Texas. Since "much of the dispute concerns whether [the plaintiff] performed," a substantial part of the events giving rise to the claims were found to have occurred in New York, and venue there was proper. *Id.* at 139.

Here, the entire dispute concerns the notice of termination and whether it was effective. That event took place in New Jersey, where Chardavoyne was working pursuant to the terms of his agreement. Since the events giving rise to the claim took

14

place completely outside of this district, venue in this district is not proper under 28

U.S.C. § 1391(a)(2).

### C.    There Are Other Districts In Which Defendant Is Subject To The Court's Personal Jurisdiction.

Under 28 U.S.C. §1391(a)(3), venue would be proper in the District of

Connecticut if a Defendant were subject to jurisdiction here *and* there were no other

district in which this action could be brought. Even assuming *arguendo* that Thames

Water North America is subject to jurisdiction in Connecticut, it cannot be said that there

is no other district in which this action could be brought. Clearly, this action could be

brought in the District of New Jersey, where Thames Water Holdings and Thames

Water North America have offices, and where the relevant events transpired.

Therefore, venue is not proper in Connecticut pursuant to 28 U.S.C. §1391(a)(3).

## II.    EVEN IF VENUE IS PROPER IN THIS DISTRICT, THIS ACTION SHOULD BE TRANSFERRED TO THE DISTRICT OF NEW JERSEY BASED ON CONSIDERATIONS OF CONVENIENCE AND JUSTICE.

Should the Court find that venue is proper in this district, the Court should grant

Defendants' alternative request for transfer of venue to the District of New Jersey, under

28 U.S.C. § 1404(a). Section 1404(a) authorizes transfer to another district where

venue is also proper. *Cavanaugh v. Bluebeard's Castle, Inc.*, 83 F.Supp.2d 284, 287

(D.Conn. 1999). The purpose behind this statute is to ensure that federal civil suits are

"tried in the district most suitable in terms of convenience, efficiency and justice." *Id.*

(citing *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).

The Court should acknowledge a presumption in favor of the plaintiff's choice of

forum, which may be overcome by "clear and convincing evidence that private and

public interest factors favor trial in the alternative forum." *Id.* The factors to be

considered include "(1) locus of operative facts; (2) access to evidence; (3) convenience of witnesses; (4) availability of compulsory process to compel witness testimony; (5) convenience of the parties; (6) familiarity of the forum with governing law; (7) trial efficiency; (8) the relative financial means of the parties; and a catchall factor (9), interests of justice." *Id.* The decision on whether to transfer is made on a case-by-case basis. *Kurt H. Volk, Inc. v. Odell Simms & Associates, Inc.*, 33 F.Supp.2d 126, 128 (D.Conn. 1998).

Here, analysis of these factors militates in favor of transfer. The operative facts, as discussed *supra*, took place in New Jersey. The contract in question was an employment agreement, and Chardavoyne was employed by Thames Water Holdings in its Voorhees, New Jersey office. The allegedly unlawful termination of Chardavoyne's employment took place at a meeting at that office, with Chardavoyne present. The allegedly defective notice given to Chardavoyne took the form of a letter from Mr. Huckin that was handed to Chardavoyne at that same meeting, in New Jersey. These are the operative facts in this case, and they all took place in New Jersey.

Aside from witnesses, any evidence in this case would likely be located in New Jersey. Plaintiff alleges that he was improperly terminated because, *inter alia*, the notice of termination came under the wrong letterhead and/or was delivered by officials of companies other than Thames Water Holdings. Any evidence regarding the authorization of particular persons to provide notice of termination, or the significance (if any) of the name on the letterhead of the notice, would come from documentary materials from Defendants. Those materials will not be found in Connecticut; they are most likely to be found in Defendants' New Jersey office.

16

In terms of witnesses, Defendants may end up offering testimony from Thames Water personnel to resolve the aforementioned issues of Mr. Huckin's authority to notify Plaintiff of his termination, on Thames Water Americas letterhead. Those witnesses would be located in New Jersey. In addition, the key witnesses to this case are Plaintiff, Mr. Huckin, and Mr. McGivern. While Plaintiff resides in Connecticut, two of the three most significant witnesses work for Defendants in New Jersey. *See Adams v. Time Warner*, 83 F.Supp.2d 296, 298 (D.Conn. 1999) (residence of one significant witness in California does not overcome residence of the other two significant witnesses in Connecticut).

Defendants do not believe at this time that compulsory process would be required for any witnesses in this matter. As to the convenience of the parties, the inconvenience of conducting this matter in Connecticut or New Jersey is not substantial to either party, relative to other cases in which the two districts are further apart. Nonetheless, the greater inconvenience lies with Defendants, who will likely be offering more of the key witnesses, more witnesses overall, and more of the documentary or other evidence. Especially with regard to the lost time of their employees, it will be more inconvenient for Defendants to litigate in Connecticut than for Plaintiff to litigate in New Jersey.

As to application of governing law, this is a diversity case in which Plaintiff has pled one count under Connecticut statute, and in which the employment agreement in question is governed by Pennsylvania law. Federal district courts are well-versed in handling diversity cases where the state law of other states is applied. *See Cavanaugh*,

17

83 F.Supp.2d at 288. Therefore, this factor does not appear to favor one side or the other. Similarly, issues of trial efficiency do not seem to be at play here.

Nor do the relative financial means of the parties favor either side. While Defendants are entities with greater means than Plaintiff, Plaintiff is not a person of meager means. Chardavoyne was employed by Thames Water Holdings and compensated generously, from January of 1999 until his termination in May of 2002. Moreover, in accordance with the notice provisions of his employment agreement, Chardavoyne continued to be compensated by Thames Water Holdings for another twelve months, through May of 2003. The costs of litigating this matter in New Jersey rather than Connecticut will not be significantly different for Plaintiff. Accordingly, this factor does not weigh against transfer.

Finally, there do not appear to be any other particular interests of justice, other than those described above. The most powerful factor in deciding whether to transfer is the convenience of the witnesses. *Cavanaugh*, 83 F.Supp.2d at 287 (citing *United States Surgical Corp. v. Imagyn Med. Technologies*, 25 F.Supp.2d 40, 46 (D.Conn. 1998)). That factor strongly weighs in favor of transfer in this case. In light of this and the other factors, this Court should order the transfer of this action.

## CONCLUSION

Although Plaintiff alleges that venue for this action is proper in Connecticut because Thames Water Holdings and Thames Water North America "have maintained an office in Stamford" in the past, his case for venue is left wanting. Thames Water Holdings does not reside in Connecticut, as this Court lacks personal jurisdiction over it. The events from which Plaintiff's claim arises did not occur here. The action could be

brought in the District of New Jersey. For these reasons, the Court should grant

Defendant's motion and dismiss the Amended Complaint for improper venue.

Alternatively, should the Court rule that venue is proper, the Court should exercise its

discretion to transfer this matter to the District of New Jersey pursuant to 28 U.S.C. §

1404(a).


Respectfully submitted,


Jonathan B. Orleans (ct 05440)

ZELDES, NEEDLE & COOPER, P.C
1000 Lafayette Boulevard
P.O. Box 1740
Bridgeport, CT 06601-1740
Tel: (203) 333-9441
Fax: (203) 333-1489
e-mail: jorleans@znclaw.com

Attorneys for Defendants
Thames Water Holding Incorporated
Thames Water North America Inc.

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent via U.S. First Class

Mail, postage prepaid, on this date, to:

> James R. Hawkins II, Esq.
> Finn, Dixon & Herling LLP
> One Landmark Sq., Suite 1400
> Stamford, CT 06901-2689

Dated at Bridgeport, Connecticut on this 16th day of January, 2004.

Jonathan B. Orleans