UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE, | : |
| | : |
| Plaintiff, | : |
| | : No. 03-CV-56 (WWE) |
| V. | : |
| | : |
| THAMES WATER HOLDINGS | : |
| INCORPORATED, THAMES WATER | : |
| NORTH AMERICA INC., | : |
| | : |
| Defendants. | : April 1, 2004 |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS OR TRANSFER

### Introduction

The defendants, Thames Water Holdings Incorporated ("Thames Water Holdings") and Thames Water North America Inc. ("Thames Water North America") (collectively "Defendants") submit this reply memorandum in support of their motion to dismiss the Amended Complaint filed by the plaintiff, David E. Chardavoyne ("Chardavoyne" or "Plaintiff"), or in the alternative to transfer this matter to the District of New Jersey.  Plaintiff's attempt to gloss over the issue of which facts are operative, and the relevant time frame involved, should be rejected.  Defendants have not waived any personal jurisdiction argument in the context of their venue motion.  Venue is not proper in this district, which is not where the contract was executed, where Plaintiff performed at the relevant time, or where Plaintiff's employment was terminated.  In the alternative, even if venue is found to be proper this action should be transferred.

**Discussion**

I. **CHARDAVOYNE'S FACTUAL ASSERTIONS ARE INACCURATE AND IRRELEVANT.**

In his Memorandum Of Law In Opposition To Defendants' Motion To Dismiss Or Transfer ("Opposition"), Plaintiff repeatedly relies on several factual assertions to support his position that Defendants have transacted business and continue to transact business in Connecticut. These assertions are summarized in list form at pages 3-5 thereof. Rather than repeat their answers throughout the memorandum, Defendants respond to these assertions as follows:

    1.    The employment agreement at issue in this case was not made in Connecticut; Plaintiff concedes that he executed the contract outside of Connecticut. Opposition at 12. Neither the Opposition nor the first Affidavit of David E. Chardavoyne, dated April 21, 2003 ("First Chardavoyne Aff.") provides a factual underpinning for Chardavoyne's suggestion that Thames Water "approached" Chardavoyne in Connecticut. The parties did not substantially negotiate this agreement in Connecticut; the first interviews and most of the recruiting process took place in New York City. Affidavit of James McGivern dated March 29, 2004 ("Second McGivern Aff."), attached hereto at Exhibit B, ¶ 5.[1]

    2.    To state that Thames Water Holdings "assigned" Plaintiff to work in Stamford is disingenuous. Thames Water Holdings permitted Plaintiff to work there as an accommodation to him, although at that time Thames Water Holdings had no other operations or interests in Connecticut. Second McGivern Aff. ¶ 6.

    3.    Chardavoyne makes as much as he can out of the purported business of Defendants in Stamford, including the mundane aspects of having an office in Stamford such as having telephones, fax machines, a bank account, and taxes to pay. Plaintiff fails to acknowledge that Thames Water Holdings' Stamford office was closed in December of 2001. Affidavit of Ari D. Levine dated March 10, 2003 ("First Levine Aff."), Exhibit A to Defendant's Motion To Dismiss Plaintiff's Complaint For Lack Of Personal Jurisdiction And Improper Venue ("First Motion To Dismiss"), ¶ 5; Affidavit of A. Matthew Huckin ("Huckin Aff."), Exhibit B to First Motion To Dismiss, ¶ 4. Any work by Thames Water Holdings ceased at that time. First Levine Aff. ¶ 6. From January 1, 2002 until Chardavoyne was relieved of his duties on May 29, 2002, Chardavoyne's office was located in Voorhees, New Jersey. Huckin Aff. ¶¶ 3-4.

---

[1] The affidavit of James McGivern referred to in Defendants' Initial Memorandum at 4 n. 1 is attached hereto at Exhibit A ("First McGivern Aff.").

2

      4.     Plaintiff also points to purported business conducted in Connecticut by Defendants, including the "attempted" acquisitions of Aquarion Corp. and Citizens Utilities Company. Opposition at 3, ¶¶ e-f. Plaintiff's "attempts" to obtain business do not amount to any substantial business activity being conducted by Defendants. Moreover, most if not all of the substantive work relating to these two attempted acquisitions occurred outside of Connecticut: meetings with Aquarion Corp. took place in New York City and London, and meetings with Citizens Utilities Company took place in New York City and Martha's Vineyard, Massachusetts. Second McGivern Aff. ¶¶ 7-8.

      5.     The business of entities other than Defendants is their business, not that of Defendants. Plaintiff continues to emphasize the conduct of business by other entities, but cites no authority for the proposition that their work may be imputed to Defendants. Plaintiff does not allege that any other entities are merely alter egos for Defendants, or that Defendants control the activities of the other entities mentioned. In particular, Plaintiff is wrong in alleging that Defendants are subsidiaries of Thames Water Plc. As of January 6, 2003, Defendants became owned by RWE A.G. ("RWE"), through certain intermediate subsidiaries of RWE. Second McGivern Aff. ¶ 10. Thames Water Holdings does not "do business through" E'Town Corporation (Opposition at 4 ¶ m). E'Town has its own management and board of directors distinct from Thames Water Holdings, which owns E'Town's stock. *Id.* ¶ 12. E'Town does no business of its own; it owns Applied Water Management, which operates facilities in Connecticut, and which also has its own management and board of directors. *Id.* E'Town Corporation is not an alter ego of Thames Water Holdings, and Applied Water Management is not an alter ego of E'Town Corporation. Affidavit of Ari D. Levine dated May 5, 2003 ("Second Levine Aff."), Exhibit A to Defendant's Reply Memorandum In Support Of Initial Motion To Dismiss, ¶ 5. Thames Water Holdings does not have "Connecticut-related business," as suggested by Chardavoyne. Opposition at 4 ¶ n. Neither Thames Water Holdings nor Thames Water North America, Inc. currently conduct business in Connecticut. Second McGivern Aff. ¶ 9; First Levine Aff. ¶ 6. American Water Services, Inc. is a subsidiary of American Water Works Company, Inc., which is owned by the same parent company as Thames Water Holdings. Second McGivern Aff. ¶ 13. Each of these companies has its own management and board of directors. *Id.* American Water Services, Inc. is not a "successor entity in interest" to purported Connecticut-related activities by Defendants; this company has one operation in Connecticut, which was developed independently. *Id.*

      6.     The allegation that "Plaintiff continues to work for Defendants from his Trumbull, Connecticut home office" (Opposition at 5 ¶ p) is patently false. Chardavoyne contends that notice of his termination was improper, but there can be no dispute that he does not continue to work for Defendants. Chardavoyne has not worked for Defendants since May 29, 2002, when he was given notice of his termination and placed on garden leave. Second McGivern Aff. ¶ 11; First Levine Aff. ¶ 7.

      7.     For Plaintiff to cite the registration of a vehicle in Connecticut as an example of business transacted here is bold. As Plaintiff well knows, Thames Water Holdings has been forced to continue to register and pay taxes in Connecticut for a

company vehicle that Chardavoyne has refused to relinquish, despite repeated demands for its return.  Second McGivern Aff. ¶ 14.  Plaintiff cannot legitimately base his allegation of contacts with Connecticut upon his conversion of Defendants' property.

## II. DEFENDANTS HAVE NOT CONCEDED PERSONAL JURISDICTION OVER THAMES WATER HOLDINGS, FOR THE PURPOSES OF CONTENDING THAT VENUE IS IMPROPER IN THIS DISTRICT.

Defendants recognized, in their initial brief, that proper venue under 28 U.S.C. § 1391(a)(1) hinged on whether all defendants "reside" in Connecticut, and that a corporate defendant resides "in any judicial district in which it is subject to personal jurisdiction *at the time the action is commenced.*"  28 U.S.C. § 1391(c) (emphasis added), *quoted in* Defendants' Memorandum Of Law In Support Of Its Motion To Dismiss Or Transfer ("Initial Memorandum") at 5.  Defendants thus contend that at the time this action was commenced, Thames Water Holdings was not subject to personal jurisdiction.  Initial Memorandum at 5-13.

Chardavoyne points out that while Thames Water Holdings sought dismissal of the original Complaint for lack of personal jurisdiction, it did not renew this request separately in the Motion To Dismiss Or Transfer.  Opposition at 8-9.  Defendants chose not to do so because the Amended Complaint added Thames Water North America as a defendant; Defendants do not contest personal jurisdiction over Thames Water North America.  Thus, even if Defendants prevailed on a Rule 12(b)(2) motion as to Thames Water Holdings, this action could not be dismissed because Thames Water North America would remain, and as a result Defendants would likely face two separate actions by Chardavoyne, rather than one.  In any event, Defendants have been consistent in their position that this Court lacks personal jurisdiction over Thames Water Holdings.

4

Rule 12 of the Federal Rules of Civil Procedure nowhere requires a foreign corporate defendant to challenge personal jurisdiction independently, if it is also challenging venue.  Plaintiff quotes Rule 12(g) (Opposition at 8), but that provision only says that a party bringing a Rule 12 motion "shall not thereafter *make a motion* based on" a Rule 12 defense not included in the first motion.  Fed. R. Civ. P. 12(g) (emphasis added).  It is true that Thames Water Holdings, having filed its Rule 12 motion, may not now *move to dismiss* for lack of personal jurisdiction.  Fed. R. Civ. P. 12(h).  The rule does not bar Defendants, however, from contesting personal jurisdiction over Thames Water Holdings in the context of their venue argument.

This very situation was addressed by the D.C. District Court in *DSMC, Inc. v. Convera Corp.*, 273 F.Supp.2d 14 (D.D.C. 2002).  The plaintiff in *DSMC* offered the same argument raised by Plaintiff here:  that a defendant may not contest its residence under Section 1391(a)(1), where it has not also moved to dismiss for lack of personal jurisdiction.  *Id.* at 19.  The court disagreed, holding that although the defendant had foregone a separate personal jurisdiction defense, "this Court does not have venue simply by virtue of this waiver and must make a separate inquiry into whether personal jurisdiction exists."  *Id.*  The language of 28 U.S.C. § 1391(c), the court held, "requires an independent inquiry into whether personal jurisdiction was appropriate at the time the plaintiff filed the lawsuit," for purposes of venue analysis.  *Id.*

Contrary to Plaintiff's suggestion (Opposition at 9), the District Court in *Divicino v. Polaris Industries*, 129 F.Supp.2d 425 (D.Conn. 2001), did not address Plaintiff's concept of "procedural waiver."  In *Divicino,* the defendant seller moved to dismiss both for lack of personal jurisdiction and for improper venue.  *Id.* at 428.  The District Court

5

therefore undertook the personal jurisdiction analysis first and denied the Rule 12(b)(2) motion, *id.* at 428-35, then disposed of the venue motion by pointing to its earlier finding of personal jurisdiction. *Id.* at 435 (citing 28 U.S.C. § 1391(c)). At no point did the court address whether an improper venue motion had been waived for failure to contest personal jurisdiction separately. *Indymac Mortgage Holdings, Inc. v. Reyad*, 167 F.Supp.2d 222 (D.Conn. 2001) (*see* Opposition at 10), is no more analogous to this case. *See id.* at 234 (objection to personal jurisdiction waived where motion filed over a month after filing of Rule 12(b)(6) and 12(b)(3) motions).

By contrast, in this case Defendants have brought their first Rule 12 motion (an earlier motion having been rendered moot when Plaintiff filed its Amended Complaint). Thames Water Holdings did not file the instant motion and then seek dismissal for lack of personal jurisdiction; in the instant motion Thames Water Holdings argues that venue is improper because, *inter alia*, personal jurisdiction is lacking. The court must be able to conduct an independent inquiry into whether a defendant was subject to personal jurisdiction at the time the action was commenced, as Section 1391(c) prescribes. To require Defendants also to challenge personal jurisdiction separately would be overly formalistic and would invite needless litigation.

### III. PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER THAMES WATER HOLDINGS, WHICH WOULD ALLOW FOR PROPER VENUE UNDER 28 U.S.C. § 1391(a)1).

With respect to the long-arm statute, Chardavoyne does not rebut Connecticut courts' interpretation of Conn. Gen. Stat. § 33-929(e), to require that a defendant be transacting business in the state at the time of the litigation. *See* Initial Memorandum at 7. Chardavoyne attempts to show that Thames Water Holdings presently conducts

business in Connecticut, by imputing to it the acts of others.  Opposition at 17-18.  As previously discussed in Section I, *supra*, the conduct of other entities (such as E'Town Corporation) or persons (such as Ronald E. Walsh, who according to Chardavoyne worked for RWE) cannot be so imputed.  Moreover, Plaintiff's suggestion that Thames Water Holdings conducts business here because he "continues to be employed" by Thames Water Holdings (Opposition at 18) is ludicrous, as is the notion that Thames Water Holdings conducts business here by registering a car that Plaintiff refuses to relinquish (Opposition at 18).  *See* Section I ¶¶ 6-7, *supra*.

To say that this cause of action arises out of the conduct of business in Connecticut is similarly misguided.  Plaintiff cannot satisfy this provision of Section 33-929(e) by pointing to his earlier work in Stamford (Opposition at 18-19).  He was hired outside of Connecticut.  Section I ¶ 1, *supra*.  Chardavoyne's own affidavit reflects that there was an office and some attempts at transactions, but little of substance taking place in Connecticut.  Regardless, as of 2002 Chardavoyne and Thames Water Holdings maintained their offices in New Jersey.  Most importantly, the cause of action arises out of Plaintiff's termination, which Plaintiff alleges was not properly made.  All of the relevant acts took place in New Jersey, not Connecticut.

The argument for jurisdiction under Conn. Gen. Stat. § 33-929(f) fares no better.  The contract in question was not one to be performed in Connecticut.  The place of performance with respect to all operative facts was New Jersey.  Unlike *Federowicz v. Zenith Labs., Inc.*, No. B-90-588 (WWE), 1991 WL 218565 (D. Conn. Jul. 15, 1991), there were no accounts in Connecticut for Plaintiff to take over, and the "transactions" referred to by Chardavoyne were attempted deals, never culminating in the conduct of

7

business. Section I ¶ 4, *supra*. Unlike *Haas v. Small*, No. H-89-194 (JAC), 1990 WL 129202 (D. Conn. Sept. 6, 1990), the recruitment and hiring of Plaintiff took place outside of Connecticut. Section I ¶ 1, *supra*. Plaintiff cannot base jurisdiction on performance taking place in Connecticut. *See Guthrie v. Ciba-Geigy, Ltd.*, 620 F.Supp. 91, 93 n. 2 (D. Conn. 1984).

Even if the long-arm statutory requirements were met, the constitutional due process criteria cannot be satisfied. First, the cases cited by Plaintiff exhibit contacts with Connecticut that far exceed any present in this case. Unlike the defendants in *Federowicz* and *Clemco Corp., Inc. v. Frantz Manu. Co.*, 609 F. Supp. 56 (D.Conn. 1985), Thames Water Holdings did not have accounts or any business in Connecticut. Second, any contacts with Connecticut had ceased, and there was no purposeful availment, "when the agreement was allegedly breached." *Clemco Corp.*, 609 F. Supp. at 58.

With respect to the reasonableness prong of the constitutional test, Connecticut was not the "locus of the negotiation and execution" of the agreement in this case (Opposition at 23). *See* Section I ¶ 1, *supra*. As previously discussed, there were not "extensive business transactions" in Connecticut (Opposition at 23). *See* Section I ¶ 4, *supra*. New Jersey may be 19 miles from Connecticut but Voorhees, where Defendants are located, is hardly 19 miles from Bridgeport. New Jersey has an interest in resolving this dispute, which arose there, while Connecticut does not.

IV. **NEITHER A SUBSTANTIAL PART OF THE EVENTS OR THE OMISSIONS GIVING RISE TO PLAINTIFF'S CLAIMS TOOK PLACE IN CONNECTICUT, AS IS NECESSARY TO OBTAIN VENUE UNDER 28 U.S.C. § 1391(a)(2).**

None of the factors to be reviewed in contract cases warrant a conclusion that "a substantial part of the events or omissions *giving rise to the claim* occurred" in this district. 28 U.S.C. § 1391(a)(2) (emphasis added). Defendants recruited Chardavoyne in New York, and Chardavoyne executed the contract in Texas. Section I ¶ 1, *supra*; Opposition at 12. Chardavoyne maintained an office in Stamford only until the end of 2001, well before the events giving rise to his claim, and during that period he only attempted to accomplish some business in Connecticut. Section I ¶¶ 3-4, *supra*. To allege that Plaintiff worked only "27 days" in 2002 in New Jersey (Opposition at 13) is misleading. Chardavoyne does not dispute that for the nearly five months preceding his termination, Chardavoyne worked out of a Voorhees, New Jersey office, no matter how often he actually went there. Any purported performance in Connecticut is far from a substantial part of the events or omissions giving rise to this claim.

The alleged breach of the agreement revolves around the May 29, 2002 meeting in Voorhees, in which Defendants terminated Plaintiff's employment. To characterize the breach, or Plaintiff's harm, as constituting the absence of pay from arriving at his home in Connecticut (Opposition at 13-14) ignores this reality. Moreover, even the alleged omission to pay or provide benefits to Mr. Chardavoyne takes place in New Jersey, as the institution of either action would occur at Defendants' office. Plaintiff cannot claim that Connecticut, or wherever else he may choose to reside, is the location of the alleged breach and harm.

**V.     THE PERTINENT FACTORS FAVOR TRANSFER OF VENUE.**

The affidavits of Defendants' two main witnesses, A. Matthew Huckin and James McGivern, provide the factual assertions necessary to support Defendants' motion. Mr. Huckin's affidavit provides his employment position, his job responsibilities in 2002, and it recounts his meeting with Mr. McGivern and Plaintiff, to provide Plaintiff with notice of his termination. Huckin Aff. ¶¶ 1-2, 6. Mr. McGivern's affidavit covers similar territory. First McGivern Aff. ¶¶ 2-4. The testimony of these principal witnesses will cover similar ground, as the two main issues in this case are the notice of Plaintiff's termination, and the authority of these individuals to deliver such notice. Both witnesses keep their offices in New Jersey (Huckin Aff. ¶ 3, McGivern Aff. ¶ 5), and that forum would be more convenient for them.

In light of these two witnesses, their location, and the demands of their work schedule, the District of New Jersey is the more convenient forum. The demands on Plaintiff are not so severe; he was more than adequately compensated, apparently enough so that he can spend time in his home office alleging that he "continues to work for Defendants." Opposition at 5 ¶ p. The expense of litigating in New Jersey is not a concern, nor is the time, since Plaintiff's schedule appears to be far more forgiving than those of the other principal witnesses. Plaintiff cannot attribute to Defendants the contacts of other entities with Connecticut, and he ignores his own significant contact with New Jersey, given that his office was located there as of 2002. Plaintiff's allegations as to some hyper-technical defect in the notice of his termination are baseless, and the interests of justice therefore warrant transfer to a forum more convenient for Defendants. All of the operative facts at issue in this action took place in

New Jersey, not Connecticut. Finally, Plaintiff's employment agreement provides that the law of Pennsylvania, not Connecticut, will apply, and during the period of alleged wrongdoing Plaintiff was a New Jersey employee. Therefore, any statutory claim for unpaid wages must be brought pursuant to Pennsylvania or New Jersey law. In light of all of these factors, this Court should order the transfer of this action.

## Conclusion

Defendants respectfully request that this Court grant Defendants' motion and dismiss the Amended Complaint for improper venue. Alternatively, should the Court rule that venue is proper, the Court should exercise its discretion to transfer this matter to the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

Respectfully submitted,

_____
Jonathan B. Orleans (ct 05440)
Joel H. Thompson (ct 24654)

    ZELDES, NEEDLE & COOPER, P.C
    1000 Lafayette Boulevard
    P.O. Box 1740
    Bridgeport, CT 06601-1740
    Tel: (203) 333-9441
    Fax: (203) 333-1489
    e-mail: jorleans@znclaw.com

Attorneys for Defendants
Thames Water Holding Incorporated
Thames Water North America Inc.