UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | No. 03-CV-56 (WWE) |
| V. | : | |
| | : | |
| THAMES WATER HOLDINGS INCORPORATED and THAMES WATER NORTH AMERICA, INC., | : : : | |
| | : | |
| Defendants. | : | April 22, 2004 |

**RESPONSE TO PLAINTIFF'S SURREPLY TO DEFENDANTS'
MOTION TO DISMISS OR TRANSFER**

Defendants Thames Water Holdings Incorporated and Thames Water North America, Inc. hereby briefly respond to Plaintiff's Surreply To Defendants' Motion To Dismiss Or Transfer ("Surreply"). Plaintiff filed a Motion For Leave To File Surreply To Defendants' Motion To Dismiss And For Expedited Discovery Prior To The Court's Consideration Of Defendants' Motion To Dismiss ("Motion For Leave") on April 14, 2004. The next day, April 15, 2004, the Court granted the Motion For Leave by endorsement and docketed the Surreply. Defendants had planned to file an opposition to the Motion For Leave, but in light of the Court's April 15 order, Defendants instead file this brief response to the Surreply.

The Surreply offers no new material information. Plaintiff's only new factual allegations concern a November 2000 meeting of Thames Water North America's Board of Directors. This meeting took place well before the Stamford office closed, and Plaintiff's office moved to Voorhees, New Jersey. The cause of action arose at the New Jersey office in May 2002, eighteen months after the Board meeting. Thus, the

allegations shed no new light on the issues in the case.  Plaintiff points out that Mr. McGivern apparently became a Board member in November of 2000, rather than February of 2001, but this fact is immaterial to the Court's analysis of the pending motion.

The Surreply contains no new legal arguments.  Plaintiff simply rehashes his previous positions.  The two new citations concerning the purported waiver of personal jurisdiction are unavailing.  In *Chavis v. A-1 Limousine*, No. 95 CIV. 9560(LAP), 1998 WL 78290 (S.D.N.Y. Feb. 24, 1998), both defendants expressly conceded personal jurisdiction in their motion to dismiss.  *Id.* at *3.  The defendant in *Bridgeport Machines, Inc. v. Alamo Iron Works, Inc.*, 76 F. Supp. 2d 214, 216 (D.Conn. 1999), did not challenge personal jurisdiction either.  By contrast, Thames Water Holdings Incorporated has consistently denied that this Court has personal jurisdiction over it.

Expedited discovery is not necessary for the disposition of the pending motion.  Defendants understand the Court's endorsement order to have granted Plaintiff leave to file the Surreply, but not to have called for discovery or deferral of the Court's decision on this motion.  If the Plaintiff contends otherwise, Defendants request that this Court clarify its order to deny Plaintiff's alternative request for expedited discovery.

2

The Surreply contains no new arguments and no new material allegations. Accordingly, Defendants respectfully request that this Court grant their Motion To Dismiss Or Transfer.

Respectfully submitted,

_____
Jonathan B. Orleans (ct05440)
Joel H. Thompson (ct24654)

Zeldes, Needle & Cooper, P.C.
1000 Lafayette Blvd., Suite 500
Bridgeport, CT 06604
Tel: (203) 333-9441
Fax: (203) 333-1489
e-mail: jorleans@znclaw.com
jthompson@znclaw.com

Attorneys for Defendants

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via U.S. First Class Mail, postage prepaid, on this date, to:

> James R. Hawkins II, Esq.
> Finn, Dixon & Herling LLP
> One Landmark Sq., Suite 1400
> Stamford, CT 06901-2689

Dated at Bridgeport, Connecticut on this 22nd day of April, 2004.

_____
Joel H. Thompson