UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THAMES WATER HOLDINGS )<br>INCORPORATED, THAMES WATER )<br>NORTH AMERICA INC., )<br>)<br>Defendants. ) | CASE NUMBER:<br>03 CV 56 (WWE)<br><br><br><br><br><br><br><br>September 7, 2004 |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26(e) for the District of Connecticut, a conference was held on September 3, 2004. The participants were James R. Hawkins II of Finn Dixon & Herling LLP, One Landmark Square, Stamford, Connecticut 06901, for plaintiff David E. Chardavoyne ("Plaintiff") and Jonathan B. Orleans, of Zeldes, Needles & Cooper, P.C., 1000 Lafayette Boulevard, Suite 500, Bridgeport, CT 06604, for defendants Thames Water Holdings Incorporated and Thames Water North America Inc.. ("Defendants").

**I.    CERTIFICATION**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

- 1 -

{000828:30; 1; 1103-2}

## II. JURISDICTION

### A. Subject Matter Jurisdiction

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

### B. Personal Jurisdiction

Defendants' Motion to Dismiss or Transfer on the basis of improper venue is pending before the court. Thames Water Holdings contends, as part of the pending motion, that it is not subject to personal jurisdiction here. Plaintiff contends that both jurisdiction and venue are proper in this Court.

## III. BRIEF DESCRIPTION OF THE CASE

### A. Claims of the Plaintiff

This is an action for damages and declaratory judgment arising out of a breach of a written employment agreement between plaintiff and defendant Thames Water Holdings.

In summary, the employment agreement required that if plaintiff's employment was to be terminated without cause it could only by done by Thames Water Holdings, giving not less than twelve months written notice. On or about May 29, 2002 plaintiff was handed a letter not from his employer, by someone who was not an officer, director or employee of his employer which stated that plaintiff was terminated "with immediate effect." With this letter plaintiff was handed a proposed separation agreement. Although plaintiff promptly notified Thames Water Holdings that this letter did not comply with the agreement, Thames Water Holdings did not thereafter deliver a notice of termination in conformity with its agreement with plaintiff.

Defendants ceased to pay Mr. Chardavoyne effective June 6, 2003.

This is an action for double damages for unpaid wages, for payment of all other compensation and benefits due under the employment agreement and attorneys fees. The action also seeks a declaratory judgment.

B.  **Defenses and Counterclaims of the Defendant**

Except for their motion to dismiss or transfer, as of this time, defendants have not formally asserted their defenses. However, defendants contend that the letter of May 29, 2002, delivered to Mr. Chardavoyne by authorized representatives of his employer, constituted the notice of termination required by his employment agreement, and that Mr. Chardavoyne has received everything to which he was entitled under the agreement.

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts not in dispute. The parties state that the following material facts are undisputed:

1.  Plaintiff David E. Chardavoyne (hereinafter "Chardavoyne") was at all relevant times a citizen and resident of the State of Connecticut.

2.  Defendant Thames Water Holdings Incorporated is a corporation organized and existing under the laws of the State of Delaware with its principal place of business not in Connecticut.

3.  Thames Water North America Inc. ("Thames Water North America") is a Delaware corporation with its principal place of business in New Jersey. Thames Water North America is an operating subsidiary of Thames Water Holdings. Thames Water North America is authorized to do business in Connecticut.

4. Defendants are subsidiaries of Thames Water Plc which was until November 2000 a publicly held company engaged primarily in the water products and services businesses in the United Kingdom, with operations and other businesses in 44 countries worldwide. Thames Water Plc is now a subsidiary of RWE AG. RWE AG is a publicly held company organized and existing under the laws of the Federal Republic of Germany, with corporate headquarters in Essen, Germany.

5. On or about January 15, 1999, defendant Thames Water Holdings and Mr. Chardavoyne entered into a written employment agreement (the "Agreement"), a copy of which is attached to the Amended Complaint.

6. On or about May 29, 2002, James McGivern, Managing Director, Thames Water Americas, and Matthew Huckin, Human Resources Director of Thames Water Americas, met with Mr. Chardavoyne. At that meeting Matthew Huckin gave Mr. Chardavoyne an envelope containing a letter (the "Letter") and a draft agreement.

7. Mr. Chardavoyne notified Thames Water Holdings that the draft agreement was not acceptable in the form handed to him.

8. Mr. Chardavoyne has advised Thames Water Holdings of his contention that the Letter is not a notice of termination under Section 11.1 of the Agreement, and has stated the reasons therefor.

9. Thames Water has taken the position that the Letter was notice of termination under Section 11.1 of the Agreement.

10. Defendants have not paid Mr. Chardavoyne wages after June 6, 2003.

11. On May 29, 2003, Defendants terminated payment of all of Mr. Chardavoyne's employee benefits.

12. There is a genuine legal dispute between the parties as to whether the Letter is a notice of termination pursuant to Section 11.1 of the Agreement.

13. This is an action in which plaintiff seeks double damages for unpaid wages, payment of all other compensation and benefits due under a written agreement, attorneys fees and for declaratory judgment pursuant to 28 U.S.C. §2201 to determine rights and obligations under a written agreement.

V. **CASE MANAGEMENT PLAN**

A. **Scheduling Conference with the Court**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Federal Rule of Civil Procedure 16(b).

B. **Early Settlement Conference**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The parties have had an early settlement conference with the assistance of the Magistrate Judge.

3. The parties do not request a referral for alternative dispute resolution pursuant to Local Civil Rule 16 of the District of Connecticut.

### C. Joinder of Parties and Amendment of Pleadings

1. Plaintiff should be allowed until September 15, 2004 to file motions to amend the pleadings.

2. Defendant should be allowed until September 30, 2004 to file a response to any amended complaint.

### D. Discovery

1. The parties anticipate that discovery will be needed on the following subjects: the contractual relationship between Plaintiff and Defendant; performance of the contract between the parties; the facts and circumstances surrounding the alleged termination of plaintiff's employment; damages alleged to be incurred by both parties.

2. Plaintiff contends that all discovery, including depositions of expert witnesses pursuant to Federal Rule of Civil Procedure 26(b)(4), should be commenced by September 1, 2004 and completed (not propounded) by February 1, 2005.

Defendants contend that it is inappropriate to require them to engage in discovery until their pending motion to dismiss or transfer is decided by the court. As a compromise, defendants propose that written discovery (interrogatories, requests for production, and requests for admissions) may commence September 1, 2004, but that depositions not commence unless the motion is denied.

3. While plaintiff does not think discovery should be conducted in phases, he does plan to first request production of documents and thereafter will take depositions of defendants' employees. Defendants contend that written discovery should proceed as a first phase, and that depositions should constitute a second phase of discovery.

4. Plaintiff contends that discovery should be completed by February 1, 2005.

Defendants contend that discovery should be completed by 6 months after the decision on the motion to dismiss or transfer, if that motion is denied.

5. The parties anticipate that Plaintiff will require up to a total of 8 depositions of fact witnesses and that Defendants will require a total of up to 4 depositions of additional fact witnesses. Plaintiff contends that the depositions should commence by October 15, 2004 and be completed by February 1, 2005. Defendants contend that depositions should commence immediately after the decision on the motion to dismiss or transfer, if that motion is denied, and be completed 6 months thereafter.

6. The parties do not at this time request permission to serve more than 25 interrogatories.

7. Plaintiff reserves its rights with respect to calling expert witnesses at trial.

8. Defendants reserves their rights with respect to calling expert witnesses at trial.

9. A damage analysis will be provided by the plaintiff by December 10, 2004. If their motion to dismiss or transfer is denied, defendants will provide a damage analysis with respect to any counterclaims within 60 days after the decision.

E. **Dispositive Motions**

Dispositive motions will be filed within 60 days after the completion of discovery.

F. **Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed (i) within 90 days after the completion of discovery if a dispositive motion is not before the Court, or (ii) if applicable, thirty (30) days following the Court's decision on a dispositive motion.

**VI.** **TRIAL READINESS**

The case will be ready for trial by 60 days after the filing of the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF
DAVID E. CHARDAVOYNE

By: _____
James R. Hawkins, II (ct00128)
Finn Dixon & Herling LLP
One Landmark Square
Suite 1400
Stamford, CT 06901-2689
Telephone: (203) 325-5000
Facsimile: (203) 348-5777
E-mail: jhawkins@fdh.com

DEFENDANTS THAMES WATER HOLDINGS INC., and THAMES WATER NORTH AMERICA INC.

By: _____
Jonathan B. Orleans (ct05440)
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Suite 500
Bridgeport, CT 06604
Telephone: (203) 333-9441
Facsimile: (203) 333-1489
E-mail: jorleans@znclaw.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent via U.S. First Class Mail, postage prepaid, on this date, to:

> James R. Hawkins II, Esq.
> Finn, Dixon & Herling LLP
> One Landmark Sq., Suite 1400
> Stamford, CT 06901-2689

Dated at Bridgeport, Connecticut on this 9th day of September, 2004.

_____
Jonathan B. Orleans