UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID E. CHARDAVOYNE :

v. : CIV. NO. 3:03CV56 (WWE)

THAMES WATER HOLDINGS INC., :
THAMES WATER NORTH AMERICA, :
INC. :

2004 SEP 27 P 2: 09

## RECOMMENDED RULING ON DEFENDANTS' MOTION TO DISMISS OR TRANSFER

Defendants Thames Water Holdings Inc. and Thames Water North America Inc. ("defendants") move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue. Alternatively, defendants seek to transfer this action to the District of New Jersey, pursuant to 28 U.S.C. §1404(a). Plaintiff opposes the motion.[1]

For the reasons that follow, defendants' Motion to Dismiss or Transfer **[Doc. #24]** is **DENIED.**[2]

---

[1]Plaintiff brings this diversity action in a three count complaint challenging his discharge from employment. He seeks, among other things, unpaid wages, benefits, other compensation and declaratory judgment to determine rights and obligations under a written agreement. [Amend. Compl. [Doc. #13].

[2]The Court considered the following documents: Defendants' Motion to Dismiss or Transfer [Doc. #24], Memorandum of Law in Support [Doc. #25], Affidavit of Ari D. Levine dated March 10, 2003 [Doc. #7, Ex. A], Affidavit of A. Matthew Huckin [Doc. #7, Ex. B], business card of David E. Chardavoyne [Doc. #7, Ex. C], Affidavit of David E. Chardavoyne dated April 21, 2003 [Doc. #10], Affidavit of Ari D. Levine dated May 5, 2003 [Doc. #12], plaintiff's Memorandum of Law in Opposition [Doc. #32], Supplemental Affidavit of David E. Chardavoyne [Doc. #33], Defendants' Reply [Doc. #39], Affidavit of James McGivern dated March 29, 2004 [Doc. #40], plaintiff's Surreply [Doc. #44], and defendants' Response to Plaintiff's Surreply [Doc. #45].

Waiver

Plaintiff first argues that venue is conclusively proper in this district because defendants conceded personal jurisdiction. Federal Rule of Civil Procedure 12(g), entitled "Consolidation of Defenses in Motion", provides that

> A party who makes a motion under this rule
> may join with it any other motions herein
> provided for and then available to the party.
> If a party makes a motion under this rule but
> omits therefrom any defense or objection then
> available to the party which this rule
> permits to be raised by motion, the party
> shall not thereafter make a motion based on
> the defense or objection so omitted, . . .

Rule 12(h)(1)(A) confirms that a failure to assert "[a] defense of lack of jurisdiction over the person . . . is waived . . . if omitted from a motion in the circumstances described in subdivision (g)."  (emphasis added).

Defendants move to dismiss the Amended Complaint for improper venue under Fed. R. Civ. P. 12(b)(3). Alternatively, they seek transfer pursuant to 28 U.S.C. §1404(a). [Doc. ##24, 25].  Plaintiff correctly states that "[n]owhere in this Rule 12 motion do Defendants assert that they move to dismiss pursuant to 12(b)(2), 'lack of jurisdiction over the person.'" Fed. R. Civ. P. 12(b)(2). Defendants clearly state in their motion to dismiss that they move "pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue," and in their memorandum of law they move "pursuant to Federal Rule of Civil Procedure 12(b)(3), because venue is improper in this district." [Doc. #24 at 1; Doc. #25 at 1].

On March 26, 2003, defendant Thames Water Holdings filed a
"Motion to Dismiss Plaintiff's Complaint for Lack of Personal
Jurisdiction and Improper Venue." [Doc. #7].  In its supporting
memorandum, defendant sought "dismissal of Chardavoyne's claims
because this Court lacks personal jurisdiction over Defendant,
and because venue [was] improper in this district." [Doc. #8 at
1].  Thames Water Holdings based that "motion to dismiss on
Federal Rule of Civil Procedure 12(b)(2) and (3) and 28 U.S.C.
§1391(a) and (c), arguing that, "Venue is not proper in this
judicial district because Thames Water does not reside in
Connecticut, the Court lacks personal jurisdiction over Thames
Water, and the events giving rise to plaintiff's claim occurred
elsewhere." [Doc. #8 at 4 (emphasis added)].  With agreement of
the parties, that motion to dismiss the complaint was denied as
moot in light of plaintiff's filing of the Amended Complaint.
[Doc. #21].  The merits of the motion were never considered by the
Court. Thus, under Fed. R. Civ. P. 12(g), defendants were
required to join all of their arguments for dismissal when filing
a motion to dismiss the Amended Complaint.

In the Amended Complaint, plaintiff added defendant Thames
Water North America. In the motion now pending before the Court,
defendants omitted their previously asserted objection under Rule
12(b)(2) for lack of personal jurisdiction as to the defendant
Thames Water Holdings. Rather, they argue improper venue under
Rule 12(b)(3), stating that, "[e]ven if one assumes that Thames
Water North America "resides" in this district based on its

registration to do business, venue is not proper under 28 U.S.C. § 1391(a)(1) unless the other Defendant, Thames Water Holdings, resides in the same State."  By failing to raise the personal jurisdiction argument here, defendants have waived any further defense to lack of personal jurisdiction. A "defendant must consolidate any available Rule 12(b) defenses in one pre-answer motion. See Fed. R. Civ. P. 12(g). 'If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense so omitted . . . .'" Indymac Mortgage Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 232 (D. Conn. 2001) (quoting Fed. R. Civ. P. 12(g)); 2 James Wm. Moore, Moore's Federal Practice §12.31[3] (3d ed. 2003) ("A defendant must object to the court's exercise of personal jurisdiction in the first Rule 12 motion or in the responsive pleading or be deemed to have waived the issue, unlike challenges to subject matter jurisdiction, which a defendant may, and the court must, raise at any time.").

Accordingly, defendants' lack of personal jurisdiction argument was conclusively waived pursuant Fed. R. Civ. P. 12(b),(g), and (h).

Plaintiff next argues that once "jurisdiction is proper over a foreign corporation, venue is automatically proper as well." [Doc. #32 at 9]. In Divicino v. Polaris Industries, the Court explained,

> 28 U.S.C. § 1391(c) states that, for venue
> purposes, a defendant that is a corporation

4

> shall be deemed to reside in any judicial
> district in which it is subject to personal
> jurisdiction at the time the action is
> commenced. See  28 U.S.C. §1391(c).
> Essentially section 1391(c) equates
> jurisdiction with venue for corporate
> defendants. Therefore, if the Court concludes
> that both defendants are subject to
> jurisdiction in this district, then they both
> "reside" here (within the meaning of section
> 1391(c)) and, therefore, venue is proper here
> [under 28 U.S.C. §1391(a)(1)].

129 F. Supp. 2d 425, 435 (D. Conn. 2001) (citations and quotation marks omitted).  Accordingly, the Court concludes that defendants have waived their defense of personal jurisdiction and, pursuant to 28 U.S.C. §1391(c), they are deemed to reside here for venue purposes. Defendants' motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) is DENIED.

Transfer

Alternatively, defendants move to transfer this action to the District of New Jersey, pursuant to 28 U.S.C. §1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

"It is well settled that 'motions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis.'" Bridgeport Machines, Inc. v. Alamo Iron Works, Inc., 76 F. Supp. 2d 214, 216 (D. Conn. 1999) (quoting In re Cuyahoga Equipment Corp., 980 F.2d 110, 117 (1992)). "The burden to

5

transfer venue under Section 1404(a) is on the moving party . . . to demonstrate by clear and convincing showing that transfer should be made." Id. (citing Van Ommeren Bulk Shipping, B.V. v. Tagship, 821 F. Supp. 848 (D. Conn.1993) (denying motion to transfer finding transfer would merely transfer the inconvenience from defendant to plaintiff and therefore not necessary to disturb plaintiff's choice of forum)).

"The inquiry on a motion to transfer is two-fold. The court must first determine whether the action sought to be transferred is one that might have been brought in the transferee court. Second, the court must determine whether, considering the convenience of the parties and witnesses and the interest of justice, a transfer is appropriate." Indymac Mort. Holdings, Inc., 167 F. Supp. 2d at 239 (citations omitted).

As to the first inquiry, it appears that this action may have been brought in the District of New Jersey, as Thames River Holdings maintains its principal place of business in Voorhees, New Jersey. [Doc. #7, Ex. B].

In determining whether transfer is appropriate the following factors are considered relevant: "(1) convenience of the parties; (2) convenience of material witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease to sources of proof; (5) the availability of process to compel appearance of unwilling witnesses to testify at trial; (6) the weight afforded the plaintiff's choice of forum; (7) calendar congestion; (8) desirability of having the case tried by the

forum familiar with the substantive law to be applied; (9)
practical difficulties; and (10) the Court should also consider
how best to serve the interests of justice, based on an
assessment of the totality of the material circumstances."
Indymac Mort. Holdings, Inc., 167 F. Supp. 2d at 239-40 (multiple
citations omitted).  "Unless the balance is strongly in favor of
the defendant, the plaintiff's choice of forum should rarely be
disturbed." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

    Here, the relevant factors tip the balance in favor of
plaintiff's choice of forum, Connecticut.  "First, [plaintiff]
chose to bring this action in Connecticut, and that choice is
given substantial weight."  Indymac Mort. Holdings, Inc., 167 F.
Supp. 2d at 240 (citation omitted). Further, the defendants'
corporate office in Voorhees, New Jersey is approximately 150
miles from the District Court in Bridgeport, Connecticut where
Judge Eginton sits.  See http://www.mapquest.com.  This is not an
unreasonable distance for defendants to travel to defend this
action.  Plaintiff reminds the Court that he has relatively
limited means, compared to the defendants, due to his unemployed
status. He also points to the desirability of bringing an action
under Connecticut law in that state.

    On the other hand, defendants argue that the contract is
governed by Pennsylvania law. Both parties bring documents and
witnesses from New Jersey and Connecticut. Similarly, both
parties argue that the operative facts took place in Connecticut,
New Jersey and elsewhere. Defendants have not presented "clear

7

and convincing evidence that private and public interest factors favor trial" in New Jersey. <u>Cavanaugh v. Bluebeard's Castle, Inc.</u>, 83 F. Supp. 2d 284, 287 (D. Conn. 1999). After careful consideration, the Court rules in favor of plaintiff and declines to transfer this action to New Jersey.

CONCLUSION

    For the reasons stated, defendants' Motion to Dismiss or Transfer **[Doc. #24]** is **DENIED**.

    Any objections to this recommended ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order. Failure to object within ten (10) days may preclude appellate review. <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 2 of the Local Rules for United States Magistrates; <u>Small v. Secretary of H.H.S.</u>, 892 F.2d 15 (2d Cir. 1989)(per curiam); <u>F.D.I.C. v. Hillcrest Assoc.</u>, 66 F.3d 566, 569 (2d Cir. 1995).

    Dated at Bridgeport, this 22nd day of September 2004.


_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE