UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE | ) | |
| | ) | CASE NUMBER: |
| Plaintiff, | ) | 3:03CV56 (WWE) |
| | ) | |
| vs. | ) | |
| | ) | |
| THAMES WATER HOLDINGS | ) | |
| INCORPORATED, THAMES WATER | ) | |
| NORTH AMERICA INC., | ) | |
| | ) | |
| Defendants. | ) | December 13, 2004 |

**PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES
TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff David E. Chardavoyne ("Chardavoyne"), by his attorneys Finn Dixon & Herling

LLP, as and for his Reply and Affirmative Defenses to the Counterclaims (the "Counterclaims")

contained in the Answer, Affirmative Defenses, and Counterclaims of Defendants Thames Water

Holdings Incorporated ("Thames Holdings") and Thames Water North America, Inc. ("Thames

North America") (hereinafter referred to collectively as "Defendants"), dated November 22,

2004, hereby replies as follows:

1.      Admits the allegations contained in Paragraph 1 of the Counterclaims.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Counterclaims, except admits that Thames Holdings

is a Delaware corporation.

3.      Admits the allegations contained in Paragraph 3 of the Counterclaims.

4.      Admits the allegations contained in Paragraph 4 of the Counterclaims.

5.      Denies the allegations contained in Paragraph 5 of the Counterclaims and

respectfully refers the Court to the Agreement for its true and complete terms.

6.      Denies the allegations contained in Paragraph 6 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

7.      Denies the allegations contained in Paragraph 7 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

8.      Admits the allegations contained in Paragraph 8 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

9.      Denies the allegations contained in Paragraph 9 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

10.     Denies the allegations contained in Paragraph 10 of the Counterclaims.

11.     Denies the allegations contained in Paragraph 11 of the Counterclaims.

12.     Denies the allegations contained in Paragraph 12 of the Counterclaims.

13.     Denies the allegations contained in Paragraph 13 of the Counterclaims.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaims, except admits that Chardavoyne was provided with a 2002 Lincoln LS sedan, vehicle identification number 1LNHM87A62Y672200, which is registered to Miller Auto Leasing Co. (the "Car"), during his employment by Defendants.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaims.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaims.

17.     Denies the allegations contained in Paragraph 17 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

{00101305; 2; 1103-2}

18.     Denies the allegations contained in Paragraph 18 of the Counterclaims, except admits that Chardavoyne was in possession of the Car during the period May 29, 2002 to May 29, 2003.

19.     Denies the allegations contained in Paragraph 19 of the Counterclaims.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Counterclaims and respectfully refers the Court to the letter from Jonathan Orleans to James Hawkins dated May 28, 2003, for its true and complete terms.

21.     Denies the allegations contained in Paragraph 21 of the Counterclaims.

22.     Denies the allegations contained in Paragraph 22 of the Counterclaims.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Counterclaims.

24.     Repeats and realleges its replies to Paragraphs 1 through 23 of the Counterclaims as if fully stated herein.

25.     Denies the allegations contained in Paragraph 25 of the Counterclaims.

26.     Repeats and realleges its replies to Paragraphs 1 through 23 of the Counterclaims as if fully stated herein.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Counterclaims, except admits that Chardavoyne has used the Car provided to him under the Agreement during the time of his employment by Defendants, and respectfully refers the Court to the Agreement for its true and complete terms.

28.     Denies the allegations contained in Paragraph 28 of the Counterclaims.

29.     Denies the allegations contained in Paragraph 29 of the Counterclaims.

{00101305; 2; 1103-2}

## PLAINTIFF'S AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

The First and Second Counterclaims fail to state a claim against Chardavoyne upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendants granted license to Chardavoyne to use the Car pursuant to the Agreement during his employment and Defendants have not terminated that employment in accordance with the terms of the Agreement.

### THIRD AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendants' Counterclaims are barred by the doctrine of unclean hands because of Defendants' bad faith misconduct, breach of the Agreement and failure to comply with the Agreement.

### FOURTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Chardavoyne tendered his resignation by letter to Defendants on December 10, 2004, and has tendered the return of the Car to the defendants.

{00101305; 2; 1103-2}

WHEREFORE, Plaintiff David E. Chardavoyne respectfully requests that the Court dismiss the Counterclaims, including the First and Second Counterclaims, of Defendants Thames Water Holdings Incorporated and Thames Water North America, Inc. and award Plaintiff all reasonable costs and attorneys fees incurred by him in his defense against such Counterclaims, and any such further relief as the Court deems just and proper.

PLAINTIFF DAVID E. CHARDAVOYNE

By: _____
    James R. Hawkins, II (ct00128)
    William M. Tong (ct25304)
    Finn Dixon & Herling LLP
    One Landmark Square, Suite 1400
    Stamford, CT 06901-2689
    Telephone: (203) 325-5000
    Facsimile: (203) 348-5777
    E-mail: jhawkins@fdh.com

{00101305; 2; 1103-2}

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States Mail, first class, postage-prepaid to the following this 13th day of December, 2004:

Jonathan B. Orleans, Esq.
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Suite 500
Bridgeport, CT  06604

William M. Tong

{00101305; 2; 1103-2}