UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE, | ) | CASE NUMBER: |
| Plaintiff, | ) | 3:03CV56 (WWE) |
| vs. | ) | |
| THAMES WATER HOLDINGS INCORPORATED, THAMES WATER NORTH AMERICA INC., | ) | |
| Defendants. | ) | April 27, 2006 |

### AFFIDAVIT OF PLAINTIFF DAVID E. CHARDAVOYNE

STATE OF TEXAS      )
                    )  ss.: San Antonio
COUNTY OF BEXAR     )

DAVID E. CHARDAVOYNE, being duly sworn, hereby deposes and says:

1. I am the plaintiff in this action and submit this affidavit in connection with my opposition to defendants' Thames Water Holdings Incorporated ("Thames Holdings") and Thames Water North America, Inc. ("Thames North America" and collectively "Defendants") motion for summary judgment dated December 16, 2005. I am over the age of eighteen (18) and understand the nature and obligations of an oath.

2. From in or about April 1988 through December 31, 2004, I was a resident of the state of Connecticut living in Trumbull, Connecticut. Prior to that time, from in or about June 1976, I lived in Fairfield, Connecticut.

3. My date of birth is March 12, 1948.

4. I was recruited by William Alexander ("Alexander"), Chief Executive of Defendants' parent company, Thames Water Plc ("Thames Plc"), to run Defendants' water and wastewater businesses in North America.

{00211849; 1; 1103-2}

5. I entered into an Employment Agreement dated January 15, 1999 with Thames Holdings (the "Employment Agreement"), also signed by Mr. Alexander.

6. From February 15, 1999 and thereafter, I was assigned to work in the offices of Thames Holdings and Thames North America at 281 Tresser Boulevard, Stamford, Connecticut 06901, pursuant to the Employment Agreement.

7. I was duly elected president and a director of Thames Holdings, a Delaware corporation. I was also elected president and a director of Thames North America, a Delaware corporation.

8. I continued to be employed pursuant to the Employment Agreement and served in my capacity as president and director until my resignation on December 10, 2004.

9. I was never removed as an officer or director of either defendant prior to my resignation on December 10, 2004, nor was I ever advised of any meeting of Defendants' boards of directors or advised of any shareholder action.

10. I was paid wages and salary by Thames North America.

11. On May 29, 2002, James McGivern and Matthew Huckin, who represented themselves as the Managing Director of Thames Water Americas, and the Human Resources Director of Thames Water Americas, respectively, unexpectedly requested to meet with me.

12. At that meeting, Matthew Huckin gave me a letter (the "May 29 Letter") and an envelope containing a draft agreement (the "Draft Separation Agreement").

13. I was not paid wages for my employment with Defendants after June 6, 2003.

14. My employee benefits to which I was entitled, including without limitation dental and medical insurance, were not paid in connection with my employment with Defendants after June 30, 2003.

2

{00211849; 1; 1103-2}

15. I have neither been paid for nor have I received stock granted to me pursuant to an award notice dated March 27, 2002 attached to a letter from Mr. Alexander dated March 28, 2002.

16. I was informed that my ability to pay for dental and medical benefits pursuant to COBRA would end in early December 2004 which was then changed to a deadline of December 31, 2004. I did not agree with such information because, among other things, I remained an employee of Defendants with a right to paid benefits, including dental and medical, under the Employment Agreement at least until I resigned.

17. I did not receive payment pursuant to Defendants' Non-Qualified Deferred Compensation plan until being paid the amount of $153,433.24 on or about December 30, 2003. Upon information and belief, Defendants paid other recipients under this plan well before paying me, delaying my payment unreasonably and without reason.

18. In or about March 2004, I requested that Defendants furnish a revised W-2 form because it incorrectly underreported income. Despite repeated requests, Defendants never provided me with an accurate federal income tax W-2 form for 2003 and refused to communicate directly with me to resolve the discrepancies.

19. After the May 29, 2002 meeting, I retained my company car as was my right under the Employment Agreement. Sometime thereafter, Defendants renewed the registration while the vehicle was still in my possession, which means that Defendants also renewed insurance on the car.

[Remainder of the page intentionally left blank]

*David E. Chardavoyne*
David E. Chardavoyne

Subscribed and sworn to before
me this 27th day of April, 2006

*Evelyn L. Pitman*
Notary Public

My Commission Expires:
3-01-2008

EVELYN L. PITMAN
Notary Public
STATE OF TEXAS
My Comm. Exp. 03-01-08

{00211893; 1; 1103-2}

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States Mail, first class, postage-prepaid to the following this 28th day April, 2006:

Stephen B. Fogerty, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, Connecticut  06880

Ralph W. Johnson, III, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut  06103

William M. Tong