UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE : | CASE NO. 3:03CV 56 (WWE) |
| : | |
| Plaintiff, : | |
| v. : | |
| : | |
| THAMES WATER HOLDINGS : | |
| INCORPORATED, and THAMES WATER : | |
| NORTH AMERICA, Inc., : | |
| : | |
| Defendants. | |

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This action arises out of plaintiff's alleged termination of employment from Thames Water Holdings, Inc. Plaintiff David Chardavoyne alleges that defendants Thames Water Holdings Inc. ("TWH") and Thames Water North America ("TWNA") are liable for breach of contract, breach of covenant of good faith and fair dealing, failure to pay wages pursuant to Conn. Gen. Stats. §31-72, failure to pay benefits pursuant to Conn. Gen. Stats. § §31-72 and 31-76K, and for conversion of stock allegedly owed to plaintiff.

    On or about January 15, 1999, TWH and plaintiff entered into a written Employment Agreement ("Agreement") which provides that defendant shall employ plaintiff and he shall serve as its President with all attendant responsibilities, duties and authorities until, in accordance with Section 12.3 of the Agreement, "[t]he employment of the Executive shall terminate automatically on his reaching 65 years of age." Plaintiff was also elected President and Director of Thames Water North America. Salary payments under the Agreement were made, at certain times, by and through TWNA.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catreet, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

Defendant moves for summary judgment on all claims: breach of a contract, breach of covenant of good faith and fair dealing, failure to pay wages pursuant to C.G.S. § 31-72, failure to pay benefits pursuant to C.G.S. § § 31-72 and 31-76k. The parties do not dispute the fact that the Agreement is governed by Pennsylvania law.

Under Pennsylvania law, "[w]hen a written contract is clear and unequivocal, its meaning must be determined by its contents alone. It speaks for itself and a meaning cannot be given to it other than that expressed." Steuart v. McChesney, 498 Pa. 45, 444 A.2d 659, 661 (1982) (citation omitted). It is for the court, as a matter of law, to determine whether ambiguity exists in a contract. Hutchison v. Sunbeam Coal Corp., 513 Pa 192, 519 A.2d 385, 390 (1986). "Ambiguity" is defined as having two or more possible meanings. Brokers Title Co., v. St. Paul Fire & Marine Ins. Co., 610 F.2d 1174, 1178 (3d Cir. 1979). A contract term or provision may properly be deemed ambiguous if reasonable minds can differ as to its meaning. O'Brien Energy Systems, Inc. V. American Employers' Ins. Co., 629 A2d 957, 960 (Pa.Super. 1993). If an agreement is unambiguous, the court can declare its meaning as a matter of law; if an agreement is ambiguous, its meaning is a question of

fact.  In Re Montgomery Ward & Co., 428 F.3d 154, 161 (3d Cir. 2005).  Under Pennsylvania law, whether a party has made a good-faith effort to fulfill its obligations under a contract is a question of fact.  Huang v. BP Amoco Corp, 271 F.3d 560, 565 (3d Cir. 2001).

Here, there exists a genuine issue of material fact, since the parties dispute whether prior to plaintiff's alleged termination,  James McGivern or Matthew Huckin, individually or collectively, were authorized by either the Agreement or the defendants' bylaws to terminate plaintiff's employment or give notice of termination.  The dispute over the terms and interpretation of the Agreement which forms the basis for this Complaint represents a question of fact for a jury to consider.

The Court will deny defendants' motion for summary judgment, since the resolution of all of plaintiff's claims hinges on the fact finder's determination of the meaning of the relevant terms of the Agreement.

## **CONCLUSION**

For the foregoing reasons, defendants' motion for summary judgment [Doc. # 85] is DENIED.

_____/s/_____
WARREN W. EGINTON, SENIOR U.S. DISTRICT JUDGE

Dated this __12_ day of July 2006 in Bridgeport, Connecticut.