IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE<br>Plaintiff, | : <br> : <br> : <br> : | CIVIL ACTION NO.<br>3:03-CV-56 (WWE) |
| VS. | : <br> : | |
| THAMES WATER HOLDINGS<br>INCORPORATED, THAMES WATER<br>NORTH AMERICA, INC.<br>Defendants. | : <br> : <br> : <br> : | AUGUST 18, 2006 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION

Stephen P. Fogerty, Esq.
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson, III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No.: (860) 522-6103
Fax No.: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

*Counsel for the Defendants,*
*Thames Water Holdings, Incorporated and*
*Thames Water North America, Inc.*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 2

    I.    PROCEDURAL HISTORY AND THE JULY 13 RULING ................................................................................. 2

    II.   THE PLAINTIFF'S CLAIMS AND THE DEFENDANTS' SUMMARY JUDGMENT MOTION .................................................. 3

STANDARD OF REVIEW ...................................................................................................... 4

ARGUMENT ......................................................................................................................... 4

    I.    ALL CLAIMS AGAINST TWNA FAIL AS A MATTER OF LAW BECAUSE IT WAS NOT PARTY TO THE EMPLOYMENT AGREEMENT ................................................ 4

    II.   THE WRITTEN NOTICE REQUIREMENT UNDER THE EMPLOYMENT AGREEMENT WAS SATISFIED AS A MATTER OF LAW ......................................................... 6

    III.  THE PLAINTIFF'S LACK OF NOTICE CLAIM FAILS UNDER THE GOVERNING CASE LAW ......................................... 8

    IV.  THE PLAINTIFF'S CLAIM REGARDING THE 872 SHARES OF RWE AG STOCK CANNOT BE ASSERTED AGAINST EITHER TWH OR TWNA AS A MATTER OF LAW ......................................................................... 10

    V.   THE PLAINTIFF'S MISCELLANEOUS CONTRACT CLAIMS ARE WITHOUT MERIT ....................................... 10

    VI.  THE COURT SHOULD ENTER SUMMARY JUDGMENT ON THE BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM ....................................... 12

    VII. THE COURT SHOULD ENTER SUMMARY JUDGMENT ON THE CLAIMS UNDER THE CONNECTICUT WAGE ACT ........................................................................ 13

i

VIII.   THE COURT SHOULD ENTER SUMMARY
        JUDGMENT ON THE CONVERSION CLAIM ............................ 14

IX.     THE PLAINTIFF'S CLAIMS ARE BARRED BY
        EXPRESS AND IMPLIED RATIFICATION ............................ 15

CONCLUSION ............................................................. 16

## PRELIMINARY STATEMENT

The defendants, Thomas Water Holdings Incorporated ("TWH") and Thames Water North America, Inc. ("TWNA"), submit this memorandum of law in support of their motion for reconsideration. The defendants also incorporate by reference their December 16, 2005 memorandum of law and the exhibits submitted with it. Specifically, the defendants seek reconsideration of the Court's July 13, 2006 Ruling denying their motion for summary judgment. For the reasons set forth below and in the defendants' December 16 memorandum, the Court should grant the defendants' motion.

The Court's July 13 Ruling did not address several of the arguments raised by the defendants' motion for summary judgment and which were directed to the various claims and counts in the Second Amended Complaint. Contrary to the ruling, the Court's conclusion that there is a question of fact regarding the authority for the termination of the plaintiff is not dispositive of the defendants' other arguments. Those other arguments should be resolved in the defendants' favor as a matter of law.

As the case currently stands, the July 13 Ruling has left significant legal issues to be resolved shortly before or in the midst of a jury trial. The Court should address the legal issues raised by the defendants' motion for summary judgment and at a minimum, establish the framework for the trial of this case. Accordingly, as the July 13 Ruling overlooked significant legal issues, reconsideration is both appropriate and necessary for the orderly conducting of any trial.

## BACKGROUND

### I.    PROCEDURAL HISTORY AND THE JULY 13 RULING

On July 7, 2006, the Court granted the defendants' motion for extension of time to file their reply brief in support of their motion for summary judgment. The Court set August 10 as the due date for the reply brief. Nevertheless, on July 13, the Court entered a ruling denying the defendants' motion for summary judgment.

By the July 13 Ruling, the Court concluded as follows:

> Here, there exists a genuine issue of material fact, since the parties dispute whether prior to plaintiff's alleged termination, James McGivern or Matthew Huckin, individually or collectively, were authorized by either the Agreement or the defendants' bylaws to terminate plaintiff's employment or given notice of termination. The dispute over the terms and interpretation of the Agreement which forms the basis for this complaint represents a question of fact for a jury to consider.

> The court will deny defendants' motion for summary judgment, since the resolution of all of plaintiff's claims hinges on the fact finder's determination of the meaning of the relevant terms of the Agreement.

(7/13/06 Ruling, at 3)

Contemporaneously with the filing of this motion for reconsideration, the defendants are also filing a motion to amend their Answer, Affirmative Defenses and Counterclaims. By the proposed amended pleading, the defendants seek to: (1) deny the allegations in paragraphs 55 through 57 of the Second Amended Complaint relating to the conversion claim, which, by a scrivener's error, were not previously responded to; (2) formally add preemption under ERISA, as a fifth affirmative defense; and (3) formally add express and implied ratification, as a sixth affirmative defense.

2

## II.    THE PLAINTIFF'S CLAIMS AND THE DEFENDANTS' SUMMARY JUDGMENT MOTION

The Second Amended Complaint contains five counts. In the first count, the plaintiff alleges that the defendants breached an Employment Agreement. In sum, the plaintiff bases his breach of contract claim on: (1) an alleged failure of the defendants to provide written notice under paragraph 11.1(a) of the Employment Agreement; (2) the defendant's alleged failure to pay him 872 shares of RWE AG stock pursuant to an Award Notice, dated March 27, 2002, under the Thames Water/RWE Long Term Incentive Plan; and (3) miscellaneous complaints, based on alleged conduct by the defendants after a May 29, 2002 meeting.

By the second count, the plaintiff asserts a claim for breach of the implied covenant of good faith and fair dealing. In the third count, the plaintiff alleges a violation of the Connecticut Wage Act, Conn. Gen. Stat. § 31-72. He seeks double his wages for the period between June 6, 2003 and December 2004. By the fourth count, the plaintiff asserts a claim for violation of the Connecticut Wage Act, Conn. Gen. Stat. §§ 31-72 and 31-76k. He claims that the defendants owe and have not paid him fringe and employee benefits for his services after June 30, 2003, including dental and medical insurance. By the fifth count, the plaintiff asserts a claim for conversion. Specifically, he maintains that the defendants deprived him of the 872 shares of RWE AG and stock that were referred to in the first count.

The defendants' motion for summary judgment addressed all of Chardavoyne's claims and demonstrated that judgment as a matter of law should be entered in favor of the defendants. As demonstrated below, contrary to the July 13 Ruling, not all of the defendants' arguments were dependent on the issue of authority.

3

## STANDARD OF REVIEW

The reconsideration of a ruling is appropriate when there is an intervening change in the controlling law, new evidence, or the need to correct a clear error of law or to prevent a manifest injustice. United Technologies Corp. v. American Home Assur. Co., 237 F.Supp.2d 168, 170-71 (D. Conn. 2001); Rubin v. Hirschfeld, 2001 WL 34152407, at *1 (D. Conn. Nov. 8, 2001). It is also appropriate where the court has overlooked case law or other matters. See United States v. All Assets of Blue Chip Coffee, Inc., 882 F.Supp. 45, 46 (E.D.N.Y. 1995).

Within the last year, judges within the District of Connecticut have not hesitated to grant motions for reconsideration and enter summary judgment where they overlooked case law or where they misapplied the standard of review under Rule 56. See Santiago v. City of Hartford, 2005 WL 2234505 (D. Conn. Sept. 12, 2005)(Garfinkel, J.); Doe II v. City of Hartford, 2005 WL 2009051 (D. Conn. Aug. 22, 2005)(Nevas, J.).

In the instant case, the standard of review must be adjusted to factor in the fact that the defendants were not allowed to file a reply brief prior to the Court's entering the July 13 Ruling. Accordingly, arguments that respond to the plaintiff's opposition to the summary judgment motion should be considered.

## ARGUMENT

### I.     ALL CLAIMS AGAINST TWNA FAIL AS A MATTER OF LAW BECAUSE IT WAS NOT PARTY TO THE EMPLOYMENT AGREEMENT

The July 13 Ruling overlooks the fact that all of the plaintiff's claims against TWNA fail as a matter of law because it was not a party to the Employment Agreement at issue. In particular, this argument was set forth in detail at pages 15 through 16 of the defendants' December 16, 2005 memorandum of law.

4

The Employment Agreement expressly states that it was "between" TWH and David E. Chardavoyne. (Ex. 1, Employment Agreement, at 1; see id. (defining TWH as the "Company" under the Agreement))[1] The Employment Agreement was not between TWNA and Chardavoyne. It is a fundamental principle of contract law that if a defendant is not a party to a contract, it cannot, as a matter of law, be liable for a breach of that contract. See Electron Energy Corp. v. Short, 597 A.2d 175, 177 (Pa. Super. 1991), aff'd 618 A.2d 395 (Pa. 1993). Accordingly, TWNA is entitled to summary judgment on all of the claims asserted against it in the Second Amended Complaint.

By his opposition to the defendants' motion for summary judgment, Chardavoyne merely identified language within the Employment Agreement which indicated that companies related to TWH might receive benefits as a result of the agreement entered into between TWH and Chardavoyne.[2] These benefits would have been the result of obligations owed by Chardavoyne under the terms of the Employment Agreement. Thus, Chardavoyne's allegations notwithstanding, there is no language in the Employment Agreement which indicates that TWNA was a party to it or that TWNA owed any obligations to Chardavoyne. Moreover, TWNA was not one of the two signatories to the Employment Agreement.

Consequently, because the agreement is only "between" TWH and Chardavoyne, TWNA is not a party to it. Thus, as all of Chardavoyne's claims against TWNA are dependent on a contractual relationship between himself and TWNA, the Court must enter summary judgment in favor of TWNA on all of the claims asserted by Chardavoyne against it.

---

[1]/     Unless otherwise indicated, citations to exhibits are to the exhibits submitted in connection with the defendants' December 16 memorandum of law.

[2]/     Chardavoyne ignored or down played the impact of the section of the Employment Agreement that indicates that he would be required to provide services to companies related to TWH "without any further remuneration." (Employment Agreement, at 2, ¶ 2.5)

II.    **THE WRITTEN NOTICE REQUIREMENT UNDER THE EMPLOYMENT AGREEMENT WAS SATISFIED AS A MATTER OF LAW**

The July 13 Ruling overlooks the issue of the sufficiency of the notice under the Employment Agreement. Under Pennsylvania law, the interpretation of a contract is a question of law. Abbott v. Schnader, Harrison, Segal & Lewis, LLP, 805 A.2d 547, 553 (Pa. Super. 2002), appeal dismissed 827 A.2d 1200 (Pa. 2003). As set forth in detail in the defendants' December 16 memorandum of law at pages 16 through 19, the undisputed facts in this case demonstrate that as a matter of law, Chardavoyne received the requisite notice under paragraph 11.1(a) of the Employment Agreement.

Contrary to Chardavoyne's allegations, a review of the language in the May 29, 2002 letter and the proposed Separation Agreement that accompanied it reveals that the documents satisfied the "written notice" requirement under paragraph 11.1(a) of the Employment Agreement. As discussed in detail in the defendants' December 16, 2005 memorandum of law, the letter and agreement informed Chardavoyne that he was being given notice on May 29, 2002 that his job was being eliminated and that unless the Separation Agreement was entered into, the terms of the Employment Agreement would govern.

Chardavoyne's allegations notwithstanding, the letter does not state that he was terminated immediately, but rather states, that "with immediate effect your services are no longer required by the company." (Ex. 5; Second Am. Compl., Ex. B) Moreover, the content of the notice that Chardavoyne appears to argue should have been provided to him is not required under Paragraph 11.1(a). That paragraph only requires "written notice." Thus, any complaint about the express wording of the letter does not provide grounds for the breach of a contract claim.

Chardavoyne's claim of confusion notwithstanding, his version of the May 29 meeting and subsequent actions confirm that, as a matter of law, he received notice at the meeting and

6

through the materials he was provided. Specifically, during his deposition, Chardavoyne made numerous concessions that demonstrated that he received notice of the elimination of his employment at the May 29 meeting. For example, he testified that he was asked not to come into the office after May 29, 2002 and that he respected that request. (Ex. 7, Pl.'s Depo. Tr. at 30) He further testified that during the May 29 meeting, he inquired about obtaining a letter of recommendation from William Alexander and about out-placement assistance. (Pl.'s Depo. Tr. at 92, 98-100, 103-04; Ex. 8 (Pl.'s Notes)) He needed that letter in order to be able to get another job. (Pl.'s Depo. Tr. at 103-04) Chardavoyne further testified that he was aware that after May 29, 2002, the locks for his office in New Jersey were changed. (Id. at 108-09) Shortly after the May 29 meeting, he returned corporate credit cards and a corporate telephone card in response to a request from Matthew Huckin. (Id. at 115)

Moreover, the June 10 and July 3, 2003 letters from Attorney Gerald Richardson to Chardavoyne's attorney supplemented the May 29 letter and proposed Separation Agreement and leave no doubt that Chardavoyne received written notice that his employment had been eliminated and that he would only be receiving wages and benefits for twelve months thereafter. Consequently, TWH and TWNA are entitled to summary judgment on Chardavoyne's claim of breach of the notice provision and all of the related claims. See Desimone v. Coatesville Area Sch. Dist., 248 F. Supp. 2d 387, 393 (E.D.Pa. 2003)(granting summary judgment and concluding that written notice provision was satisfied).[3]

Thus, even if the Court concludes that there is a question of fact on the issue of authority, TWH and TWNA are entitled to summary judgment on Chardavoyne's claim that the notice

---

[3]/    In fact, a review of Chardavoyne's opposition to the summary judgment motion reveals that he did not challenge the defendants' analysis of the sufficiency of the notice provided. Rather, he claimed confusion and relied exclusively on a theory that his termination was not authorized.

provision was not satisfied. As demonstrated in the defendants' December 16 memorandum of law, the written notice provision was satisfied as a matter of law. Consequently, the issue should not be submitted to a jury. The submission of the issue to a jury would confuse matters and complicate the trial. Such a result would be inappropriate given that Chardavoyne's claim based on the written notice provision fails as a matter of law. See Fed. R. Civ. P. 56(c) ("judgment sought shall be rendered forthwith"); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (summary judgment "mandate[d]"). Accordingly, the Court should reconsider the July 13 Ruling and enter summary judgment in favor of TWH and TWNA on the breach of the notice provision claim.

## III. THE PLAINTIFF'S LACK OF NOTICE CLAIM FAILS UNDER THE GOVERNING CASE LAW

The July 13 Ruling overlooks the issue that even assuming for the sake of argument that the Court concludes that written notice was not fully satisfied, Chardavoyne's claim based on an alleged violation of the written notice provision fails under the case law and in particular, Pennsylvania law.

Specifically, at pages 19 through 28 of the December 16 memorandum of law, the defendants demonstrated that even assuming that Chardavoyne was correct in his claim that the written notice he received did not fully satisfy the terms of the Employment Agreement, he was not entitled to any damages and that summary judgment had to be entered in favor of TWH and TWNA. In sum, the case law analyzed in the defendants' December 16 memorandum recognizes that where an employee does not receive the requisite notice, he is entitled to no more than the wages and benefits he would have been entitled to during the notice period. It also recognizes that where an employee has been paid the wages and benefits due him during the notice period, an employer is entitled to summary judgment.

8

In the instant case, the notice period under the Employment Agreement was twelve months. It ended on May 29, 2003. It is undisputed that Chardavoyne received the wages and benefits he was due during the notice period. In fact, by this lawsuit, Chardavoyne only seeks damages for the wages after June 6, 2003 and benefits after June 30, 2003. (Second Am. Compl., Count III, ¶ 47, Count IV, ¶ 50) Thus, on reconsideration, the Court should enter summary judgment on Chardavoyne's breach of contract claim to the extent it is based upon a violation of the notice provision in the Employment Agreement.

In fact, Chardavoyne's opposition to the defendants' summary judgment motion did not challenge the defendants' analysis of the case law. Rather, he implied that Connecticut law was somehow different. As the Court recognized in the July 13 Ruling, Pennsylvania law governs the instant case. Moreover, a review of the decision cited by Chardavoyne, B. Finder Assocs. v. Coldform, Inc., 2005 WL 1331811 (Conn. Super. May 5, 2005), confirms that the holding in that case is consistent with the case law discussed in the defendants' December 16, 2005 memorandum.

In particular, although Chardavoyne accurately quoted a portion of the B. Finder decision, he failed to point out that the court in B. Finder granted the defendants' motion for summary judgment. Specifically, B. Finder recognized that although the contract in the case had a written notice provision, the oral and actual notice provided to the plaintiff was sufficient to satisfy the contract, as a matter of law. Id. at *2-3. Moreover, B. Finder concluded that even if the notice was not sufficient, summary judgment was appropriate because the plaintiff had received all that was due during the notice period. Id. Thus, the plaintiff had sustained no damages or only nominal damages. Id.

Consequently, in the case at bar, on reconsideration, the Court should enter summary judgment on Chardavoyne's breach of contract claim to the extent it is based upon an alleged violation of the notice provision in the Employment Agreement.

## IV.    THE PLAINTIFF'S CLAIM REGARDING THE 872 SHARES OF RWE AG STOCK CANNOT BE ASSERTED AGAINST EITHER TWH OR TWNA AS A MATTER OF LAW

The July 13 Ruling overlooked the fact that Chardavoyne's claim that TWH and TWNA are liable to him for the withholding of 872 shares of RWE AG stock is without merit, as a matter of law. As set forth at pages 28 through 29 of the defendants' December 16 memorandum, a review of the Award Notice for the 872 shares reveals that it was executed by and was from Thames Water Plc. (Ex. 15, 3/27/02 Award Notice) Thus, there is no basis for Chardavoyne to assert a claim under the Award Notice against either TWH or TWNA. Accordingly, on reconsideration, the Court should enter summary judgment in favor TWH and TWNA on this claim.

## V.    THE PLAINTIFF'S MISCELLANEOUS CONTRACT CLAIMS ARE WITHOUT MERIT

The July 13 Ruling failed to address or consider whether the defendants are entitled to summary judgment on Chardavoyne's miscellaneous breach of contract claims. Those claims were fully briefed at pages 29 through 35 of the defendants' December 16 memorandum of law. As the Court overlooked and did not consider these issues, reconsideration is appropriate. Moreover, as noted above, in addition to the defendants' having a right to the entry of summary judgment under Rule 56 and Celotex, 477 U.S. at 322-23, the submission of these multiple and confusing claims to the jury would be inappropriate. Submitting claims which fail as a matter of law to the jury is prejudicial to the defendants. They can only create confusion and artificially extend the trial.

10

As demonstrated in detail in the defendants' December 16 memorandum, the entry of summary judgment on the miscellaneous claims is appropriate because Chardavoyne has failed to identify what provisions of the Employment Agreement the alleged acts violated, that there was a material breach of any provisions of the agreement and that he was damaged as a result of any breach.

Moreover, with regard to the miscellaneous claims of breach of contract, in addition to failing to identify what provision of the Employment Agreement was violated, Chardavoyne fails to recognize that the majority, if not all, of the actions upon which he bases his breach of contract claim have nothing to do with his employment and/or occurred after the termination of his employment in May 2003. In fact, many of the actions occurred after his alleged resignation on December 10, 2004. Accordingly, since the July 13 Ruling did not address the defendants' arguments regarding the entry of judgment on Chardavoyne's miscellaneous claims, reconsideration is appropriate and necessary.

Finally, as set forth in detail at pages 34 through 35 of the defendants' December 16, 2005 memorandum of law, some of Chardavoyne's miscellaneous claims are preempted under the Employee Retirement Income Security Act of 1974 ("ERISA"). (See Pl.'s S.J. Oppo., Ex. 3 (Retirement Advantage Enrollment & Allocation Request Form, wherein Chardavoyne elects to participate in TWH's "NQDC Plan")) As the defendants' raised ERISA preemption as part of their summary judgment motion, the Court has the authority to consider the defendants' ERISA argument. Saks v. Franklin Covey Co., 316 F.3d 337, 350-51 (2d Cir. 2003)(court may consider ERISA preemption defense raised in summary judgment motion). See Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993)(affirmative defense may be raised for the first time in a motion for summary judgment); Sanders v. Dep't. of the Army, 981 F.2d 990, 991 (8th Cir. 1992) (per

11

curiam)(motion to dismiss provided notice of affirmative defense). The Court should exercise that authority as it would constitute a manifest injustice to allow a plaintiff to recover or a claim that fails as a matter of law. Cf. Carino v. Town of Deerfield, 750 F.Supp. 1156, 1162 n.9 (N.D.N.Y. 1990)(in the Second Circuit, *res judicata* is not waived even if not plead as affirmative defenses in answer), aff'd 940 F.2d 649 (2d Cir. 1991). This is particularly so where the issue has been briefed and the case has yet to proceed to trial. To the extent necessary, the defendants have also filed a motion to amend their answer and affirmative defenses, to assert ERISA preemption as an affirmative defense.

On reconsideration, the Court should enter judgment on Chardavoyne's claims that he was denied medical and dental insurance benefits and retirement benefits, as alleged in paragraphs 24, 34c of the Second Amended Complaint because those claims are preempted under ERISA.

## VI. THE COURT SHOULD ENTER SUMMARY JUDGMENT ON THE BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM

The July 13 Ruling did not address the defendants' request for summary judgment on the Second Count of the Second Amended Complaint. By that count, Chardavoyne alleged a breach of the implied covenant of good faith and fair dealing. The defendants' argument in support of summary judgment on this count was set forth in detail at pages 35 through 38 of their December 16 memorandum of law.

As the July 13 Ruling recognizes, this case is governed by Pennsylvania law. As demonstrated in the December 16 memorandum, Pennsylvania does not recognize a separate and distinct claim for breach of the implied covenant of good faith and fair dealing. Blue Mountain Mushroom Co., Inc. v. Monterey Mushroom, Inc., 246 F.Supp.2d 394, 400-01 (E.D.Pa. 2002); Raie v. City of Philadelphia, 2001 WL 884707, at *7 (E.D.Pa. July 31, 2001); Pym v. Einstein

<u>Practice Plan, Inc.</u>, 2004 WL 2439241, at *1 (Pa. Com. Pl. July 21, 2004). Rather, a claim arising from a breach of the covenant of good faith and fair dealing must be prosecuted as a breach of contract claim, as the covenant does nothing more than imply certain obligations into the contract itself.

Moreover, a breach of the implied covenant could not be maintained where the conduct at issue does not constitute a breach of the contract at issue. Thus, as demonstrated above, to the extent Chardavoyne's theories do not constitute a breach of the Employment Agreement, they cannot establish a breach of the implied covenant of good faith and fair dealing. This is particularly so with regard to Chardavoyne's miscellaneous breach of contract claims. Accordingly, on reconsideration, the Court should enter summary judgment in favor of the defendants on the Second Count.

## VII. THE COURT SHOULD ENTER SUMMARY JUGMENT ON THE CLAIMS UNDER THE CONNECTICUT WAGE ACT

The July 13 Ruling overlooked and did not address the defendants' argument that they were entitled to summary judgment on the Chardavoyne's claims in the Third and Fourth Counts. Those counts asserted claims under the Connecticut Wage Act. Accordingly, reconsideration is appropriate.

The defendants' arguments regarding the entry of summary judgment on the Connecticut Wage Act claims were set forth at pages 38 through 39 of the December 16 memorandum of law. In sum, the defendants argued that the undisputed evidence in the case confirmed that as of May 29, 2002, Chardavoyne was not working in Connecticut. For example, Chardavoyne testified at his deposition that his office was located in Voorhees, New Jersey. (Pl.'s Depo. Tr. at 56-57, 90) In particular, he testified that as of January 4, 2002, his office was relocated from Connecticut to

New Jersey. (Id.; see Ex. 18, Pl.'s Business Card) Thus, Chardavoyne's claim under the Connecticut Wage Act in Counts Three and Four must be dismissed.

Chardavoyne's opposition to the summary judgment motion does not change this result. Chardavoyne's opposition memorandum maintained, without citation to any evidence or deposition testimony, that he was working in Connecticut. Although Chardavoyne submitted an affidavit in opposition to the motion for summary judgment, he never recanted his deposition testimony that he was employed in New Jersey. Statements in a brief cannot create a question of fact in light of Chardavoyne's sworn deposition testimony. CNA Reinsurance of London Ltd. v. Home Ins. Co., 1990 WL 3231, at *13 (S.D.N.Y. Jan. 10, 1990). See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001)(factual allegations made in affidavit which contradicts prior deposition testimony will not defeat summary judgment). As the uncontradicted evidence confirms that Chardavoyne was employed in New Jersey as of January 4, 2002, he is not entitled to assert claims under the Connecticut Wage Act for wages and benefits allegedly due after June of 2003.

Accordingly, on reconsideration, the Court should enter summary judgment in favor of the defendants on Chardavoyne's claims under the Connecticut Wage Act contained in Counts Three and Four.

## VIII. THE COURT SHOULD ENTER SUMMARY JUDGMENT ON THE CONVERSION CLAIM

The July 13 Ruling did not address the defendants' arguments that they are entitled to summary judgment on Chardavoyne's conversion claim in Count Five. Thus, reconsideration is appropriate.

The defendants' arguments regarding the conversion claim are set forth at pages 39 through 40 of their December 16 memorandum of law. By his opposition, Chardavoyne relied

14

primarily on a scrivener's error in the defendants' Answer. Contemporaneously with the filing of this motion, the defendants had filed a motion to amend their answer to correct the omission in their Answer in connection with this conversion claim. Specifically, the defendants are denying the allegations in paragraphs 55 through 57 of the Second Amended Complaint.

As set forth in the December 16 memorandum, Chardavoyne's conversion claim is based on an alleged entitlement to 872 shares of RWE AG stock under a March 27, 2002 Award Notice. A review of that notice reveals that it was issued by Thames Water Plc. There is no evidence that either TWH or TWNA had control over the stock. Thus, neither TWH nor TWNA can be held liable for not awarding the stock. Moreover, Chardavoyne has not established that the stock was his property or that the withholding of the stock was unauthorized. As such, the conversion claim fails as a matter of law.

As demonstrated in the December 16 memorandum, summary judgment on the conversion claim is also appropriate because it is duplicative of Chardavoyne's breach of contract claim. Moreover, Chardavoyne's conversion claim is based on an alleged private relationship, which is set out in the Award Notice. Thus, it is a contract based claim and not a tort based claim. Accordingly, Chardavoyne's conversion claim fails as a matter of law and on reconsideration, the Court should enter summary judgment in favor of TWH and TWNA.

## IX. THE PLAINTIFF'S CLAIMS ARE BARRED BY EXPRESS AND IMPLIED RATIFICATION

As set forth at page 5 and 13 of the defendants' December 16 memorandum of law, Chardavoyne's termination and all the actions associated with carrying out that termination were authorized and have been ratified. The case law cited by Chardavoyne, in an effort to avoid the impact of ratification, is distinguishable. Thus, the defendants should receive judgment as a matter of law. In particular, the issues of authority and implied and express ratification should be

15

resolved in favor of the defendants as a matter of law. Accordingly, the defendants maintain that the Court erred in concluding that a question of fact existed. However, the defendants will address these issues again in the context of a trial memorandum and a Rule 50(a) motion.

## CONCLUSION

For the reasons set forth above, the Court should grant the defendants' motion for reconsideration.

Respectfully submitted,

**THE DEFENDANTS**
**THAMES WATER HOLDINGS,**
**INCORPORATED and THAMES**
**WATER NORTH AMERICA, INC.**


By: _____
Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West,
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson, III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Their Attorneys

16

## CERTIFICATION

This is to certify that on this 18th day of August, 2006, a copy of the foregoing was caused to be mailed, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT  06901-2689

_____
Ralph W. Johnson, III

850303_1 DOC

17