IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE <br> Plaintiff, | : CIVIL ACTION NO. <br> : 3:03-CV-56 (WWE) |
| VS. | : |
| THAMES WATER HOLDINGS <br> INCORPORATED, THAMES WATER <br> NORTH AMERICA, INC. <br> Defendants. | : <br> : <br> : AUGUST 18, 2006 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Stephen P. Fogerty, Esq.
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson, III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

*Counsel for the Defendants,*
*Thames Water Holdings, Incorporated*
*and Thames Water North America, Inc.*

## TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ................................................................................................................... 1

STANDARD OF REVIEW .................................................................................................... 3

ARGUMENT ......................................................................................................................... 4

    I.    THE MOTION TO AMEND SHOULD BE GRANTED BECAUSE THERE HAS BEEN NO UNDUE DELAY OR BAD FAITH ON THE PART OF THE DEFENDANTS AND THE PLAINTIFF WILL NOT SUFFER UNDUE PREJUDICE ............................................................................................. 4

        A.    The Defendants Have Not Unduly Delayed The Proceedings ............................................................................................. 5

        B.    There Has Been No Bad Faith On The Part Of The Defendants ............................................................................................. 9

        C.    Allowing The Defendants' Amendments To Their Answer And Affirmative Defenses Will Not Prejudice The Plaintiff ............................................................................................. 10

    II.    THE DEFENDANTS SHOULD BE ALLOWED TO AMEND THE SCRIVENER'S ERROR ............................................................................. 11

    III.    THE COURT SHOULD CONSTRUE THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS AMENDING THEIR ANSWER TO ADD THE RATIFICATION AND ERISA PREEMPTION DEFENSES ............................................................. 12

CONCLUSION .................................................................................................................... 15

i

## PRELIMINARY STATEMENT

The defendants, Thames Water Holdings Incorporated ("TWH") and Thames Water North America, Inc. ("TWNA"), submit this memorandum of law in support of their motion to amend their Answer, Affirmative Defenses and Counterclaims to the Second Amended Complaint. By the proposed amended pleading, the defendants seek to: (1) deny the allegations in paragraphs 55 through 57 of the Second Amended Complaint relating to the conversion claim, which, by a scrivener's error, were not previously responded to; (2) add preemption under ERISA, as a fifth affirmative defense; and (3) add express and implied ratification, as a sixth affirmative defense. The requested amendments should not require any additional discovery or unnecessarily delay, burden or prejudice the plaintiff.

A copy of the proposed amended pleading is attached as Exhibit A to the motion to amend. For the reasons set forth below, the Court should grant the defendants' motion.

## BACKGROUND

The plaintiff, David Chardavoyne, commenced this case in April 2003, as a declaratory judgment action against TWH. On July 17, 2003, he filed an amended complaint in which he added TWNA as a defendant. Nearly two years later, on March 1, 2005, the Court granted Chardavoyne leave to amend his complaint again. Chardavoyne had argued that an amendment was needed in order to "amplify and expand his existing claims" in the first two counts and to add two counts alleging breach of the implied covenant of good faith and fair dealing and conversion, respectively. (Pl.'s 1/18/05 Mem. at 3; see id. at 3-4, 6) Chardavoyne's Second Amended Complaint was far more expansive and detailed than his original complaint. The Court's March 1, 2005 Order stated that the amendment was being granted "in light of the liberal standard pursuant to Rule 15." As a result of the amendment, the operative complaint, the

1

Second Amended Complaint, contains five counts alleging: breach of an Employment Agreement (First Count), breach of the implied covenant of good faith and fair dealing (Second Count), violation of Conn. Gen. Stat. § 31-72 (Third Count), violation of Conn. Gen. Stat. §§ 31-72 and 31-76k (Fourth Count), and conversion (Fifth Count).

The defendants filed an answer, affirmative defenses and counterclaims to the Second Amended Complaint on April 15, 2005. They filed a motion for summary judgment on December 16, 2005. As part of their motion, the defendants argued that Chardavoyne's claims were barred because the termination of his employment was authorized and ratified. (Defs.' 12/16/05 Mem. at 5, 13) They also argued that Chardavoyne's claims for medical and retirement benefits are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a) ("ERISA"). (Id. at 34) The defendants further argued that that the Court should enter summary judgment on the conversion claim because Chardavoyne cannot establish that the 872 shares of RWE AG stock was his property or that the withholding of the stock was unauthorized. (Id. at 39-40)

One hundred and thirty-two (132) days after the defendants filed their motion for summary judgment and after receiving four extensions of time, Chardavoyne filed his opposition memorandum on April 28, 2006. By it, Chardavoyne maintained that the defendants' ratification was ineffective. He also maintained that the Court should not consider the defendants' ERISA preemption argument because they had not pled it as an affirmative defense. As part of his defense of his conversion claim, Chardavoyne contended that the defendants' motion should be denied because they had failed to respond to paragraphs 55 through 57 of the Second Amended Complaint.

On July 7, 2006, the Court granted the defendants' motion for an extension of time to file a reply brief in further support of their motion for summary judgment. Under the July 7 Order, the defendants' reply brief was scheduled to be filed on August 10, 2006. However, on July 13, 2006, the Court entered a ruling denying the defendants' motion for summary judgment. Contemporaneously with the filing of this motion to amend, the defendants have filed a motion for reconsideration of the July 13 Ruling.

## STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part that leave to amend a pleading "shall be freely given when justice so requires." See Banco Para El Comercio Exterior De Cuba v. First Nat'l City Bank, 744 F.2d 237, 243 (2d Cir. 1984); Wells v. Harris, 185 F.R.D. 128, 131 (D.Conn. 1999)(Eginton, J.)(freely given phrase in Rule 15(a) "is to be broadly construed"); Bank of New York v. Sasson, 786 F.Supp. 349, 352 (S.D.N.Y. 1992). Rule 15 has been liberally interpreted by the Second Circuit, which has stated that it is "rare" that leave should be denied, especially when there has been no prior application to amend. Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). See Kaster v. Modification Systems, Inc., 731 F.2d 1014, 1018 (2d Cir. 1984)(as long as movant has "at least colorable grounds for relief, justice does ... require leave to amend.").

As the Supreme Court has explained, "[i]n the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d Cir. 1995)(courts prefer to permit amendments). See 3 MOORE'S FEDERAL PRACTICE, § 15.14[1] (Matthew Bender

3d ed.)("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."); Wells, 185 F.R.D. at 131 (discussing Foman). Similarly, the Second Circuit has held that a "motion to amend should be denied only for such reasons as 'undue delay, bad faith, futility of the amendment, and perhaps most importantly, the resulting prejudice to the opposing party.'" Richardson Greenshields Secs., Inc. v. Lau, 825 F.2d 647, 653 n.6 (2d Cir. 1987).

In determining what constitutes prejudice, the Second Circuit has instructed district courts to consider whether the assertion of the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981). See id. (finding abuse of discretion in denial of amendment); Saxholm AS v. Dynal, Inc., 938 F.Supp. 120, 123 (E.D.N.Y. 1996). Further, no unfair prejudice exists simply because a party has to defend against new or better pleaded claims. See Popp Telcom v. American Sharecom, Inc., 210 F.3d 928, 943 (8th Cir. 2000)("The inclusion of a claim based on facts already known or available to both sides does not prejudice the non-moving party.").

## ARGUMENT

I. **THE MOTION TO AMEND SHOULD BE GRANTED BECAUSE THERE HAS BEEN NO UNDUE DELAY OR BAD FAITH ON THE PART OF THE DEFENDANTS AND THE PLAINTIFF WILL NOT SUFFER UNDUE PREJUDICE**

As noted above, Rule 15(a) provides that leave to amend pleadings is to be "freely given when justice so requires." The Second Circuit has interpreted this phrase to liberally allow

amendments except upon a showing of bad faith, undue delay or that substantial prejudice to a party would result. S.S. Silberblatt, Inc. v. East Harlem Pilot Block Building 1 Housing Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979); Clay v. Martin, 509 F.2d 109, 113 (2d Cir. 1979). See Foman, 371 U.S. at 182. This Court's March 1, 2005 Order granting Chardavoyne's motion to amend similarly recognized that a motion under Rule 15 is to be analyzed under a liberal standard. The granting of the defendants' proposed amendments, which merely seek to correct a scrivener's error associated with denying the allegations in paragraphs 55-57 of the Second Amended Complaint and to add two affirmative defenses, is consistent the well-established principles that strongly favor the granting of amendments. See Wells, 185 F.R.D. at 131. Moreover, the defendants' motion should be granted because there has been no undue delay or bad faith on the part of the defendants and because Chardavoyne had notice of these issues and thus will not suffer any undue prejudice, as a result of the proposed amendments.

### A. The Defendants Have Not Unduly Delayed The Proceedings

There has been no undue delay on the part of the defendants. The defendants answered the Second Amended Complaint on April 14, 2005. They did not become aware of the scrivener's error concerning paragraphs 55-57 until after Chardavoyne filed his opposition to the motion for summary judgment on April 28, 2006. The proceedings in connection with the defendants' summary judgment motion have become somewhat complicated and extended, as the Court denied the motion on July 13 prior to the deadline for the filing of the defendants' reply brief.

With regard to ratification and ERISA preemption, there is no prejudice to Chardavoyne because the defendants raised these issues in their summary judgment motion. See infra, § IV.A.3. In fact, the formal listing of ratification as an affirmative defense is done as a highly

5

technical point and out of an abundance of caution. Chardavoyne's opposition memorandum to the defendants' summary judgment motion did not argue that ratification had to be pled as an affirmative defense. See Fed. R. Civ. P. 15(b)(amendments to conform to the evidence). In fact, paragraphs 34 and 35 of the Second Amended Complaint do not list the alleged lack of authorization for Chardavoyne's termination as one of the seven grounds for his breach of contract claim. Thus, under the pleadings, any alleged lack of authorization should not be a basis for awarding Chardavoyne any relief. If the operative complaint is to be interpreted as raising lack of authorization as a basis for substantive relief, then the defendants should be allowed to raise implied and express ratification as part of their defenses at any trial. Indeed, the defendants should not be punished for bringing this technical pleading issue to the Court's attention, as opposed to remaining silent.

Any claim of prejudice by Chardavoyne would be further belied by the fact that he has briefed both the ratification and ERISA issues. With regard to ratification, he argued that the ratification was ineffective as a result of an intervening act by him (his alleged resignation). (Pl's S.J. Oppo. Mem. at 20-22) With regard to ERISA preemption, Chardavoyne has taken the position that "[e]ven if ERISA were to apply, it is of no consequence since (i) Plaintiff's pleading provides sufficient notice of the claim; and (ii) this Court has jurisdiction to require Defendants to defend under ERISA in any event." (Pl's S.J. Oppo. Mem. at 37-38)[1] Moreover, by the July 13 Ruling, the Court recognized that the issue of whether Chardavoyne's termination was authorized is a central issue in the resolution of this case.

Having had notice of and briefed these issues, any argument by Chardavoyne against the addition and consideration of the two defenses would be misplaced. Indeed, by his January 2005

---

[1]   In fact, Chardavoyne's notice by pleading argument in opposition to the summary judgment motion supports the granting of the defendants' requested amendments.

6

motion to amend, Chardavoyne relied on the defendants' purported notice of the new claims he sought to add as a basis for allowing the filing of the proposed, Second Amended Complaint. (Pl.'s 2/24/05 Reply, at 5 (arguing that the defendants' notice of potential claims justified granting amendment asserting those claims))

With regard to timing, as noted above, the defendants raised the issues of ratification and ERISA preemption and challenged Chardavoyne's conversion claim in their December 2005 motion for summary judgment. Chardavoyne did not oppose the motion or otherwise challenge these issues until April 28, 2006, more than four months following the filing of the defendants' motion and after receiving four extensions of time. The timing of Chardavoyne's opposition cannot be a basis for finding undue delay on the part of the defendants.

Moreover, with regard to the issue of ratification, the defendants' Answer filed in April, 2005 maintained: (1) that Chardavoyne was "properly" terminated; and (2) that William Alexander, James McGivern and Matthew Huckin "exercised Thames Water's right to terminate Mr. Chardavoyne's employment pursuant to the terms of the Employment Agreement and provided proper notice of such termination on May 29, 2002." (Defs.'s 4/14/05 Ans. ¶¶ 11, 14, 23 & 29) Thus, any attempt by Chardavoyne to claim undue delay would be without merit.

The circumstances of this case do not constitute the "undue delay" needed to justify the denying of a motion to amend and as defined by the case law. As the Second Circuit has recognized, "[m]ere delay,..., absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Fluor, 654 F.2d at 856. See Saxholm AS, 938 F.Supp. at 123 ("delay alone is seldom a reason to deny a motion to amend.")(citations omitted). Indeed, courts have excused delays far longer than any alleged delay in this case. See Affiliated FM Ins. Co. v. Jou Jou Designs, Inc., 1997 WL 150139, at *5 (S.D.N.Y. Mar. 28,

7

1997)(allowing amendment after delay of five years); Resorts & Motel Advancement Dev. Agency Ltd. v. Sloan, 160 F.R.D. 449, 451 (S.D.N.Y. 1995)("Federal courts have excused delays far in excess of two years."); McCoy v. Goldberg, 845 F.Supp. 155, 158 (S.D.N.Y. 1994)(two and one-half years delay); Index Fund, Inc. v. Hagopian, 91 F.R.D. 599, 606 (S.D.N.Y. 1981)(granting defendant leave to amend answer to assert counterclaims eight years after filing original answer). Furthermore, the parties in such cases have often been permitted to assert new claims long after they acquired the facts to support those claims. See, e.g., Middle Atl. Util. Co. v. S.M.W. Dev. Corp, 392 F.2d 380, 385 (2d Cir. 1968)(plaintiff was aware of facts supporting new claims two years before filing of original complaint); id. (3 year delay between original pleading and motion would not justify denial of amendment). Here, there has been no inexcusable delay on the part of the defendants.

Even assuming for the sake of argument that the Court were to consider the defendants' motion to amend to constitute a delay, that delay would not be unreasonable under the circumstances and as defined by the case law. The defendants did not learn of the scrivener's error until April 28, 2006, when Chardavoyne filed his opposition memorandum. Similarly, the defendants raised the issues of ratification and the ERISA preemption in December 2005, which was met with silence, other than four motions for extension of time to file an opposition brief, until April 28, 2006. The Court prematurely denied the defendants' motion for summary judgment on July 13 without the benefit of their reply brief.

Furthermore, equity weighs strongly in favor of allowing the proposed amendments. Chardavoyne has filed two amended complaints in this case. He was granted leave by this Court to file the operative complaint, adding two counts, two years after he filed his previous amended complaint. The Second Amended Complaint filed in 2005 was far more detailed and far

8

reaching than the original complaint filed in 2003. Nonetheless, in granting Chardavoyne's amendment, the Court cited the liberal standard governing motions under Rule 15. (Elec. Docket Entry 69, 3/1/05 Order) Consequently, Chardavoyne is in no position to claim an undue delay by the defendants in the progress of the proceedings.

**B.    There Has Been No Bad Faith On The Part Of The Defendants**

The defendants have not acted in bad faith by seeking the proposed amendments. They merely seek to correct an obvious scrivener's error and to add two affirmative defenses. The scrivener's error in the defendants' Answer should have been obvious to Chardavoyne. This is particularly so given the defendants' defense of the case since its filing, the denials of the other allegations in the operative complaint and the previous complaints and the defendants moving for summary judgment on the conversion claim.

With regard to ratification, the issue has been part of the case since even before the December 2005 motion for summary judgment. In particular, as noted above, the defendants' Answer filed in April of 2005 maintained: (1) that Chardavoyne was "properly" terminated; and (2) that William Alexander, James McGivern and Matthew Huckin "exercised Thames Water's right to terminate Mr. Chardavoyne's employment pursuant to the terms of the Employment Agreement and provided proper notice of such termination on May 29, 2002." (Defs.'s 4/14/05 Ans. ¶¶ 11, 14, 23 & 29) Also, with regard to ratification, the July 13 Ruling recognizes the issue of authority as being a central issue in the case. Chardavoyne's April 28, 2006 opposition memorandum further confirms this conclusion. (Pl.'s S.J. Oppo. Mem. at 18-22) With regard to ERISA preemption, the issue was raised in the defendants' December 2005 motion for summary judgment. Accordingly, the defendants have not acted in bad faith by seeking the proposed amendments.

9

### C. Allowing The Defendants' Amendments To Their Answer And Affirmative Defenses Will Not Prejudice The Plaintiff

Chardavoyne will not be unduly prejudiced by allowing the defendants to correct the scrivener's error and to formally list ratification and ERISA preemption as defenses in their Answer. In determining whether parties will be unduly prejudiced, the Second Circuit has instructed district courts to consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Block, 988 F.2d at 350. See Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau, 786 F.2d 101, 103 (2d Cir. 1986); Fluor, 654 F.2d at 856. None of these factors should be implicated by the instant motion.

Chardavoyne will not incur significant additional expense in responding to the proposed amendments. In fact, it is well-recognized that even if discovery is prolonged, "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." United States ex rel. Maritime Admin. v. Continental Ill. Nat'l Bank & Trust Co., 889 F.2d 1248, 1255 (2d Cir. 1989)(citation omitted). Thus, mere allegations that an amendment will require the expenditure of additional time, effort, or money does not constitute undue prejudice. Accord Block, 988 F.2d at 351.

Here, the defendants' proposed amendments are "unlikely to have any substantial impact in delaying the final disposition of this case." Saxholm, 938 F.Supp. at 123. No date for jury selection has been scheduled and the parties have not filed their trial memoranda and related pleadings. See A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F.Supp.2d 281, 299 (S.D.N.Y. 2000). In fact, the defendants' summary judgment motion was denied prior to the filing of the defendants' reply brief and a motion for reconsideration is pending. As part of the

10

summary judgment pleadings, Chardavoyne opposed and substantively briefed the defendants' ratification and ERISA arguments. Consequently, there can be no dispute that the issues have been before the Court in the pleadings. See Fed. R. Civ. P. 15(b)(amendments to conform to the evidence). Similarly, with regard to the correction of the paragraphs related to the conversion claim, a review of the defendants' April 14, 2005 Answer, their motion for summary judgment and Chardavoyne's opposition to the motion, confirms that the defendants have always denied any wrongdoing, including any conversion. The addition of the specific denials to the allegations in the paragraphs at issue will not prejudice Chardavoyne. Accordingly, the proposed amendments should be allowed.

## II. THE DEFENDANTS SHOULD BE ALLOWED TO AMEND THE SCRIVENER'S ERROR

Chardavoyne's attempt to invoke the highly technical requirements of Rule 8 of the Federal Rules of Civil Procedure as a basis to assert that the allegations of paragraphs 55 through 57 of the Second Amended Complaint are deemed admitted as a result of the obvious scrivener's error is not only misplaced, but thwarts the policies underlying Rule 15. (See Pl.'s S.J. Opp. Memo. at 39) Although the procedure for obtaining leave to amend pleadings should generally be heeded, "rigid adherence to formalities and technicalities must give way before the policies underlying Rule 15." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., 663 F.2d 419, 426 (3d Cir. 1981). "[T]he federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive in the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Id. (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). See Wells, 185 F.R.D. at 131.

As the Supreme Court recognized in Foman, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be

11

avoided on the basis of ... mere technicalities." 371 U.S. at 181. Consequently, leave to amend should be freely given because cases should be tried on their merits rather than technicalities of pleadings. Accordingly, leave should be freely permitted to correct the scrivener's error/omission in the case at bar. See Petroleo Brasileiro, S.A., Petrobas v. Ameropan Oil Corp., 372 F.Supp. 503, 508 (E.D.N.Y. 1974)("While defendant's answer wholly failed to respond to ...claim, the court has accepted its counsel's assertion of a stenographic oversight and allowed the filing of an amended answer, which interposes a general denial to the claim.").

Moreover, the granting of the amendment in the case at bar is supported by the Second Circuit's "clear preference" for having cases adjudicated on the merits. See Pecarsky v. Galaxiworld.com. Ltd., 249 F.3d 167, 174 (2d Cir. 2001).

### III. THE COURT SHOULD CONSTRUE THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AS AMENDING THEIR ANSWER TO ADD THE RATIFICATION AND ERISA PREEMPTION DEFENSES

In addition to the formal amendment procedure under Rule 15, courts have deemed answers to be amended to add an affirmative defense when a defense has been raised in another pleading. For example, the court in Pantzer v. Shields Dev. Co., 660 F.Supp. 56, 60-61 (D. Del. 1986) deemed a seller's answer to have been amended to include the affirmative defense of the statute of frauds, even though the seller did not raise that defense in its answer to the buyer's breach of contract claim. The Pantzer court reached this conclusion because the seller raised the defense in a summary judgment motion and because the buyer had fair notice of the defense, responded to it in answering the brief, and suffered no prejudice and because the facts underlying the statute of frauds inquiry were not disputed. Id. See Stoebner v. Parry, Murray, Ward & Moxley, 91 F.3d 1091, 1093 (8th Cir. 1996)(per curiam)("We reject Stoebner's argument that the bankruptcy court improperly allowed [the defendant] to raise collateral estoppel in its

12

summary judgment motion because Stoebner has failed to show that he lacked notice of the defense, or that [the defendant's] delay prejudiced his ability to respond."); Sanders v. Dep't. of the Army, 981 F.2d 990, 991 (8th Cir. 1992)(per curium)(district court did not have to require formality of amended answer, and properly exercised discretion to allow government to raise affirmative defense for first time in motion to dismiss, which provided sufficient notice to the plaintiff). See also Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993)(affirmative defense may be raised for first time in summary judgment motion).

Similarly, Rule 15(b) recognizes that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; ...."

Here, Chardavoyne was on notice of the defendants' ratification and ERISA preemption defenses since at least the filing of the defendants' motion for summary judgment on December 16, 2005. This notice is confirmed by Chardavoyne's opposition memorandum responding to those defenses. In particular, Chardavoyne did not argue that the defendants had to plead ratification as an affirmative defense. Rather, he argued that any ratification was ineffective. In fact, with regard to the issue of ratification, the defendants' Answer filed on April 15, 2005 maintained: (1) that Chardavoyne was "properly" terminated; and (2) that William Alexander, James McGivern and Matthew Huckin "exercised Thames Water's right to terminate Mr. Chardavoyne's employment pursuant to the terms of the Employment Agreement and provided proper notice of such termination on May 29, 2002." (Defs.'s 4/14/05 Ans. ¶¶ 11, 14, 23 & 29) Thus, the issue of ratification has been and is before the Court. Moreover, the issue of

13

ratification is not based on disputed facts. It is based on the defendants' actions in connection with Chardavoyne's termination and in response to his claims in this litigation. The parties merely disagree about the legal implications of the defendants' actions. With regard to ERISA preemption, the issue should be resolved as a matter of law by the Court.

Accordingly, as the defendants' raised ratification and ERISA preemption as part of their summary judgment motion, those issues should be considered at trial. See Saks v. Franklin Covey Co., 316 F.3d 337, 350-51 (2d Cir. 2003)(court may consider defense raised in summary judgment motion); Camarillo, 998 F.2d at 639 (affirmative defense may be raised for the first time in a motion for summary judgment); Sanders, 981 F.2d at 991(motion to dismiss provided notice of affirmative defense). The Court should exercise its authority to consider the defenses as it would constitute a manifest injustice to allow a plaintiff to recover or a claim that is without merit and without full consideration of the defendants' defenses. See Pecarsky, 249 F.3d at 174 (Second Circuit has a "clear preference" for the resolution of cases on the merits). See also Carino v. Town of Deerfield, 750 F.Supp. 1156, 1162 n.9 (N.D.N.Y. 1990)(in the Second Circuit, *res judicata* is not waived even if not plead as affirmative defenses in answer), aff'd 940 F.2d 649 (2d Cir. 1991).

As set forth above, the defenses of ratification and ERISA preemption have not and will not unduly prejudice Chardavoyne. Accordingly, the Court should consider the defendants' ratification and ERISA preemption defenses and allow the proposed amendments.

## CONCLUSION

For the foregoing reasons, the Court should grant the defendants' motion and allow the filing of the proposed amended pleading. If the motion is granted, the defendants request that they be given five (5) business days within which to file a re-dated and signed, amended pleading.

                    Respectfully submitted,

                    THE DEFENDANTS,
                    THAMES WATER HOLDINGS,
                    INCORPORATED AND THAMES
                    WATER NORTH AMERICA, INC.

By: _____
     Stephen P. Fogerty
     CT Fed. Bar No. 01398
     **HALLORAN & SAGE LLP**
     315 Post Road West,
     Westport, CT 06880
     Tele:  (203) 227-2855
     Fax:   (203) 227-6992
     E-mail: Fogerty@halloran-sage.com

            and

     Ralph W. Johnson, III
     CT Fed. Bar No. 15277
     **HALLORAN & SAGE LLP**
     One Goodwin Square
     225 Asylum Street
     Hartford, CT 06103
     Tele:  (860) 522-6103
     Fax:   (860) 548-0006
     E-mail: Johnsonr@halloran-sage.com

     Their Attorneys

## **CERTIFICATION**

      This is to certify that on this 18th day of August, 2006, a copy of the foregoing was caused to be mailed, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

 

                                                Ralph W. Johnson, III

845143_2 DOC