UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE | ) | |
| | ) | CASE NUMBER: |
| Plaintiff, | ) | 3:03CV56 (WWE) |
| | ) | |
| vs. | ) | |
| | ) | |
| THAMES WATER HOLDINGS | ) | |
| INCORPORATED, THAMES WATER | ) | |
| NORTH AMERICA INC., | ) | |
| | ) | |
| Defendants. | ) | September 8, 2006 |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR
LEAVE TO AMEND THEIR ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS**

Plaintiff David E. Chardavoyne ("Chardavoyne") respectfully submits this memorandum of law in opposition defendants Thames Water Holdings Incorporated's ("Thames Holdings") and Thames Water North America, Inc.'s ("Thames North America," collectively "Defendants") motion for leave to amend their answer, affirmative defenses and counterclaims (the "Motion to Amend") dated August 18, 2006.

PRELIMINARY STATEMENT

Almost three hundred (300) days after Defendants filed their extensive and all-encompassing forty-two (42) page memorandum in support of Defendants' motion for summary judgment, dated December 16, 2005 ("Motion for Summary Judgment"), accompanied by their appendix of eighteen (18) exhibits, Defendants submitted their Motion to Amend complaining of their lack of notice of the deficiencies contained in their answer, affirmative defenses and counterclaims to the Plaintiff's Second Amended Complaint, dated April 14, 2005 (the "Answer"). This Court, however, should deny the Motion to Amend for the following reasons:

{00252152; 1; 1103-2}

1.    The Defendants failed to deny the allegations of paragraphs fifty-five (55) through fifty-seven (57) of the Second Amended Complaint in their Answer, and under the well-settled jurisprudence of the Second Circuit and Federal Rule of Civil Procedure 8(d), "averments in a pleading to which a responsive pleading is required . . . are *admitted* when not denied in the responsive pleading." FED. R. CIV. P. 8(d) (emphasis added).

2.    The Defendants failed to plead specifically ERISA preemption as an affirmative defense in their Answer, and under the well-settled case law of the Second Circuit and Federal Rules of Civil Procedure, "the failure to plead an affirmative defense waives the defense." Doubleday & Co. v. Curtis, 763 F.2d 495, 503 (2d Cir.), appeal dismissed, 474 U.S. 912 (1985); Funk v. F & K Supply, Inc., 43 F. Supp. 2d 205, 221-22 (N.D.N.Y. 1999).

3.    The Defendants failed to plead ratification as an affirmative defense and allowing the amendment would (a) "require [Chardavoyne] to expend significant additional resources to conduct discovery and prepare for trial and/or (b) significantly delay the resolution of the dispute" because discovery ended on September 1, 2005. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

For the reasons set forth below, this Court should deny Defendants' Motion to Amend.

## STANDARD OF REVIEW

Justice requires that this Court deny Defendants' Motion to Amend.  Although leave to amend shall be freely given when justice so requires, "leave is not automatic." Galet v. Carolace Embroidery Products Co., Inc., No. 91 Civ. 7991, 1994 WL 542275, at *6 (S.D.N.Y. Oct. 5, 1994); see FED. R. CIV. P. 15(a).  The seminal case of Foman v. Davis espoused the standard to grant leave to amend and stated that the presence of factors such as "undue delay, bad faith or dilatory motive on the part of the movants, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc.," may preclude a court from granting leave.  371 U.S. 178 (1962).  The decision to grant leave is within the sound discretion of the district court judge. Ching v. United States, 298 F.3d 174, 180 (2d Cir. 2002) (noting that the decision to grant a

motion to amend is within the sound discretion of the district judge).  This Court should exercise its discretion and deny Defendants' Motion to Amend.

Allowing the Defendants to amend their answer would result in undue prejudice to Chardavoyne.  In determining the materiality of the prejudice, courts consider whether the assertion of the new claim would: (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction.  Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  Moreover, the Second Circuit has affirmed decisions of the district courts denying leave when a party delayed in filing an amendment after a court-ordered deadline has passed. See State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld, 921 F.2d 409, 418 (2d Cir. 1990).  Accordingly, justice requires that this Court deny Defendants' Motion to Amend because it would result in undue prejudice to Chardavoyne by requiring Chardavoyne to expend significant additional resources to conduct discovery well after the court-ordered deadline.  In short, Defendants produced (and now rely upon) board resolutions passed three (3) months after the close of discovery in this case.

## ARGUMENT

**I.    THIS COURT SHOULD DENY DEFENDANTS' MOTION TO AMEND BECAUSE THE DEFENDANTS FAILED TO DENY THE MATERIAL ALLEGATIONS SET FORTH IN THE FIFTH COUNT OF CHARDAVOYNE'S SECOND AMENDED COMPLAINT**

It is axiomatic that a failure to deny the material allegations of a complaint deems the alleged facts admitted: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted when not denied in the responsive pleading." FED. R. CIV. P. 8(d); see 2 MOORE'S FEDERAL PRACTICE § 8.09[1] at 8-44.1 ("failure to deny an averment in a pleading to which a responsive pleading is required, other than those as to the amount

{00252152; 1; 1103-2}

of damages, is deemed an admission."). A responsive pleading -- the answer -- is required to a complaint. See FED. R. CIV. P. 7(a). Courts have regularly ruled that failure to deny allegations in a complaint will be deemed an admission. See Connecticut v. United States, 1 F. Supp. 2d 147, 153 (D. Conn. 1998) ("[b]ecause defendants do not deny this allegation, it is deemed admitted"); Weitnauer Trading Company Ltd. v. Annis, 516 F.2d 878, 880-81 (2d Cir. 1975) (under Rule 8(d) allegation of indebtedness in excess of $150,000 was deemed admitted by opposing party's failure to deny); Ismail v. Cohen, 706 F. Supp. 243, 249 (S.D.N.Y. 1989) (defendants deemed to have admitted under Rule 8(d) those allegations which they did not deny).

Leave has been denied by other jurisdictions when a party seeks to amend their pleading after discovery has ended, *especially after, as here, the party has filed a dispositive motion.* See Nat'l Liberty Corp. v. Wal-Mart Stores, Inc., 120 F.3d 913, 917 (8th Cir. 1997) (denying motion to amend complaint to inject new fact allegation into case where motion was first made after discovery closed and trial was approaching); Missouri Housing Dev. Comm'n v. Brice, 919 F.2d 1306, 1315 (8th Cir. 1990) (explaining that amendment "clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if admitted, would have the effect of prejudicing the other party to the action"); Thompson-El v. Jones, 876 F.2d 66, 67-68 (8th Cir. 1989) (affirming denial of leave to amend where motion was filed after discovery was completed, two weeks before trial); Moldea v. New York Times Co., 793 F. Supp. 338 (D. D.C. 1992) (stating that "[i]t is settled that where a defendant has filed a dispositive motion and plaintiff has opposed it, denial of permission to amend is proper). Defendants filed their Motion for Summary Judgment on December 16, 2005. Chardavoyne responded on April 28, 2006. The Court (Eginton, J.) denied Defendants' motion on July 13, 2006.

{00252152; 1; 1103-2}

- 5 -

The Defendants admit they failed to deny the several allegations contained in the Fifth Count of Chardavoyne's Second Amended Complaint. See Defendants' Memorandum of Law in Support of their Motion for Leave to Amend their Answer, Affirmative Defenses and Counterclaims ("Defendants' Memo in Support") at 1. However, they dispute the legal effect of their failure. Defendants filed their Answer on April 14, 2005. Approximately a year and a half has passed since the filing of their answer, and Defendants argue that they realized this deficiency only after Chardavoyne filed his opposition. See Defendants' Memo. In Support at 5. Defendants should not be allowed to reap the benefit of this fortuitous event when other courts have denied leave in similar cases, especially since Defendants filed a motion for summary judgment. See Sacco v. Bailey, No. 93 Civ. 1438, 1994 WL 48800, at *3 (S.D.N.Y. Feb 16, 1994) (relying on Moldea and denied motion for leave to amend when *pro se* plaintiff concurrently filed motion for summary judgment). The Moldea court further stated that "[a]lthough a *pro se* plaintiff is held to less stringent pleading standards than attorneys," the court has the discretion to deny leave. Moldea, 793 F. Supp. 338. This Court should deny Defendants' Motion to Amend because they filed a dispositive motion and waited over a year and a half to remedy the deficiency.

Defendants have also failed to satisfy the heightened "good cause" standard employed by courts when a party seeks leave to amend pleadings after a deadline set in a scheduling order. In Parker v. Columbia Pictures Indus., the court held that the district court did not abuse its discretion when it denied leave to amend after a court ordered deadline. 204 F.3d 326, 339-341 (2d Cir. 2000). The court further stated:

> We now join these courts in holding that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.

{00252152; 1; 1103-2}

Id. at 340; see also John Hancock Mut. Life Ins. Co. v. Amerford Int'l, Corp., 22 F.3d 458, 462 (2d Cir. 1994) (leave denied when plaintiff delayed filing amendment after court-ordered deadline had expired). Similar to the argument Defendants advance in this action, the Parker court held that the movant did not establish "good cause" by arguing that it did not discover the circumstances concerning the proposed amendment until receiving defendant's motion for summary judgment and concluded that the movant was in the best position to support his claim. Id. at 340-341. Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26(e) for the District of Connecticut, Chardavoyne and Defendants submitted their 26(f) Report of Parties' Planning Meeting. Chardavoyne subsequently moved *nunc pro tunc* for an extension of time and modification of the scheduling order to extend the date upon which discovery would close from March 1, 2005 up to and including September 1, 2005. The Court (Eginton, J.) granted Chardavoyne's motion for extension of time. Therefore, discovery closed on September 1, 2005. The Defendants thereafter moved for summary judgment on December 16, 2005. This Court therefore should deny Defendants' Motion to Amend because Discovery has been closed for over one (1) year and significant expenses and resources have been expended by Chardavoyne in concluding discovery and responding to Defendants' Motion for Summary Judgment.

## II. THIS COURT SHOULD DENY DEFENDANTS' MOTION TO AMEND BECAUSE THE DEFENDANTS FAILED TO PLEAD SPECIFICALLY ERISA PREEMPTION AS AN AFFIRMATIVE DEFENSE

Defendants are procedurally barred from amending their Answer to include the special defense of ERISA preemption. The Second Circuit has made clear that ERISA preemption of state law claims is an affirmative defense that Defendants were required to plead specifically. Saks v. Franklin Covey Co., 316 F.3d 337, 349-50 (2d Cir. 2003). The failure to plead an

{00252152; 1; 1103-2}

- 7 -

affirmative defense waives the defense. <u>Doubleday & Co. v. Curtis</u>, 763 F.2d 495, 503 (2d Cir.), <u>appeal</u> <u>dismissed</u>, 474 U.S. 912 (1985); <u>Funk v. F & K Supply, Inc.</u>, 43 F. Supp. 2d 205, 221-22 (N.D.N.Y. 1999). Waiver here is appropriate, as Defendants did not even raise the defense of preemption in their Motion for Summary Judgment, but merely attempt to amend their Answer well after Chardavoyne argued in reliance in his opposition to Defendants' Answer. This new argument, deficient on its face, is procedurally barred. Beyond the eleventh hour, and long past the close of discovery, it plainly would be inappropriate for this Court now to allow Defendants to amend their Answer. It should suffice that courts within this Circuit, and the Second Circuit itself, do not suffer procedural gimmickry long after the fact. <u>See</u> <u>Cross & Cross Properties v. Everett Allied Co.</u>, 886 F.2d 497, 500, 503 (2d Cir. 1989) (no abuse of discretion in denying motion to amend answer to include affirmative defenses when motion came five months after the pretrial order). This Court should, therefore, deny Defendants' Motion to Amend because Defendants have (1) failed to plead specifically the affirmative defense of ERISA preemption; (2) failed to satisfy their burden of showing good cause in amending their answer after the close of discovery more than a year ago; and (3) imposed an undue prejudice upon Chardavoyne since they seek to amend their Answer after they filed a dispositive motion.

## III. THIS COURT SHOULD DENY DEFENDANTS' MOTION TO AMEND BECAUSE CHARDAVOYNE WILL SUFFER UNDUE PREJUDICE BY VIRTUE OF ALLOWANCE OF THE AMENDMENT

Defendants' Motion to Amend should be denied because Defendants ratified the purported termination or removal of Chardavoyne on the literal eve of filing its Motion for Summary Judgment. This Court has the discretion to deny Defendants' Motion to Amend when the allowance of the amendment would impose undue prejudice upon Chardavoyne by, among other things, requiring him to expend additional resources to conduct discovery (if even allowed

by this Court) and prepare for trial and significantly delay the resolution of the dispute. <u>See</u>

<u>Creswell v. Sullivan & Cromwell</u>, 922 F.2d 60, 72 (2d Cir. 1990) (court plainly had discretion to

deny leave when inordinate delay -- 17 months after commencement, six months after second

amendment, and one month after responding to summary judgment motion - resulted in prejudice

to defendant). Discovery closed over a year ago and allowing Defendants' amendment would

compel Chardavoyne to seek factual discovery concerning the circumstances of Defendants'

purported ratification. Chardavoyne is entitled to discover how, after three years of being aware

that no termination or removal of Chardavoyne could occur without board resolutions or

shareholder votes and on the eve of filing their Motion for Summary Judgment, Defendants

passed board resolutions and conducted shareholder votes purporting to ratify the unauthorized

conduct of Messrs. Huckin and McGivern. Chardavoyne is also entitled to discover who was

present during the board meetings, the minutes of the board meetings, whether the board

resolutions and shareholder votes were acted upon advice of counsel, and most importantly, how

the decision making process swiftly materialized a mere eight days after Chief Executive Office

William Alexander retired. Renewed discovery will prolong the scheduling order entered by this

Court and further prejudice Chardavoyne.

This Court has discretion to deny Defendants' Motion to Amend because of the prejudice

it would cause to Chardavoyne. Denying leave when the movants delayed in filing a motion to

amend two (2) years after the close of discovery was upheld because the proposed amendment

"would require additional discovery, causing undue prejudice to the defendants." <u>MacDraw, Inc.</u>

<u>v. CIT Group Equipment Financing, Inc.</u>,157 F.3d 956, 962 (2d Cir. 1998) ("it was entirely

reasonable for the judge to deny leave to amend the complaint"). Chardavoyne will suffer undue

prejudice by having to retake the depositions of individuals concerning the circumstances

{00252152; 1; 1103-2}

- 9 -

surrounding these curious ratifications. See Lau v. Merriam Motors, Inc., No. 3:04CV971, 2006 WL 1328785, at *2 (D. Conn. Feb. 22, 2006) ("defendant has shown that it would be unfairly prejudiced . . . [i]f the Court were to permit the amendment [because] the Court would have to extend the discovery period, since Defendant would be entitled to conduct discovery on the proposed amendment"); Jin v. Metropolitan Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002) (finding no abuse of discretion to deny motion to amend where the motion was filed "long after the close of discovery and almost four months after [the ruling] on the summary judgment motion."); cf. Victor G. Reiling Assocs and Design Innovation, Inc. v. Fisher-Price, Inc., No. 3:03CV222, 2004 WL 2381719, at *4 (D. Conn. Sept. 30, 2004) (granted plaintiffs motion for leave to amend when filed prior to the close of discovery and well before motions for summary judgment were due). Defendants have advanced no reason why the board resolutions and shareholder votes consummated more than four years after Chardavoyne made clear though his counsel on July 12, 2002 why he rightfully remained employed by Defendants. See App., Ex. 19. Since the allowance of the proposed amendment would impose undue prejudice upon Chardavoyne by requiring him to expend additional resources to conduct discovery and prepare for trial, and significantly delay the resolution of the dispute, this Court should deny Defendants' Motion to Amend.

{00252152; 1; 1103-2}

## CONCLUSION

Plaintiff David E. Chardavoyne respectfully requests that the Court deny Defendants'

motion for leave to amend its answer, affirmative defenses and counterclaims and grant such

other and further relief as the Court deems just and proper.


PLAINTIFF
DAVID E. CHARDAVOYNE


By: _____
Patrick J. McHugh (ct14072)
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT  06901-2689
Telephone: (203) 325-5000
Facsimile: (203) 348-5777
E-mail:   pmchugh@fdh.com

{00252152; 1; 1103-2}

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States

Mail, first class, postage-prepaid to the following this 8th day September, 2006:


Stephen B. Fogerty, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, Connecticut  06880

Ralph W. Johnson, III, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut  06103


_____
Patrick J. McHugh

{00252152; 1; 1103-2}