IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE<br>Plaintiff, | : | CIVIL ACTION NO.<br>3:03-CV-56 (WWE) |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| THAMES WATER HOLDINGS<br>INCORPORATED, THAMES WATER<br>NORTH AMERICA, INC. | : | |
| | : | |
| Defendants. | : | OCTOBER 6, 2006 |

## DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Stephen P. Fogerty, Esq.
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson, III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

*Counsel for the Defendants,*
*Thames Water Holdings, Incorporated*
*and Thames Water North America, Inc.*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ................................................................................................................... 1

    I.    THE COURT SHOULD ALLOW THE AMENDMENT
        OF THE SCRIVENER'S ERROR ......................................................................... 1

    II.   THE COURT SHOULD ALLOW THE AMENDMENT
        TO ADD THE DEFENSE OF IMPLIED RATIFICATION ................................... 3

    III.  THE COURT SHOULD ALLOW THE AMENDMENT
        TO ADD THE DEFENSE OF EXPRESS RATIFICATION .................................. 6

    IV.  THE COURT SHOULD ALLOW THE AMENDMENT
        TO ADD THE DEFENSE OF ERISA PREEMPTION ......................................... 7

    V.   THE GRANTING OF THE MOTION IS APPROPRIATE
        BASED ON THE DE FACTO AMENDMENTS THAT
        CHARDAVOYNE IS SEEKING AND/OR HAS BEEN
        EFFECTIVELY GRANTED BY THE SUMMARY
        JUDGMENT RULING .......................................................................................... 8

## PRELIMINARY STATEMENT

Pursuant to Local Rule 7(c), the defendants, Thames Water Holdings Incorporated ("TWH") and Thames Water North America, Inc. ("TWNA"), submit this reply memorandum of law in further support of their motion to amend their Answer, Affirmative Defenses and Counterclaims. For the reasons set forth below and in their initial memorandum, the Court should grant the defendants' motion.

## ARGUMENT

### I.   THE COURT SHOULD ALLOW THE AMENDMENT OF THE SCRIVENER'S ERROR

The plaintiff, David Chardavoyne, makes two claims in opposition to the defendants' motion to amend their Answer by adding denials to the allegations in paragraphs 55 through 57 of the Second Amended Complaint. First, he argues that the motion should be denied because it was filed after the close of discovery and after the filing of a motion for summary judgment. (Pl.'s Mem. at 3-6) Second, he maintains that the amendment should be denied because the defendants have not established good cause. (Id. at 5-6) In support of his claims, Chardavoyne contends that if the Court grants the defendants' motion, it would be allowing them to "reap the benefit of [a] fortuitous event." (Id. at 4)

Both of Chardavoyne's claims are without merit. His first claim fails to acknowledge that there is no time limitation for the filing of a motion to amend. Moreover, Chardavoyne fails to allege, let alone identify, any prejudice that he would suffer by the Court's granting this portion of the motion. Nor has he alleged that the amendment will cause any undue delay or that the motion was filed in bad faith. For example, he has not claimed a need for any additional discovery. Indeed, he does not deny the fact that he has litigated this case knowing that the defendants denied any liability based on the conversion count, regardless of their failure to

1

respond to the allegations in paragraphs 55 through 57. (Defs.' 8/18/06 Mem. at 5 ("Chardavoyne had notice of these issues"))[1]

In general, Chardavoyne's first claim (and indeed, his entire opposition) is based on an inappropriate theory of "gotcha" litigation. Contrary to his argument, the granting of the amendment would not be a matter of allowing the defendants to reap the benefits of anything. Rather, the granting of the amendment is consistent with the Second Circuit's policy favoring the adjudication of cases on the merits. See Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 174 (2d Cir. 2001). The allowing of the amendment would simply formalize the positions taken by the defendants throughout this case. Specifically, the defendants have always denied any liability under all of Chardavoyne's theories. In fact, they filed counterclaims. They also moved for summary judgment on all of the theories asserted in the Second Amended Complaint, including conversion. Their Answer responded to the factual allegations supporting Chardavoyne's conversion claim, which were set forth in paragraph 1-54. (Def.'s 4/18/05 Ans. ¶¶ 1-54) By an obvious oversight, the Answer merely failed to respond to the conclusory allegations in paragraphs 55-57.

As Chardavoyne concedes, the granting of this motion is within the discretion of the Court. (Pl.'s Mem. at 2) Under the circumstances, allowing the amendment to correct the scrivener's error or oversight is proper. The granting of the motion is particularly appropriate because the omission in the Answer was obvious when viewed in the context of the defendants' other responses in their Answer, their counterclaims, their full defense of this litigation from the outset and their seeking summary judgment on the conversion claim.

---

[1]    The defendants' Answer did respond to paragraphs 1-54 of the conversion count. It responded to paragraphs 1-53 by referring to the defendants' responses to paragraphs 1-52. Paragraph 53 was the first paragraph of the conversion count. It incorporated the previous 52 paragraphs.

Chardavoyne's second claim is similarly misplaced.  Good cause does exist for allowing the defendants to amend their Answer to deny the allegations in paragraphs 55 through 57.  In Villante v. Vandyke, 93 Fed. Appx. 307, 309 (2d Cir. 2004), the Second Circuit adopted this Court's analysis from Bayonne v. Pitney Bowes, Inc., 2004 WL 169285 (D.Conn. Jan. 12, 2004)(Egington, J.), to identify the factors to be considered when evaluating good cause.  In Bayonne, this Court described the requisite analysis as follows:

> Under Rule 16(b), a court may exercise its discretion to deny an amendment because of the moving party's undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previously allowed amendment, undue prejudice to the opposing party or futility of the amendment…
>
> The decision to permit amendment of the proposed joint pretrial order rests within discretion of the Court and should be granted when 'the interest of justice makes such a course desirable.'…In making such a determination, *the court should balance 'the need for doing justice on the merits' against judicial efficiency….The court should also 'consider whether any prejudice to the opposing side will result.'*

Villante, 93 Fed. Appx. at 309 (quoting Bayonne, 2004 WL 169285, at *1-2)(emphasis added).

Here, the "need for doing justice on the merits" heavily outweighs any competing interests.  In fact, as demonstrated above, the granting of the motion will not cause any delay.  Nor will it prejudice Chardavoyne in any manner.  Accordingly, the Court should grant the defendants' motion.

## II.    THE COURT SHOULD ALLOW THE AMENDMENT TO ADD THE DEFENSE OF IMPLIED RATIFICATION

Chardavoyne's opposition memorandum does not address the defendants' request to amend their Answer by adding the defense of implied ratification.  Rather, his opposition is limited exclusively to the defendants' request to add the defense of express ratification based on the December 2005 corporate resolutions.  Accordingly, the Court should grant this portion of

the motion as unopposed. <u>See</u> <u>Clark v. Martinez</u>, 295 F.3d 809, 815 (8th Cir. 2002)(consent to

amendment of issues actually tried can be implied from lack of opposition); Fed. R. Civ. P.

15(b). In addition to the lack of any opposition, good cause exists for allowing the addition of

the implied ratification defense.

At the outset, assuming that the complaint has been amended to allege a breach of

contract claim based on a lack of authorization or violation of the bylaws, (see § V below), the

defense of implied ratification applies to the circumstances at issue and bars any such claim.[2]  In

particular, it is well-established that "[i]f a corporate officer...performs an act...without being

authorized so to do, but which could have been authorized in the first instance by the Board of

Directors...such...transaction may nevertheless become binding on the company if ratified

expressly or by implication." <u>Hannigan v. Italo Petroleum Corp. of Am.</u>, 47 A.2d 169, 171 (Del.

1945). "Ratification is a concept deriving from the law of agency which contemplates the *ex*

*post* conferring upon or confirming of the legal authority of an agent in circumstances in which

the agent had no authority or arguably had no authority" <u>Lewis v. Vogelstein</u>, 699 A.2d 327,

334 (Del. Ch. 1997). "One way of conceptualizing [its] effect is that it provides, after the fact,

the grant of authority that may have been wanting at the time of the agent's act." <u>Id.</u> at 334-35.[3]

---

[2]/     In fact, if Chardavoyne is allowed to pursue a claim based on an alleged lack of
authorization or violation of the bylaws, he will have the burden of proof to establish that his
termination was not authorized, including a lack of ratification. In any event, the claim fails as a
matter of law.

[3]/     <u>See</u> <u>also</u> <u>Michelson v. Duncan</u>, 407 A.2d 211, 219 (Del. 1979)("It is the law of Delaware,
and general corporate law, that a validly accomplished...ratification relates back to cure
otherwise unauthorized acts of officers and directors."); <u>Schreiber v. Bryan</u>, 396 A.2d 512, 518
(Del. Ch. 1978)("[T]he general rule of law is that...ratification cures a voidable wrong...and that
such ratification relates back to the time of the act and is thus the equivalent of original
authority.").

In the instant case, the application of implied ratification bars Chardavoyne's claim, as it has apparently been redefined by his April 28, 2006 memorandum in opposition to the motion for summary judgment. The factual basis for applying implied ratification is the defendants' conduct from the negotiations related to the execution of the Employment Agreement in 1999 through the present. For example, in response to Chardavoyne's and his attorney's comments shortly after the May 29, 2002 meeting, the defendants had their attorney communicate with Chardavoyne's attorney. (Def.'s S.J. Ex. 10, Aff. of Atty. Gerald Richardson) They did not revoke the notice of termination given to Chardavoyne at the May 29 meeting. When the one year notice period ended, Chardavoyne's salary payments ended. Similarly, in response to the filing of this lawsuit in 2003, the defendants retained counsel and filed an Answer denying the allegations. They also filed counterclaims. Thus, the defendants' conduct establishes that there was an implied ratification of the removal of Chardavoyne and all of the related actions.

Prejudice to the non-moving party is the touchstone for the denial of an amendment. Morton International, Inc. v. A.E. Stanley Mfg. Co., 106 F.Supp.2d 737, 745 (D.N.J. 2000). "Incidental prejudice is not a sufficient basis for the denial of a proposed amendment." Id. "Prejudice becomes undue when a party shows that it would be 'unfairly prejudiced' or deprived of the opportunity to present facts or evidence which it would have offered." Id. "The test for prejudice is whether the non-moving party will be denied 'a fair opportunity to defend and offer additional evidence' to address the amendment." Id.

Here, the defendants' conduct towards Chardavoyne since 1999 and in particular, since the May 29 meeting, has been the subject of discovery. That conduct forms the basis for applying implied ratification. Accordingly, the Court should grant this portion of the motion to amend because (a) good cause exists, as the need to resolve the merits heavily outweighs any

competing factors, (b) Chardavoyne will not suffer any undue prejudice, (c) there will not be any delay and (d) there was no bad faith in the filing of the motion. See Villante, 93 Fed. Appx. at 309; Bayonne, 2004 WL 169285, *1-2.

## III.   THE COURT SHOULD ALLOW THE AMENDMENT TO ADD THE DEFENSE OF EXPRESS RATIFICATION

Chardavoyne claims that the Court should deny the defendants' request to add the defense of express ratification because he will suffer undue prejudice. (Pl.'s Mem. at 7-9)  More specifically, he maintains that the amendment should be denied because it is made after the close of discovery and he will have to take a deposition regarding the passage of the corporate resolutions in December 2005.

Chardavoyne's claim is misplaced.  Under Villante and Bayonne, the defendants' motion should be granted.  Specifically, any additional discovery that Chardavoyne wishes to take regarding the corporate resolutions would be extremely limited.  Thus, any discovery, to the extent that Chardavoyne actually intends to take it, could be handled within a very short period of time.  In fact, it should be satisfied with one deposition.  Thus, there would not be any undue prejudice to Chardavoyne and there would not be an undue delay.  See Bayonne, 2004 WL 169285, *2 (allowing amendment, despite expansion of discovery).[4]

Here, the additional discovery would not unduly delay the resolution of this case.  No date has been set for the trial.  Further, this Court has a significant amount of legal analysis to

---

[4]   Delay alone does not justify the denial of leave to amend. Security Ins. Co. v. Kevin Tucker & Assocs., Inc., 64 F.3d 1001, 1009 (6th Cir. 1995). "'Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow the amendment of a pleading.'" Id. Thus, "[g]eneral, non-specific assertions of prejudice are not sufficient [as a ground for denying a motion to amend]." Zurich Am. Ins. Co. v. International Fidelity Ins. Co., 204 F.R.D. 111, 112 (N.D. Ill. 2001). "Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail." Security Ins., 64 F.3d at 1009.

conduct in connection with the defendants' motion for reconsideration of the ruling denying the summary judgment motion. While the Court is conducting its analysis or shortly thereafter, there is or will be a window of time to conduct the limited discovery that Chardavoyne might seek. Moreover, under <u>Villante</u> and <u>Bayonne</u>, the need to address the merits heavily outweighs the inconvenience of a short delay, if there is any delay at all. Finally, given that Chardavoyne did not argue, as part of his opposition to the summary judgment motion, that ratification had to be pled as a defense, the defendants should not be punished for raising the issue with the Court now, as opposed to raising it in the midst of a trial, assuming it even became an issue. See <u>Clark</u>, 295 F.3d at 815 (consent to amendment of issues actually tried can be implied from lack of opposition); Fed. R. Civ. P. 15(b). (See also n.2 above) Accordingly, the Court should grant this portion of the motion.

## IV.  THE COURT SHOULD ALLOW THE AMENDMENT TO ADD THE DEFENSE OF ERISA PREEMPTION

Chardavoyne advances three claims in opposition to the defendants' motion to amend their Answer by adding the defense of preemption under ERISA. First, he argues that the motion should be denied because the defendants "did not even raise the defense of preemption in their Motion for Summary Judgment, but merely attempt to amend their Answer...." (Pl.'s Mem. at 7) Second, he contends that the defendants have not established good cause. (<u>Id.</u>) Finally, he maintains that allowing the amendment would prejudice him since the motion was filed after defendants filed their motion for summary judgment. (<u>Id.</u>)

Each of Chardavoyne's claims is without merit. With regard to his first claim, the Court need only review pages 34 through 35 of the defendants' December 16, 2005 memorandum to see that they sought summary judgment based on ERISA preemption.

7

Chardavoyne's second claim is similarly misplaced. Good cause exists for allowing the defendants to assert ERISA preemption. Under <u>Villante</u> and <u>Bayonne</u>, "the need for doing justice on the merits" heavily outweighs any competing interests and judicial efficiency will not be adversely impacted by the amendment. The issue of ERISA preemption was raised by the defendants in their motion for summary judgment. Chardavoyne briefed the issue in his opposition memorandum. The adjudication of the issue is currently before the Court as part of the defendants' motion for reconsideration.

Chardavoyne's final claim is also misplaced. There is no time limitation on the filing of a motion to amend. Moreover, Chardavoyne will not be unduly prejudiced by the granting of the amendment, as he briefed the issue of ERISA preemption in his opposition to the summary judgment motion and he has not identified a need for any additional discovery on the issue. Thus, Chardavoyne's vague reference to an unidentified prejudice is not a basis for denying this portion of the motion to amend. <u>Zurich Am. Ins.</u>, 204 F.R.D. at 112.

## V. THE GRANTING OF THE MOTION IS APPROPRIATE BASED ON THE DE FACTO AMENDMENTS THAT CHARDAVOYNE IS SEEKING AND/OR HAS BEEN EFFECTIVELY GRANTED BY THE SUMMARY JUDGMENT RULING

Consistent with the reasoning in <u>Villante</u> and <u>Bayonne</u> and in the interest of equity, the granting of the motion to amend is further justified under the de facto amendment that Chardavoyne is seeking (and which he may have already been granted). More specifically, a comparison of Chardavoyne's opposition memorandum to the defendants' summary judgment motion and the Second Amended Complaint reveals that despite not alleging it as a basis for his breach of contract claim (or any of his other claims), Chardavoyne is apparently basing his claim on a theory that the Employment Agreement was breached because his termination was not authorized or carried out in compliance with the defendants' by-laws. A review of the July 13,

8

2006 Ruling reveals that the Court apparently considers the authority for Chardavoyne's termination to be an issue for the jury, despite there not being any corresponding or underlying cause of action pled in the operative complaint. (See Second Am. Compl, First Count, ¶¶ 34-35)

Similarly, unless the Court reconsiders the July 13 Ruling, it appears that the Court is going to allow Chardavoyne to maintain a breach of contract claim against TWNA under the Employment Agreement based on its finding that some salary payments were made to Chardavoyne by TWNA. It appears that the Court will allow this theory to proceed, despite the fact that there is no allegation that the terms of the agreement were ever amended by the source of some payments. A review of the express terms of the agreement and the application of the case law governing contract interpretation requires the entry of a judgment in favor of TWNA, as it is not a party to the Employment Agreement. Nevertheless, unless it grants reconsideration, the Court is apparently allowing Chardavoyne to assert a contract claim based on a second theory that is not alleged in the complaint. In other words, the Court has effectively allowed Chardavoyne to amend his complaint via his opposition to the motion for summary judgment.

Consequently, if the Court is going to allow Chardavoyne to present theories to the jury which are not alleged in the operative complaint, it should grant the defendants' motion to amend, which seeks to assert defenses to the non-alleged theories relied upon by Chardavoyne. Indeed, as lack of authority was not a basis for any of Chardavoyne's claims, which are actually pled in the complaint, there was no need for the defendants to raise ratification until after the filing of Chardavoyne's April 28, 2006 opposition to the summary judgment motion.

Moreover, any delay by the defendants in formally seeking the amendment was justifiable and is excusable. The defendants' undersigned counsel appeared in this case on February 28, 2005, more than 2 years after the case was commenced. Previous counsel withdrew

at that time. Chardavoyne's deposition was taken on September 2, 2005. The defendants filed their motion for summary judgment on December 16, 2005. As part of their motion, they raised the issues of ratification and ERISA preemption. They also sought judgment on the conversion claim.

Four motions for extensions of time and 132 days later, Chardavoyne filed his opposition to the defendants' motion on April 28, 2006. As part of his opposition, Chardavoyne briefed and responded to the issue of ratification. He did not argue (then or now) that ratification had to be pled as an affirmative defense. He also briefed the issues of ERISA preemption and the validity of the conversion claim. By a July 7 order, the Court set the due date for the defendants' reply brief at August 10. However, on July 13, the Court entered a ruling denying the defendants' motion for summary judgment.

Consequently, any claim of undue delay by the defendants filing the instant motion on August 18 is misplaced. As demonstrated above, any delay was justified and is excusable. In particular, the issues of ratification and ERISA preemption were raised in the motion for summary judgment filed in December 2005. The motion also challenged the validity of the conversion count. Chardavoyne's opposition briefed those issues. The defendants would have provided further briefing on the issues if their reply brief, which was due to be filed on August 10, was not preempted by the July 13 Ruling. They have continued to brief and raise the issues of ratification, ERISA preemption and the invalidity of the conversion claim in their motion for reconsideration.

Thus, it was reasonable for the defendants to rely on the summary judgment proceedings to raise and address the issues of ratification and ERISA preemption. Accordingly, any delay in the filing of a formal motion to amend on August 18 was justifiable and is excusable.

Respectfully submitted,

**THE DEFENDANTS**
**THAMES WATER HOLDINGS,**
**INCORPORATED and THAMES**
**WATER NORTH AMERICA, INC.**

By: _____

Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West,
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson, III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Their Attorneys

## **CERTIFICATION**

This is to certify that on this 6th day of October, 2006, a copy of the foregoing was caused to be mailed, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT  06901-2689


_____
Ralph W. Johnson, III

889239_1 DOC