UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE ) | |
| ) | CASE NUMBER: |
| Plaintiff, ) | 3:03CV56 (WWE) |
| ) | |
| vs. ) | |
| ) | |
| THAMES WATER HOLDINGS ) | |
| INCORPORATED, THAMES WATER ) | |
| NORTH AMERICA INC., ) | |
| ) | |
| Defendants. ) | November 9, 2006 |

**APPLICATION FOR PREJUDGMENT REMEDIES AND TEMPORARY RESTRAINING ORDER TO PREVENT IMPENDING FRAUDULENT TRANSFER OF DEFENDANTS' ASSETS**

**TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT AT BRIDGEPORT**

The undersigned represents:

1. That David E. Chardavoyne ("Chardavoyne" or "Plaintiff") has commenced an action against Thames Water Holdings Incorporated and Thames Water North America Inc. (collectively, the "Defendants") of 1025 Laurel Oak Road, Voorhees, New Jersey 08043 pursuant to Writ, Summons and Complaint filed on January 8, 2003, as last amended on March 9, 2005.

2. By order dated July 14, 2006 this Court denied Defendants' Motion for Summary Judgment as to all claims of the complaint, which include contract damages, conversion, statutory wages, punitive damages and attorneys' fees. Accordingly, and by undisputed statutory definition: (i) Plaintiff has a "claim" against Defendants pursuant to the Uniform Fraudulent Transfer Act ("UFTA"); (ii) Plaintiff is a "creditor" under the UFTA; and (iii) Defendants are "debtors" under the UFTA. CONN. GEN. STAT. § 52-552a et seq.

- 2 -

3. Plaintiff and undersigned counsel for Plaintiff confirmed for the first time on November 8, 2006 that a petition before the New Jersey Board of Public Utilities ("BPU"), Docket No. WM0603025, seeking approval to allow "the Merger of Elizabethtown Water Company and the Mount Holly Water Company Into New Jersey American Water Company" is on the agenda for the executive session and for consent beginning at 10:00 a.m. on November 9, 2006 in Newark, New Jersey. See Exhibit A, annexed hereto.

4. Upon information and belief, and as separately set forth in the affidavit of David E. Chardavoyne dated November 8, 2006, Elizabethtown Water Company and the Mount Holly Water Company are the sole remaining assets of Defendants. Further upon information and belief, upon merger, which can occur upon consent and approval as is on the agenda for November 9, 2006 before the New Jersey BPU, Defendants will be rendered "insolvent" for purposes of the UFTA. See §§ 52-552e-f; Exhibit A.

5. There is probable cause to believe that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in this matter in Plaintiff's favor and that to secure the judgment Plaintiff seeks an order from this Court directing (i) that the following prejudgment remedy be granted to secure the sum of $2,000,000.00, and (ii) until such time Defendants are temporarily restrained against any transfer of property that would render Defendants insolvent as to such sum secured in favor of Plaintiff:

    a. Attachment of sufficient property of the Defendants to secure such sum;

    b. Attachment of any and all dividends and/or corporate distributions, accounts receivable, cash, cash equivalents, monies, credits, revenues, contract payments,

payments, and/or all other rights or interests transferred or distributed to the possession, custody or control of Defendant's agents, debtors, and/or trustees;

      c.    Attachment of Defendants' rights, title, and interests in E'Town Corporation, including without limitation any and all dividends and/or other corporate distributions, accounts receivable, cash, cash equivalents, monies, credits, revenues, contract payments, payments, and/or all other rights or interests transferred or distributed from E'Town Corporation to the possession, custody or control of Defendants and its agents, debtors, and/or trustees;

      d.    Attachment of Defendants' rights, title, and interests in Elizabethtown Water Company, including without limitation any and all dividends and/or other corporate distributions, accounts receivable, cash, cash equivalents, monies, credits, revenues, contract payments, payments, and/or all other rights or interests transferred or distributed from Elizabethtown Water Company to the possession, custody or control of Defendants and its agents, debtors, and/or trustees; and

      e.    Attachment of Defendants' rights, title, and interests in Mount Holly Water Company, including without limitation any and all dividends and/or other corporate distributions, accounts receivable, cash, cash equivalents, monies, credits, revenues, contract payments, payments, and/or all other rights or interests transferred or distributed from Mount Holly Water Company to the possession, custody or control of Defendants and its agents, debtors, and/or trustees.

The undersigned further represents:

      6.    That Defendants currently are not insolvent by reason that Defendants own or control interests in Elizabethtown Water Company and the Mount Holly Water Company,

including without limitation such interests held directly and through an affiliated special purpose entity, E'Town Corporation, and including without limitation any and all dividends and/or other corporate distributions, accounts receivable, cash, cash equivalents, monies, credits, revenues, contract payments, payments, and/or all other rights or interests transferred or distributed from Elizabethtown Water Company and Mount Holly Water Company to the possession, custody or control of Defendants, their agents, debtors, and/or trustees.

7. That Plaintiff has reason to believe that Defendants do not intend to pay their debts owed to Plaintiff as set forth in the claims of the Complaint, and that Defendants intend to pay funds received and/or assets owned to others, including without limitation the New Jersey American Water Company, Inc. and RWE AG, a publicly held company organized and existing under the laws of the Federal Republic of Germany and the ultimate parent company of the Defendants.

8. That Plaintiff is likely to succeed on the merits of the claims of its Complaint, and to secure his interest in the amount of $2,000,000.00 due from Defendants and prevent irreparable injury to the Plaintiff, Plaintiff seeks a temporary restraining order barring Defendants from assigning, disposing of, encumbering, secreting, or removing assets to avoid prejudgment remedies in favor of Plaintiff pending further order of this Court.

{00272377; 1; 1103-2}

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests that its application for prejudgment remedies be granted.

```
                                PLAINTIFF
                                DAVID E. CHARDAVOYNE


                        By: _____
                                Patrick J. McHugh (ct14072)
                                Finn Dixon & Herling LLP
                                177 Broad Street
                                15th Floor
                                Stamford, CT  06901-2048
                                Telephone: (203) 325-5000
                                Facsimile: (203) 325-5001
                                E-mail:  pmchugh@fdh.com
```

## **CERTIFICATION**

This is to certify that a true and correct copy of the foregoing was delivered by United States Mail, first class, postage-prepaid and by facsimile to the following this 9th day November, 2006:

> Stephen B. Fogerty, Esq.
> Halloran & Sage LLP
> 315 Post Road West
> Westport, Connecticut 06880
> Telephone: 203-227-2855
> Facsimile: 203-227-6992
>
> Ralph W. Johnson, III, Esq.
> Halloran & Sage LLP
> One Goodwin Square
> 225 Asylum Street
> Hartford, Connecticut 06103
> Telephone: 860-297-4646
> Facsimile: 860-548-0006

_____
Patrick J. McHugh



**STATE OF NEW JERSEY**
**Board of Public Utilities**
**Two Gateway Center**
**Newark, New Jersey 07102**

**AGENDA FOR BOARD MEETING**
**THURSDAY, NOVEMBER 9, 2006**
**10:00 a.m. – NEWARK**
**EXECUTIVE SESSION***

*(Open Session will not reconvene until 11:00 p.m., at the earliest, following the conclusion of the Executive Session, which will commence at 10:00 p.m.)*

1. **CLEAN ENERGY**

   B. Non-Docketed Matter - In the Matter of the Clean Energy Program – Release of the Scope of Work for Proposals for Auditing Services from Contracted Financial Auditing Firms: New Jersey's Clean Energy Program 2004 through 2006.

9. **MISCELLANEOUS**

   A. Non-Docketed Matter - In the Matter of the RFP for Management Consulting: 360 Degree Feedback Evaluation Services – Consideration of Evaluation Committee's Recommendation.



**STATE OF NEW JERSEY**
**Board of Public Utilities**
**Two Gateway Center**
**Newark, New Jersey 07102**

**AGENDA FOR BOARD MEETING**
**THURSDAY, NOVEMBER 9, 2006**
**11:00 a.m. – NEWARK**
**CONSENT AGENDA**

I.  **CLEAN ENERGY**

   NO ITEMS FOR CONSIDERATION

II. **ENERGY**

   NO ITEMS FOR CONSIDERATION

III. **CABLE TELEVISION**

   NO ITEMS FOR CONSIDERATION

IV. **TELECOMMUNICATIONS**

   A. Docket No. TM06080616 - In the Matter of the Joint Petition for Approval to Transfer Control of US LEC of Pennsylvania, Inc. and US LEC of Pennsylvania, Inc. and Paetec Communications, Inc. to Participate in Related Debt Financing Arrangements.

   B. Docket No. TM06090641 – In the Matter of the Verified Joint Petition of Megapath, Inc. and DSL.NET, Inc. for Approval of the Transfer of Control of DSLNET Communications, LLC.

   C. Docket No. TF06090631 – In the Matter of the Joint Verified Petition of StarVox Communications, Inc. and Capital Telecommunications, Inc. for Approval of a Financing Arrangement.

   D. Docket Number TX06030230 - In the Matter of the Proposed Readoption with Amendments of N.J.A.C. 14:10 the Board's Telecommunication Rules – Nunc Pro Tunc Extension of Public Comment Period.

V. **WATER**

   NO ITEMS FOR CONSIDERATION

VI. **RELIABILITY AND SECURITY**

   NO ITEMS FOR CONSIDERATION

VII.  **CUSTOMER ASSISTANCE**

    A.    Docket Nos. BPU EC05110988U and OAL PUC 03889-06 – In the Matter of Margret Friedrich, Petitioner, v. Public Service Electric and Gas Company, Respondent.

    B.    Docket Nos. BPU EC06040319U and OAL PUC 7248-06 – In the Matter of City Beans Company, Inc., Petitioner, v. Public Service Electric and Gas Company, Respondent.

    C.    Docket Nos. BPU TC06070526U and OAL PUC 9708-06 – In the Matter of William Pell, Petitioner v. Spectrotel Telephone Company, Respondent.

    D.    Docket Nos. BPU TC05040346U and OAL PUC 11853-05 – In the Matter of Joseph Fournier, Petitioner v. Verizon New Jersey, Inc. and MCI Worldcom, a/k/a MCI, Respondents – Order of Extension.

    E.    Docket Nos. BPU WC04111529U and OAL PUC 574-05 – In the Matter of Laurence A. Hecker, Petitioner, v United Water Toms River, Respondent – Order of Extension.

VIII.  **AUDITS**

    A.    Docket No. TE06060469 - In the Matter of the Petition of Nextlink Wireless, Inc. for a Certificate of Public Convenience and Necessity to Provide Facilities-Based and Resold Local Exchange and Interexchange Telecommunications Services throughout the State of New Jersey.

    B.    In the Matter of Public Utilities Natural Gas or Electric Power Supplier Renewal Licenses – Energy Agent, Private Aggregator Renewal Registrations:

**Green Power Marketers Renewal Licenses**

| | | |
|---|---|---|
| EE06080565L | Green Mountain Energy Company | R-GPM |
| EE06080597L | Community Energy, Inc. | R-GPM |

    C.    In the Matter of Public Utilities Natural Gas or Electric Power Supplier Renewal Licenses – Energy Agent, Private Aggregator Renewal Registrations:

**Private Aggregator Renewal Registration**

| | | |
|---|---|---|
| EE06080564L | New Jersey Business & Industry Association (NJBIA) | R-PA |

**Energy Agent and Private Aggregator Final Registrations**

| | | |
|---|---|---|
| GE06090658L | I.C. Thomasson, Inc. & | F-EA/PA |
| EE06090659L | d/b/a I.C. Thomasson Associates, Inc. | |

IX.  **MISCELLANEOUS**

    A.    Non-Docketed Matter – Applicable Interest Rate on Deposits for Calendar Year 2007.



**STATE OF NEW JERSEY
Board of Public Utilities
Two Gateway Center
Newark, New Jersey 07102**

**AGENDA FOR BOARD MEETING
THURSDAY, NOVEMBER 9, 2006
11:00 a.m. – NEWARK
AGENDA**

1. **CLEAN ENERGY**

    A. Docket No. EO06020118 - In the Matter of Renewable Energy Advanced Power Program (REAP) with Warren County Landfill Energy LLC (WCLE); and

    Docket No. EO06020116 – In the Matter of Renewable Energy Advanced Power Program (REAP) with Ocean County Landfill Gas to Energy Project.

    B. Non-Docketed Matter - In the Matter of the Clean Energy Program – Release of the Scope of Work for Proposals for Auditing Services from Contracted Financial Auditing Firms: New Jersey's Clean Energy Program 2004 through 2006 – **See Executive Session**.

    C. Docket No. EO06100744 - In the Matter of the Recommendation for Alternative Compliance Payments and Solar Alternative Compliance Payments - Request for Public Comments.

    D. Docket No. EX04040276 – In the Matter of the Comprehensive Energy Efficiency and Renewable Energy Resource Analysis for 2005-2008 - Interim CORE Budget.

2. **ENERGY**

    A. Docket No. EX05080733 – In the Matter of the Proposed Readoption of N.J.A.C. 14:4 Energy Competition Standards; and Creation of N.J.A.C. 14:8, Renewable Energy and Energy Efficiency – Partial Adoption, Including all Non-RPS Provisions.

    B. Docket No. EX04060468 – In the Matter of the Provision of Basic Generation Service (BGS) - Use of Retail Margin Revenue to: (1) Perform Electronic Data Interchange (EDI) Oversight and (2) Provide Commercial Industrial Energy Price (CIEP) Education EDI Report and Payment of Holdback.

    C. Docket No. GR06050409 - In the Matter of Public Service Electric and Gas Company's 2006/2007 Annual BGSS Commodity Charge Filing for its Residential Gas Customers Under its Periodic Pricing Mechanism and for Changes in the Gas Tariff Pursuant to N.J.S.A. 48:2-21 and N.J.S.A. 48:2-21.1 – Stipulation of Settlement.

2.  **ENERGY (CONT')**

    D.  Docket No. EO06020119 - In the Matter of the Provision of Basic Generation Service (BGS) for the Period Beginning June 1, 2007 – Electric Distribution Companies' (EDCs) - BGS Compliance Filings.

    E.  Non-Docketed Matter – In the Matter of a Request by PJM Interconnection LLC for Responses to a Strategic Planning Questionnaire.

    F.  Docket No.GR05100845 - In the Matter of the Petition of Public Service Electric and Gas Company for Approval of an Increase in Gas Rates, Depreciation Rates for Gas Property and for Changes in the Tariff for Gas Service, B.P.U.N.J. No. 13, Gas Pursuant to N.J.S.A. 48:2-18, 48:2-21 and 48:2-21.1 - Initial Decision.

    G.  Docket No. ER02050303 - In the Matter of the Petition of Public Service Electric and Gas Company for Approval of Changes in Electric Rates, for Changes in the Tariff for Electric Service, B.P.U.N.J. No. 14 Electric Pursuant to N.J.S.A. 48:2-21 and N.J.S.A. 48:2-21.1 for Changes in its Electric Depreciation Rates Pursuant to N.J.S.A. 48:2-18 and for Other Relief - Stipulation of Settlement.

3.  **CABLE TELEVISION**

    NO ITEM FOR CONSIDERATIONS

4.  **TELECOMMUNICATIONS**

    NO ITEM FOR CONSIDERATIONS

5.  **WATER**

    A.  Docket No. WM06030253 – In the Matter of the Joint Petition of New Jersey American Water Company, Inc., Elizabethtown Water Company, and the Mount Holly Water Company for Approval of the Merger of Elizabethtown Water Company and the Mount Holly Water Company Into New Jersey American Water Company and for Related Authorizations.

6.  **RELIABILITY AND SECURITY**

    NO ITEM FOR CONSIDERATIONS

7.  **CUSTOMER ASSISTANCE**

    NO ITEM FOR CONSIDERATIONS

Agenda for Board Meeting
Thursday, November 9, 2006

8. **AUDITS**

   A.  Docket Nos. EX02060363 and EA02060364 – In the Matter of the Deferred Balances Audit of Atlantic City Electric Company Phase II: August 1, 2002 through July 31, 2003.

9. **MISCELLANEOUS**

   A.  Non-Docketed Matter - In the Matter of the RFP for Management Consulting: 360 Degree Feedback Evaluation Services – Consideration of Evaluation Committee's Recommendation – **See Executive Session**.