IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 3:03-CV-56 (WWE) |
| VS. | : | |
| | : | |
| THAMES WATER HOLDINGS | : | |
| INCORPORATED, THAMES WATER | : | |
| NORTH AMERICA, INC. | : | |
| Defendants. | : | APRIL 24, 2007 |

## MOTION TO STRIKE AND MEMORANDUM IN SUPPORT THEREOF AND MOTION FOR EXTENSION OF TIME

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 7, the defendant, Thames Water Holdings Incorporated ("TWH") hereby moves to strike the plaintiff's third amended complaint dated March 20, 2007 (the "complaint"). As demonstrated below, the plaintiff's complaint does not comply with the Court's instructions regarding the filing of an amended complaint, which were set forth at page 14 of the March 5, 2007 ruling on the defendants' motion for reconsideration. Instead, the plaintiff continues to assert allegations related to claims that summary judgment has been entered on. Accordingly, the plaintiff's complaint should be stricken.

With the striking of the complaint, the plaintiff should be required to file a new complaint that complies with the March 5 Ruling. TWH requests 20 days after the filing of the plaintiff's new complaint to file its responsive pleading. In the alternative, if the Court denies the instant motion, TWH requests that its deadline for the filing of a responsive pleading be set at 20 days from the entry of the Court's ruling on this motion.

## BACKGROUND

### I. THE MARCH 5 RULING

On March 5, 2007, the Court entered a ruling granting the defendants' motion for reconsideration in part and denying it in part. More specifically, the March 5 Ruling concluded as follows:

> For the foregoing reasons, the Motion for Reconsideration [doc. #107] is GRANTED. Upon review, the Court VACATES its prior Ruling on Summary Judgment [doc. #102]. The Motion for Summary Judgment [doc. #85] is GRANTED in part and DENIED in part. The Court grants summary judgment on (1) all claims against TWNA; (2) plaintiff's breach of contract claims with the exception of the allegations concerning termination without authority claim and failure to provide stock shares; (3) on plaintiff's breach of the covenant of good faith and fair dealing claim with the exception of allegations concerning termination without authority and the failure to provide the stock shares; and (4) on the conversion claim. Plaintiff is instructed to amend his complaint consistent with this ruling within 15 days of this ruling's filing date.

(3/5/07 Ruling, at 14)

### II. THE THIRD AMENDED COMPLAINT

The plaintiff has filed a third amended complaint dated March 20, 2007. Paragraph 11 of it quotes and emphasizes the 12 month written notice provision of the Employment Agreement. Paragraph 12 of the complaint quotes section 5.3 of the Employment Agreement, which relates to insurance and retirement benefits.

Paragraphs 16 and 16(a) continue to allege that a letter provided to the plaintiff in May of 2002 was "not a notice of termination" under section 11.1 of the Employment Agreement. Paragraph 16(h) continues to maintain that the letter was not notice of termination under section 12.3 of the Employment Agreement.

2

Paragraph 19 of the complaint alleges that the plaintiff advised TWH and Thames Water North America ("TWNA") that the letter was not notice of termination as required by section 11.1 of the Employment Agreement. Paragraph 20 alleges, in part, that the plaintiff advised TWH and TWNA that the letter and the Draft Separation Agreement were not notice of termination because they did not comply with the requirements of the Employment Agreement. Paragraph 22 similarly refers to the issue of whether the letter constituted notice under the Employment Agreement.

Paragraph 25 of the complaint alleges that TWH has deprived or attempted to deprive the plaintiff of his rights under the Employment Agreement by (a) "falsely representing to Chardavoyne that the benefits of the Draft Separation Agreement were more favorable to Chardavoyne than the benefits secured by the Employment Agreement when in fact they were not"; (b) "failing and continuing to refuse to provide 'written notice' of termination as required by the Employment Agreement and Section 11.1 therein"; and (c) "contending that Defendant has given Chardavoyne notice of termination while simultaneously threatening to cut off his rights under the Employment Agreement if he sought employment elsewhere."

Count One of the complaint alleges breach of contract. Paragraph 28 incorporates by reference paragraphs 1 through 27 into the first count. Paragraph 32 of the first count alleges that TWH breached the Employment Agreement "as set forth above" and "without limitation," by the following:

> a. Defendant and certain employees within the Thames Water enterprise sought to compel or pressure Chardavoyne's resignation with 'immediate effect' in violation of the Employment Agreement's requirement that any termination must include 'not less than 12 months written notice.'
>
> . . .

> d. Defendant owes and has not paid Chardavoyne all payments due for company car-related expenses pursuant to Section 7 of the Employment Agreement. Defendant also demanded in violation of the Employment Agreement that Chardavoyne deliver the company car to New Jersey. The company car has now been retrieved by Defendant and returned to it.

(Third Am. Compl. ¶ 32(a), (d))

Count Two alleges breach of the implied covenant of good faith and fair dealing. In addition to incorporating paragraphs 1 through 33 from the first count, the plaintiff alleges in paragraph 38, in relevant part, as follows:

> Instead, Defendant turned against Chardavoyne in bad faith, not only to avoid the Employment Agreement but to injure him. As set forth above and in particular in Paragraph 25, Defendant purposely set out to harm and disadvantage Chardavoyne by seeking to compel or pressure his resignation with "immediate effect" in violation of the Employment Agreement;...threatening to withhold and cut off compensation, to which he has a right; and refusing to allow him to seek employment.

(Third Am. Compl., ¶ 38)

## STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[u]pon motion made by a party before responding to a pleading ..., the court may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." "Allegations relating to matters that previously have been declared insubstantial or irrelevant on a motion for summary judgment may be stricken as immaterial, ...." 5C Charles Allen Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1382, at 462-63 (3d ed. 2004). Consequently, where allegations related to claims which have been dismissed or on which summary judgment has been entered reappear in an amended pleading, the court should strike that pleading. See

Cognitest Corp. v. Riverside Publishing Co., 1995 WL 382984, at *4 (N.D. Ill. June 22, 1995);

Paul M. Harrod Co. v. A.B. Co., 194 F.Supp. 502, 204 (N.D. Ohio 1961).

## ARGUMENT

### I. THE THIRD AMENDED COMPLAINT SHOULD BE STRICKEN BECAUSE IT CONTINUES TO RELY ON ALLEGATIONS AND/OR ASSERT CLAIMS ON WHICH SUMMARY JUDGMENT HAS BEEN GRANTED

The March 5 Ruling directed the plaintiff to file an amended complaint which limited his breach of contract claim and his claim for breach of the implied covenant of good faith and fair dealing to "allegations concerning termination without authority and the failure to provide the stock shares." (3/5/07 Ruling, at 14) Also, at pages 10-11, the March 5 Ruling expressly granted summary judgment on the plaintiff's allegations of "false representations ... regarding the proposed separation agreement ...." At page 11, the ruling indicated that it would not allow an allegation that TWH refused to allow the plaintiff to seek other employment "to proceed to the jury as a stand-alone breach of contract claim." At page 12, the March 5 Ruling entered summary judgment on "claims related to [the plaintiff's] medical and retirement benefits," as it found them to be preempted by ERISA.

As demonstrated above, a review of the plaintiff's third amended complaint reveals that it does not comply with the March 5 Ruling. Rather, the plaintiff continues to include allegations related to: (1) an alleged lack of notice, (2) allegedly false representations regarding the draft separation agreement, (3) an alleged refusal to allow the plaintiff to seek employment and (4) an alleged demand that a company car be delivered to New Jersey. In addition to these allegations, the complaint continues to quote the section of the Employment Agreement related to insurance and retirement benefits.

Moreover, the complaint is less than clear on exactly which allegations form the basis of the breach of contract claim (Count One) and the breach of implied covenant of fair dealing claim (Count Two). Count One broadly refers to the allegations "set forth above" and notes that the breach of contract claim is not necessarily limited to the four sub-paragraphs in ¶ 32. (Third Am. Compl. ¶ 32 ("without limitation")) Similarly, Count Two incorporates the allegations from the first count and generally refers to the allegations in paragraph 25 as forming the basis for the claim for breach of the implied covenant of good faith and fair dealing. (Id. ¶ 38)

As the March 5 Ruling granted summary judgment on *all* of the plaintiff's breach of contract claims and claims for breach of the implied covenant of good faith and fair dealing, *except* as expressly identified, the plaintiff's repetition of dismissed allegations and less than specific bases for his claims, do not comply with the directions in the March 5 Ruling.

The March 5 Ruling defined the parameters within which this case is to be tried before a jury. Presumably, the plaintiff will seek to have a copy of the operative complaint given to the jury. TWH may object to that. However, in any event, the operative complaint should not contain allegations and claims which the Court has expressly entered judgment on. Indeed, the inclusions of such allegations and claims would most likely and unnecessarily confuse the jury.

Accordingly, the Court should strike the plaintiff's third amended complaint and direct him to file a new complaint which complies with the Court's instructions set forth at page 14 of the March 5 Ruling.

## II. THE COURT SHOULD GRANT TWH AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING

TWH also requests that the Court extend its deadline for the filing of a pleading in response to the third amended complaint until 20 days after the plaintiff files a complaint which complies with the March 5 Ruling. If the Court denies the instant motion, TWH requests that the

deadline for its responsive pleading be set at 20 days after the date the Court enters its ruling on the instant motion.

**WHEREFORE**, TWH requests that the Court grant its motion and strike the plaintiff's third amended complaint. TWH also requests that the Court set its deadline for filing its responsive pleading at 20 days after the plaintiff files a complaint that complies with the Court's March 5 Ruling. If the Court denies TWH's motion, TWH requests that the deadline for its filing a responsive pleading be set at 20 days from the date the Court enters its ruling on the instant motion.

Respectfully submitted,

**THE DEFENDANT**
**THAMES WATER HOLDINGS,**
**INCORPORATED**

By: _____
Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West,
Westport, Connecticut 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Its Attorneys

## **CERTIFICATION**

This is to certify that on this 24th day of April, 2007, the foregoing was caused to be mailed, postpaid to:

Patrick J. McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
One Landmark Square, Suite 1400
Stamford, CT 06901-2689

Ralph W. Johnson III

969733_1 DOC