IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE<br>Plaintiff, | : <br> : | CIVIL ACTION NO.<br>3:03-CV-56 (WWE) |
| VS. | : <br> : <br> : | |
| THAMES WATER HOLDINGS<br>INCORPORATED, THAMES WATER<br>NORTH AMERICA, INC.<br>Defendants. | : <br> : <br> : <br> : | JULY 3, 2007 |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE

Stephen P. Fogerty, Esq.
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson III, Esq.
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tel. No.: (860) 522-6103
Fax No.: (860) 548-0006
E-mail:   Johnsonr@halloran-sage.com

*Counsel for the Defendant,*
*Thames Water Holdings, Incorporated*

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ............................................................................. 1

ARGUMENT ........................................................................................................ 2

    I.    THE ALLEGATIONS IN THE FIRST COUNT RELATED TO THE NOTICE PROVISION VIOLATE THE MARCH 5 RULING AND SHOULD BE STRICKEN ............................................................ 2

    II.    THE ALLEGATIONS IN THE SECOND COUNT RELATED TO THE NOTICE PROVISION VIOLATE THE MARCH 5 RULING AND SHOULD BE STRICKEN ............................................................ 5

    III.    THE OPERATIVE COMPLAINT SHOULD NOT CONTAIN ALLEGATIONS THAT THE COURT HAS HELD TO BE PREEMPTED BY ERISA .................................................................................................. 6

    IV.    THE PLAINTIFF'S CASE LAW IS EITHER INAPPOSITE OR SUPPORTS THE GRANTING OF THE MOTION TO STRIKE ........................................ 8

CONCLUSION .................................................................................................... 9

## **PRELMINARY STATEMENT**

The defendant, Thames Water Holdings, Inc. ("TWH") submits this reply memorandum in further support of its motion to strike the plaintiff's third amended complaint. As demonstrated in TWH's initial memorandum and below, the plaintiff's complaint does not comply with the Court's instructions regarding the filing of an amended complaint, which were set forth at page 14 of the March 5, 2007 Ruling on the motion for reconsideration.

As the Court will recall, and a review of the second amended complaint will confirm, the second amended complaint did not expressly include a claim that the plaintiff suffered the termination of his position that lacked proper authority and that did not comply with corporate documents. The plaintiff first alluded to this theory in his opposition to the summary judgment motion. The Court believed that the second amended complaint was "susceptible to a broader interpretation" which included that theory. (3/5/07 Ruling, at 9) Thus, as part of its summary judgment ruling, the Court allowed the plaintiff an opportunity to amend his complaint to actually assert this new theory.

Instead of complying with the Court's ruling, the plaintiff continues to rely on claims and allegations on which summary judgment has been granted. Having given the plaintiff an opportunity to file a third amended complaint and clear instructions on the content of that complaint, the Court should not allow the plaintiff to continue to assert claims and allegations on which judgment has been entered. Accordingly, TWH's motion to strike should be granted.

## AGRUMENT

### I. THE ALLEGATIONS IN THE FIRST COUNT RELATED TO THE NOTICE PROVISION VIOLATE THE MARCH 5 RULING AND SHOULD BE STRICKEN

The March 5 Ruling held as follows:

> For the foregoing reasons, the Motion for Reconsideration [doc. #107] is GRANTED. Upon review, the Court VACATES its prior Ruling on Summary Judgment [doc. #102]. The Motion for Summary Judgment [doc. #85] is GRANTED in part and DENIED in part. The Court grants summary judgment on (1) all claims against TWNA; (2) plaintiff's breach of contract claims with the exception of the allegations concerning termination without authority claim and failure to provide stock shares; (3) on plaintiff's breach of the covenant of good faith and fair dealing claim with the exception of allegations concerning termination without authority and the failure to provide the stock shares; and (4) on the conversion claim. Plaintiff is instructed to amend his complaint consistent with this ruling within 15 days of this ruling's filing date.

(3/5/07 Ruling, at 14)

Despite the express language of the March 5 Ruling, the plaintiff maintains that his continuing to include allegations related to the notice provision in the Employment Agreement and the other allegations identified in TWH's motion are proper. (Pl.'s 5/29/07 Mem., at 6-7) Specifically, he contends that by its March 5 Ruling, "the Court coupled the Notice Provision Allegations with the evidence of a lack of authority and non-compliance with governing corporate documents to find genuine issues of material fact necessitating denial of summary judgment." (Id. at 7) Thus, the plaintiff argues that "the Notice Provision Allegations are relevant, ... and ... are properly included in the third amended complaint." (Id.)

The plaintiff's argument is without merit. It has no basis in the language of the March 5 Ruling. As quoted above, the ruling held that summary judgment was entered on all "breach of contract claims with the exception of the allegations concerning termination without authority

2

claim and failure to provide stock shares." (3/5/07 Ruling, at 14) The Court granted summary judgment on all allegations, including the notice provision allegations, "except" for "the allegations concerning termination without authority claim and failure to provide stock shares." (Id.) The March 5 Ruling is clear and it is the law of the case. The notice allegations are *not* "allegations concerning termination without authority." Nor are they allegations concerning the "failure to provide stock shares." Consequently, the inclusion of the detailed and extensive allegations related to the notice provision from the Employment Agreement violates the Court's instruction that the plaintiff file an amended complaint "consistent with" the March 5 Ruling.

Having granted summary judgment in favor of TWH, the Court should not allow the plaintiff to continue to assert claims and allegations that have been dismissed. The plaintiff's continued inclusion of the notice allegations and the other allegations identified in TWH's motion amounts to an effort to undo the summary judgment ruling. As summary judgment has been entered on these allegations, they have no relevance to this case and can only serve to confuse the jury. Such confusion will improperly prejudice TWH.

Accordingly, the Court should grant TWH's motion and strike all references to the notice provision of the Employment Agreement as well as the other claims and allegations that are contrary to the March 5 Ruling. In particular, paragraph 11 of the third amended complaint quotes and emphasizes the 12 month written notice provision of the Employment Agreement. Paragraphs 16 and 16(a) continue to allege that a letter provided to the plaintiff in May of 2002 was "not a letter of termination" under section 11.1 of the Employment Agreement. Paragraph 16(h) continues to maintain that the letter was not notice of termination under section 12.3 of the Employment Agreement. Paragraph 19 alleges that the plaintiff advised TWH and Thames Water North America ("TWNA") that the letter was not a notice of termination as required by

3

section 11.1 of the Employment Agreement. Paragraph 20 alleges, in part, that the plaintiff advised TWH and TWNA that the letter and the Draft Separation Agreement were not notice of termination because they did not comply with the requirements of the Employment Agreement. Paragraph 22 similarly refers to the issue of whether the letter constituted notice under the Employment Agreement.

Paragraph 25 of the complaint alleges that TWH has deprived or attempted to deprive the plaintiff of his rights under the Employment Agreement by (a) "falsely representing to Chardavoyne that the benefits of the Draft Separation Agreement were more favorable to Chardavoyne than the benefits secured by the Employment Agreement when in fact they were not"; (b) "failing and continuing to refuse to provide 'written notice' of termination as required by the Employment Agreement and Section 11.1 therein"; and (c) "contending that Defendant has given Chardavoyne notice of termination while simultaneously threatening to cut off his rights under the Employment Agreement if he sought employment elsewhere."

Count One of the complaint alleges breach of contract. Paragraph 28 incorporates by reference paragraphs 1 through 27 into the first count. Paragraph 32 of the first count alleges that TWH breached the Employment Agreement "as set forth above" and "without limitation," by the following:

> a. Defendant and certain employees within the Thames Water enterprise sought to compel or pressure Chardavoyne's resignation with 'immediate effect' in violation of the Employment Agreement's requirement that any termination must include 'not less than 12 months written notice.'
>
> ...
>
> d. Defendant owes and has not paid Chardavoyne all payments due for company car-related expenses pursuant to Section 7 of the Employment Agreement. Defendant also demanded in violation of the Employment Agreement that Chardavoyne

4

> deliver the company car to New Jersey. The company car has now been retrieved by Defendant and returned to it.

(Third Am. Compl. ¶ 32(a), (d))

As demonstrated above and in TWH's initial memorandum, these allegations should be stricken.

## II. THE ALLEGATIONS IN THE SECOND COUNT RELATED TO THE NOTICE PROVISION VIOLATE THE MARCH 5 RULING AND SHOULD BE STRICKEN

Despite the clear language on page 14 of the March 5 Ruling, the plaintiff maintains that he can continue to rely upon *inter alia* "lack of proper notice" in support of his claim for breach of the implied covenant of good faith and fair dealing. (Pl.'s 5/29/07 Mem. at 3) The plaintiff's argument in support of his claim that he is somehow allowed to continue to assert allegations in support of his claim for breach of the implied covenant of good faith and fair dealing, which the Court has already granted summary judgment on, has no basis in the language of the March 5 Ruling. (Id.)

Specifically, the plaintiff contends that he is allowed to rely on "allegations relative to the Notice Provision" because the Court has allowed him to proceed based on "allegations concerning termination without authority and the failure to provide the stock shares." (Id.) The Court needs to go no further than the language of the plaintiff's argument to see that it is without merit. The March 5 Ruling granted summary judgment "on the plaintiff's breach of the covenant of good faith and fair dealing claim with the exception of allegations concerning termination without authority and the failure to provide the stock shares." (3/5/07 Ruling, at 14) Consequently, the allegations of breach of the implied covenant of good faith and fair dealing based upon the notice provision have been dismissed.

5

A lack of notice theory is distinct from a lack of authority theory. Summary judgment has been entered on the former and the plaintiff can no longer rely on it. Summary judgment was also entered on the plaintiff's theory that he somehow has a claim based on alleged "pressure" to enter into and representations regarding a separation agreement, when he did not in fact enter into a separation agreement. (3/5/07 Ruling at 10-11)

In particular, the breach of the implied covenant of good faith and fair dealing claim is contained in Count Two of the third amended complaint. In addition to incorporating paragraphs 1 through 33 from the first count, the plaintiff alleges in paragraph 38, in relevant part, as follows:

> Instead, Defendant turned against Chardavoyne in bad faith, not only to avoid the Employment Agreement but to injure him. As set forth above and in particular in Paragraph 25, Defendant purposely set out to harm and disadvantage Chardavoyne by seeking to compel or pressure his resignation with "immediate effect" in violation of the Employment Agreement;...threatening to withhold and cut off compensation, to which he has a right; and refusing to allow him to seek employment.

(Third Am. Compl., ¶ 38)

Again, by its summary judgment ruling, the Court afforded the plaintiff an opportunity to file a third amended complaint. Indeed, the Court gave the plaintiff explicit instructions as to the theory that could be alleged in such a complaint. Having given the plaintiff this opportunity, the Court should not allow him to continue to rely on allegations that have been dismissed by the summary judgment ruling.

### III. THE OPERATIVE COMPLAINT SHOULD NOT CONTAIN ALLEGATIONS THAT THE COURT HAS HELD TO BE PREEMPTED BY ERISA

The plaintiff's extended argument in support of his Wage Act count (Count III) confirms his efforts to undo the summary judgment ruling and cause jury confusion. Specifically, TWH's

6

motion to strike did not challenge Count III, as a whole. Rather, TWH's motion argued that paragraph 12 of the third amended complaint should be stricken because it quoted section 5.3 of the Employment Agreement, which relates to insurance and retirement benefits. (TWH's 4/24/07 Motion, at 5) This paragraph should be stricken because the March 5 Ruling granted summary judgment on the plaintiff's claims "related to his medical and retirement benefits" because they were preempted by ERISA. (3/5/07 Ruling, at 12)

Instead of directly responding to the Court's holding regarding ERISA preemption, the plaintiff attempts to defend the Wage Act count, as a whole. (Pl.'s 5/29/07 Mem., at 4-5, 8) As part of his argument, the plaintiff refers to his right to assert a Wage Act claim based upon an alleged withholding of "benefits" and "other compensation." (Id. at 8) He generally cites or refers to paragraph 12 as one of the multiple sources of the "other compensation" which he bases his Wage Act count on. (Id. at 4, 8)

The plaintiff's reliance on the Wage Act count as a whole is part of an attempt to resurrect a claim to benefits that the Court was held to be preempted by ERISA. It is yet another example of the plaintiff's efforts to undo the summary judgment ruling and/or to cause jury confusion. A jury could very easily be confused by the plaintiff's generalizations and vague references to "benefits" and "other compensation." By the March 5 Ruling, the Court held that the plaintiff's claim related to medical and retirement benefits were preempted by ERISA. Thus, there is no proper reason for the third amended complaint to quote section 5.3 of the Employment Agreement, which relates to insurance and retirement benefits. Nevertheless, the plaintiff continues to do so. Having granted summary judgment on this claim and these allegations, the Court should strike them from the third amended complaint. In particular, the Court should strike paragraph 12.

## IV. THE PLAINTIFF'S CASE LAW IS EITHER INAPPOSITE OR SUPPORTS THE GRANTING OF THE MOTION TO STRIKE

A motion to strike under Rule 12(f) is proper and should be granted when a plaintiff continues to assert allegations, claims or theories in an amended complaint, after summary judgment has been granted on those allegations, claims or theories. 5C Charles Allen Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 3d § 1382, at 426-63 (3d ed. 2004). See Cognitest Corp. v. Riverside Publishing Co., 1995 WL 382984, at *4 (N.D. Ill. June 22, 1995); Paul M. Harrod Co. v. A.B. Dick Co., 194 F.Supp. 502, 504 (N.D. Ohio 1961). None of the decisions cited by the plaintiff address this rule, let alone contradict it. As such, they are generally inapposite.

In fact, a thorough review of the decisions cited by the plaintiff reveals that three of them actually support the granting of TWH's motion to strike. Saye v. Old Hill Partners, Inc., 478 F.Supp.2d 248 (D.Conn. 2007) and Etienne v. Wal-Mart Stores, Inc., 197 F.R.D. 217, 224 (D.Conn. 2000) both granted motions to strike in part, because the affirmative defenses at issue were not sufficient as a matter of law. In Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976), the Second Circuit affirmed the granting of a motion to strike, as modified by it.

Here, allegations and claims which were dismissed by the March 5 Ruling are insufficient as a matter of law and should be stricken.

8

## CONCLUSION

There is no proper reason for the continuing presence of the claims and allegations identified above. The only reason for their presence is an effort by the plaintiff to undo the summary judgment ruling. The presence of the claims and allegations also creates a potential for unnecessary jury confusion. Accordingly, for the foregoing reasons, the Court should grant TWH's motion to strike.

Respectfully submitted,

THE DEFENDANT
THAMES WATER HOLDINGS,
INCORPORATED

By: _____
Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Its Attorneys

## CERTIFICATION

This is to certify that on this 3rd day of July, 2007, a copy of the foregoing was caused to be served via U.S. mail, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048

                                                Ralph W. Johnson III

998722_1 DOC