UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID CHARDAVOYNE,** | : | 3:03cv56(WWE) |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **THAMES WATER HOLDINGS** | : | |
| **INCORPORATED, THAMES WATER** | : | |
| **NORTH AMERICA, INC.,** | : | |
| | : | |
| **Defendants.** | : | |

**RULING ON DEFENDANT'S MOTION TO STRIKE**

The plaintiff, David Chardavoyne, filed this action against the defendants, Thames Water Holdings ("TWH") and Thames Water North America ("TWNA"), alleging breach of his employment contract (count one), breach of implied covenant of good faith and fair dealing (count two), and violations of the Connecticut Wage Act, Connecticut General Statutes §§ 31-72 and 31-76k (counts three and four).

The Court granted defendants' summary judgment on: (1) all claims against TWNA; (2) the breach of contract claims with the exception of the allegations concerning termination without authority claim and failure to provide stock shares; (3) the breach of the covenant of good faith and fair dealing claim with the exception of allegations concerning termination without authority and the failure to provide the stock shares; and (4) the conversion claim. Thereafter, pursuant to this Court's instruction, plaintiff amended the complaint to conform with the Court's ruling on summary judgment.

Defendant Thames Water Holdings moves to strike the complaint. For the

1

following reasons, the motion to strike will be denied.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that, upon motion, a court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from a pleading. In considering a motion to strike, the court does not examine the merits of the action, but merely determines whether any matter contained in the pleading itself was improperly included. Because pleadings are to be construed liberally, motions to strike generally are not favored and will be granted only upon a showing that the allegations in question have no possible bearing on the subject matter of the litigation. Schramm v. Krischell, 84 F.R.D. 294, 299 (D. Conn. 1979).

Defendant argues that the amended complaint contains allegations that relate to claims on which summary judgment has entered. Specifically, defendant points to allegations relating to notice requirements, false representations regarding the draft separation agreement, refusal to allow plaintiff to seek employment, and the company car. The gravamen of defendant's motion is that these allegations could cause jury confusion if the jury obtained a copy of the operative complaint. Defendant's concern has little force since this Court does not provide the jury with a copy of the operative complaint. The Court has defined the contours of plaintiff's claims in its ruling on summary judgment. Accordingly, the motion to strike will be denied.

## CONCLUSION

Based on the foregoing, defendant's motion to strike [doc. # 131] is DENIED. Defendant is instructed to respond to the complaint within 20 days of this ruling's filing date.

```
_____/s/_____
         Warren W. Eginton
    Senior U.S. District Judge
```

Dated this _4th_ day of September, 2007 at Bridgeport, Connecticut.