IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:03-CV-56 (WWE) |
| VS. : | |
| : | |
| THAMES WATER HOLDINGS : | |
| INCORPORATED, THAMES WATER : | |
| NORTH AMERICA, INC. : | |
| Defendants. : | SEPTEMBER 24, 2007 |

## DEFENDANT'S MOTION TO DISMISS AND TO THE EXTENT NECESSARY MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7, the defendant, Thames Water Holdings Incorporated ("TWH"), hereby moves to dismiss the plaintiff's Third Amended Complaint dated March 20, 2007. To the extent necessary, TWH also moves under Rule 56 of the Federal Rules of Civil Procedure. In support of its motion, TWH has submitted a memorandum of law under separate cover.

Specifically, Count I of the Third Amended Complaint includes a claim for breach of contract based on a company car allegedly provided as part of an Employment Agreement between the plaintiff and TWH. Those claims were, however, dismissed as part of the Court's March 5, 2007 Ruling and should be stricken from the operative complaint. To the extent necessary, as demonstrated in TWH's memorandum, those claims fail as a matter of law and must be dismissed.

Next, Count II of the Third Amended Complaint asserts a claim for a breach of an implied covenant of good faith and fair dealing in the Employment Agreement between the plaintiff and TWH. As demonstrated in TWH's memorandum, that claim fails as a matter of law

and must be dismissed. Also, the plaintiff's alternative theory of an "at-will" employment relationship in Count II was dismissed as part of the Court's March 5 Ruling. Thus, it should not have been included in the Third Amended Complaint and should be stricken. To the extent necessary, as demonstrated in TWH's memorandum, that claim fails as a matter of law.

Moreover, to the extent that the plaintiff bases his claim under the Connecticut Wage Act (Count III) on shares of stock he was allegedly due under a Long Term Incentive Program ("LTIP")/bonus program, that claim fails as a matter of law.

Finally, the prayer for relief in the Third Amended Complaint requests an award of "punitive damages." As demonstrated in TWH's memorandum, the plaintiff's request for an award of punitive damages fails as a matter of law and must be dismissed.

WHEREFORE, for the reasons set forth in detail in the accompanying memorandum of law, TWH requests that the Court grant its motion.

Respectfully submitted,

**THE DEFENDANT**
**THAMES WATER HOLDINGS,**
**INCORPORATED**

By: _____
Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West,
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Its Attorneys

## CERTIFICATION

      This is to certify that on this 24th day of September, 2007, a copy of the foregoing was caused to be served via U.S. mail, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048


                                                                            Ralph W. Johnson III

1022577_1 DOC