IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:03-CV-56 (WWE) |
| VS. : | |
| : | |
| THAMES WATER HOLDINGS : | |
| INCORPORATED, THAMES WATER : | |
| NORTH AMERICA, INC. : | |
| Defendants. : | SEPTEMBER 24, 2007 |

## DEFENDANT'S LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF ITS MOTION TO DISMISS AND TO THE EXTENT NECESSARY MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56(a)1, the defendant, Thames Water Holdings Incorporated ("TWH"), submits this statement of undisputed facts in support of its motion to dismiss and to the extent necessary motion for summary judgment directed to the Third Amended Complaint. Specifically, in support of the instant motion, TWH incorporates by reference the Local Rule 56(a)1 statement it filed on December 16, 2005 and the separate appendix of exhibits (1 through 18) filed on that same date.

In addition to its first Local Rule 56(a)1 statement, TWH maintains that the following material facts are not disputed for purposes of the instant motion:

1.    As part of his opposition to the defendants' first motion for summary judgment, the plaintiff submitted an appendix of exhibits dated April 28, 2006. As part of Exhibit 9 within that appendix, the plaintiff submitted a letter dated March 28, 2002 from Bill Alexander to him with an attached Award Notice dated March 27, 2002. The Award Notice was related to a conditional award of 872 shares of RWE AG stock in connection with a Long Term Incentive Plan ("LTIP").

2.  Copies of the March 28, 2002 letter and the Award Notice submitted by the plaintiff as part of Exhibit 9 to his April 28, 2006 appendix are attached hereto collectively as Exhibit A.

3.  On page one of the March 28, 2002 letter it states, in relevant part, as follows:

> The Long Term Incentive Plan aims to reward and recognize key people in the Company. The conditional award of shares has been made to you based on the performance of Thames Water against Return on Capital Employed (ROCE).
>
> $$ROCE = \frac{\underline{Operating\ Result}}{Average\ Net\ Operating\ Assets}$$

                                Respectfully submitted,

                                **THE DEFENDANT**
                                **THAMES WATER HOLDINGS,**
                                **INCORPORATED**

By: _____
Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West,
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

                    and

Ralph W. Johnson III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Its Attorneys

2

# EXHIBIT A



Bill Alexander FREng
Chief Executive

Mr D M Chardavoyne
27 Coventry Lane
Trumbull
CT0661-1050

28th March 2002

Dear David

Further to my letter inviting you to participate in the Long Term Incentive Plan, I am pleased to be able to advise you that a conditional award of 872 shares has been made to you.

The Long Term Incentive Plan aims to reward and recognise key people in the Company. The conditional award of shares has been made to you based on the performance of Thames Water against Return on Capital Employed (ROCE).

$$ROCE = \frac{Operating\ Result}{Average\ Net\ Operating\ Assets}$$

For the 2001 financial year, the Long Term Incentive performance levels were as follows:-

| Performance Level | ROCE | Percentage of Salary Awarded |
|---|---|---|
| Outstanding | 10.11% or greater | 25% |
| Strong | 9.71% - 10.10% | 15% |
| Threshold | 9.31% - 9.70% | 10% |
| Below Threshold | 9.30% or less | 0% |

I am pleased to be able to inform you that the level of ROCE achieved for 2001 was 9.78% falling within the "Strong" performance band. As a result of Thames Water achieving strong performance against ROCE you have been awarded conditional rights to shares equal to 15% of your base salary converted to euros using the exchange rate quoted in the Financial Times on the date of award.

This conditional award of shares is being held on your behalf by Abacus Corporate Trustee Limited in Jersey for a deferred period of three years from the date of invitation. At the end of this deferred period, subject to your continued employment with Thames Water, these shares will be transferred to you less any

Thames Water Plc
14 Cavendish Place
London W1G 9NU

T +44(0)20 7636 8686
F +44(0)20 7833 6134
I www.thames-water.com

Registered in England and Wales
No. 2366623. Registered office
14 Cavendish Place, London W1G 9NU

DEC 0130



Page 2

shares sold to meet your Income Tax or employees National Insurance liability. This Income Tax and National Insurance liability will be withheld by the trustees and paid over to the Inland Revenue on your behalf.

Please find enclosed an award notice for safekeeping, which you should retain for tax purposes and a letter outlining the tax position of the Plan. Please sign and return this letter to Rachael Hollings in the Reward Team giving your consent for the trustees to withhold any Income Tax and employees National Insurance liability that may arise on the value of your shares when they are transferred to you at the end of the deferred period, three years from the date of invitation.

I am also pleased to confirm that the Board of Thames Water Plc has agreed that further awards of conditional shares will be made under the LTIP in 2002. However, the performance measure used to determine the level of award will be changed from ROCE to Economic Value Added (EVA). EVA measures the actual return on capital employed (ROCE) by comparison to the Company's weighted average cost of capital and is therefore a measure of management's contribution to shareholder value creation and is increasingly regarded as an appropriate basis for incentive schemes.

Further information about EVA will be included when invitations to participate in the 2002 LTIP are distributed in July.

I would like to thank you for your continued effort and contribution to the success of the Company and a growing contribution in the future.

*[handwritten: Many many Best wishes / Yours Sincerely]*

*[signature]*
Bill Alexander

DEC 0131

### The Thames Water/RWE Long Term Incentive Plan ("the Plan")

### AWARD NOTICE

This notice confirms that David Chardavoyne ("the Participant") has been granted an Award under the Plan by deed as follows: -

| | |
|---|---|
| Date of Award | 27th March 2002 |
| Number of RWE AG Shares Awarded | 872 |
| Normal Vesting Date | 26th July 2004 |

The Common Seal of Thames Water Plc
("the Company") was affixed hereto in the presence of

Director

Secretary

Notes:

1. This Award is subject to the Rules of the Plan ("the Rules") and terms defined in this notice have the same respective meanings as in the Rules or have the meanings set out above. The Award is personal to the above named Participant and may not be assigned or transferred to any third party.

2. If the Participant's employment with the Company or any group company ceases at any time before the Normal Vesting Date the right to the Shares will be forfeited unless any of the special circumstances set out in the Rules apply.

3. The tax position of the Award depends on the laws of the country in which you are employed. The usual position is that the full market value of the Shares will be subject to income tax (and, possibly, social security contributions) if and when the Shares are released to you. There may also be an obligation on your employer to withhold tax and/or social security contributions. If you are in any doubt YOU MUST SEEK the advice of a qualified tax specialist. Please sign and return the attached acknowledgement to Rachael Hollings in the Reward Team based in the UK.

Rachael Hollings
Clearwater Court Ground West
C/o Blake House
Manor Farm Road
Reading
Berkshire
RG2 0JN
UK

DEC 0132

## **CERTIFICATION**

      This is to certify that on this 24th day of September, 2007, a copy of the foregoing was caused to be served via U.S. mail, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048

                                                                     Ralph W. Johnson III

1023494_1 DOC