UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
DAVID E. CHARDAVOYNE,                  :
                                       :
           Plaintiff,                  :    Case No. 03-CV-56 (WWE)
                                       :
    v.                                 :
                                       :
THAMES WATER HOLDINGS                  :
INCORPORATED                           :
                                       :
           Defendant.                  :    November 15, 2007
------------------------------------------------------------x

## MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff David E. Chardavoyne ("Chardavoyne" or "plaintiff") respectfully moves for attorneys' fees and costs under Federal Rule of Civil Procedure 11 against defendant Thames Water Holdings Incorporated ("defendant"). This motion for costs is limited solely to recovering those attorneys' fees and costs incurred in connection with opposing defendant's motion to dismiss and, alternatively, for summary judgment dated September 24, 2007. Plaintiff does not seek any other fees or costs at this time.

For the reasons set for in the accompanying memorandum, plaintiff respectively suggests that defendant's instant motion does nothing other than raise issues previously considered and denied by the Court and ought, therefore, result in defendant bearing the cost of such needless motion practice. The undersigned states in further support the following:

1.   Plaintiff's counsel requested defendant's counsel to withdraw the motion within twenty-one (21) days of the motion being filed. Defendant's counsel has not withdrawn the motion. This position was communicated through efforts to secure a prefiling conference with the court.

{00456153; 2; 1103-2}

2. Plaintiff's counsel has addressed the impropriety of the motion with defendant's counsel and the matter could not be resolved, including an attempted conference with the Court.

3. The motion is being presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation because defendant advances arguments that have been substantially briefed and previously decided on at least three (3) separate occasions, all of which have been ruled in favor of plaintiff.

4. As to Count One, the Court expressly acknowledged plaintiff's right to proceed on the basis of breach of contract by reason of termination without authority or board approval. March 5, 2007 ruling at 9. The written employment agreement which plaintiff alleges was terminated without authority or board approval specifically provided plaintiff with a car. Accordingly, defendant's demand to retrieve the car, defendant's actual retrieval of the car and defendant's failure to pay car-related expenses as provided for in the written employment contract all constitute part of plaintiff's claim of wrongful termination without authority or board approval.

5. As to Count Two, the Court expressly recognized plaintiff's request to plead breach of the covenant of good faith and fair dealing. Defendant challenged plaintiff's right to seek such relief in its original December 16, 2005 motion for summary judgment (at 35-38) which was denied by order dated July 13, 2006 (order at 3), again denied in the Court's March 5, 2007 ruling on reconsideration (motion for reconsideration at 12-13, order at 12-13) and again when the Court rejected defendant's motion to strike the same exact cause of action (motion to strike at 6, order at 2). Additionally, even if plaintiff were terminable at will under the employment agreement, defendant's own cited authority confirms that bad conduct by an employer in connection with the termination of at-will employment remains actionable.

6. As to Count Three, the Court expressly permitted plaintiff to proceed with his claims under the Connecticut Wage statute (motion for reconsideration at 13-14, order at 13). Defendant concedes that a bonus may constitute wages under the statute (motion at 14-15). The issue, therefore, is one of proof at trial.

7. Punitive damages can be awarded independent of the Connecticut wage statute for conduct in violation of the implied covenant of good faith and fair dealing. Since this Court allowed the former cause of action to proceed, it necessarily follows that the Court permits the latter upon a proper demonstration of proof at trial.

WHEREFORE Plaintiff David E. Chardavoyne respectfully requests that the Court grant his motion for attorneys' fees and costs under Federal Rule of Civil Procedure 11, to reimburse plaintiff for costs in responding to defendant's renewed motion awarding reasonable expenses and attorney's fees along with such other and further relief as the Court deems just and proper.

PLAINTIFF
DAVID E. CHARDAVOYNE

By: _____
Patrick J. McHugh (ct14072)
Richard S. Gora (ct27479)
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048
Telephone: (203) 325-5000
Facsimile: (203) 325-5001
E-mail: pmchugh@fdh.com

{00456153; 2; 1103-2}

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by electronic mail, facsimile and by United States Mail, first class, postage-prepaid to the following this 15th day November, 2007:

Stephen B. Fogerty, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, Connecticut 06880

Ralph W. Johnson, III, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

Richard S. Gora

{00456153; 2; 1103-2}