## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
```

DAVID E. CHARDAVOYNE,         :
          :

      Plaintiff,         :      **Case No. 03-CV-56 (WWE)**
          :

    v.          :
          :

THAMES WATER HOLDINGS          :
INCORPORATED          :
          :

      Defendant.         :      **November 15, 2007**

```
-----------------------------------------------------------x
```

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, ALTERNATIVELY FOR SUMMARY JUDGMENT AND IN SUPPORT OF AN AWARD FOR ATTORNEYS' FEES AND COSTS

Plaintiff David E. Chardavoyne ("Chardavoyne" or "plaintiff") respectfully submits this memorandum of law in opposition to defendant Thames Water Holdings Incorporated's ("Thames Holdings" or "defendant") motion, captioned Defendant's Motion To Dismiss And To The Extent Necessary Motion For Summary Judgment dated September 24, 2007 (the "motion").

Plaintiff separately submits a short motion requesting an award of costs and a Rule 56(a)(2) response to defendant's filed statement.

### SUMMARY STATEMENT IN OPPOSITION

Defendant's motion is an illegitimate attempt to get a result this Court has previously denied on at least two separate occasions. The consequence is harassment, unnecessary delay and a needless increase in the cost of litigation *by compelling Chardavoyne to respond to issues previously raised and already decided in his favor.*

Such conduct should not be condoned and, accordingly, in addition to seeking denial of the motion, plaintiff respectfully requests that attorneys' fees and costs incurred in responding to the motion be assessed against defendant.[1]

## PROCEDURAL HISTORY

By memorandum and decision dated July 13, 2006 this Court (Eginton, J.) denied in large part defendant's motion for summary judgment. The Court issued a supplemental order dated March 5, 2007 following defendant's motion for reconsideration. Plaintiff filed the Third Amended Complaint on March 22, 2007. Defendant moved to strike the amended pleading on April 24, 2007. By order dated September 4, 2007, the motion to strike was denied in its entirety. Defendant now moves to dismiss (again) and for summary judgment (again).

## BACKGROUND FACTS

Chardavoyne respectfully refers to, and specifically incorporates herein, its memorandum in opposition to summary judgment dated April 28, 2006, the supporting Chardavoyne Affidavit dated April 27, 2006, and Plaintiff's Appendix and Counterstatement of Disputed Facts. Capitalized terms refer to those previously defined.

Contrary to the four-part relief sought by defendant, the amended pleadings should remain unchanged and without further amendment:

1.  As to Count One, the Court expressly acknowledged plaintiff's right to proceed on the basis of breach of contract by reason of termination without authority or board approval. March 5, 2007 ruling at 9. The written employment agreement which plaintiff alleges was terminated without authority or board approval specifically provided plaintiff with a car. Accordingly, defendant's demand to retrieve the car and defendant's failure to pay car-related expenses as provided for in the

---

[1] While typical procedure directs service upon a party with a motion for attorneys' fees and costs under Fed. R. Civ. P. 11 with actual filing twenty-one (21) days thereafter, Chardavoyne includes a short motion herewith because (i) counsel for defendant was notified more than twenty-one (21) days ago as to the relief sought in responding to the motion and (ii) the motion for costs directly concerns defendant's motion currently under consideration by the Court, and nothing else.

written employment contract all constitute part of plaintiff's claim of wrongful termination without authority or board approval.

2.      As to Count Two, the Court expressly recognized plaintiff's request to plead breach of the covenant of good faith and fair dealing. Defendant challenged plaintiff's right to seek such relief in its original December 16, 2005 motion for summary judgment (at 35-38) which was denied by order dated July 13, 2006 (order at 3), again denied in the Court's March 5, 2007 ruling on reconsideration (motion for reconsideration at 12-13, order at 12-13) and again when the Court rejected defendant's motion to strike the same exact cause of action (motion to strike at 6, order at 2). Additionally, even if plaintiff were terminable at will under the employment agreement, defendant's own cited authority confirms that bad conduct by an employer in connection with the termination of at-will employment remains actionable.

3.      As to Count Three, the Court expressly permitted plaintiff to proceed with his claims under the Connecticut wage statute (motion for reconsideration at 13-14, order at 13). Defendant concedes that a bonus may constitute wages under the statute (motion at 14-15). The issue, therefore, is one of proof at trial.

4.      Punitive damages can be awarded independent of the Connecticut wage statute for conduct in violation of the implied covenant of good faith and fair dealing. Since this Court allowed the former cause of action to proceed, it necessarily follows that the Court permits the latter upon a proper demonstration of proof at trial.

## STANDARDS

While defendant invites this Court to consider dismissal (again) and summary judgment (again), two other standards are of equal, if not greater, relevance. First, once a court considers and rejects an argument advanced by a party, the Court need not revisit the issue absent a change in the facts or the law or in avoidance of manifest injustice. In this case, it is undisputed that neither a change in law nor a change of the facts has occurred. Similarly, defendant does not even claim manifest injustice because none exists. Second, this Court is entitled to consider abuses of procedure in violation of Federal Rule 1 and Federal Rule 11. Accordingly, it is respectfully requested that an order for attorneys' fees and costs issue in favor of plaintiff in

addition to denial of the motion, limited solely to the amount incurred in responding to defendant's motion.

**Standard for Issues Already Considered and Rejected by the Court.** Only three grounds justify reconsideration of arguments previously raised *and* decided by a Court, none of which here apply: "(1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct an error or prevent manifest injustice." *SPGGC, Inc. v. Blumenthal*, 408 F. Supp. 2d 87, 91 (D. Conn. 2006) (Underhill, J.); *see Ryan v. Sullivan*, No. 3-00-CV-1854, 2005 WL 367836 (D. CONN. Jan. 25, 2005) (Squatrito, J.) (denying reconsideration, noting "*[t]he application of these standards is intended to prevent wasteful repetition of arguments already briefed, considered and decided*") (emphasis added). As Judge Underhill remarked in *SPGGC, Inc.*:

> The standard for granting a motion for reconsideration is strict. A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided.

*SPGGC, Inc.*, 408 F. Supp. 2d at 91 (*quoting Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (Kravitz, J.)). Needless and costly repetition of rejected arguments violates the spirit of the Federal Rules. *See* Federal Rule of Civil Procedure 1 ("[The Rules] shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Defendant's pattern of repeated requests for the same relief previously denied upon consideration by the Court is unconscionable. Attorneys' fees and costs associated with such conduct ought to be assessed against the defendant.

**Standard for an Award of Costs Based Upon Abuse of Procedure.** A court may impose sanctions against an attorney and/or client when a written motion is presented to the court that is presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *See* FEDERAL RULE OF CIVIL PROCEDURE 11(b)-(c); *also*

*Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985) (sanctions may be awarded when it appears that a pleading has been interposed *for any improper purpose*). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness," *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000), such that "[a] distinction [is] drawn between a position which is merely losing, and one which is both losing and sanctionable." *Sec. Indus. Ass'n v. Clarke*, 898 F.2d 318, 321 (2d Cir.1990). The Court has rejected defendant's previous, identical arguments on separate occasions. Thus, defendant's arguments are already "losing" arguments. Defendant's bold attempt, now, to seek further review of "losing" arguments, after substantial consideration and then denial by the Court should not be countenanced. *See* FED. R. CIV. P. 11 cmts. to subdivisions (b) and (c) ("purpose of Rule 11 sanctions is to deter"). To advance the spirit of the Federal Rule's mandate "to secure the just, speedy, and inexpensive determination of every action," FED. R. CIV. P. 1, the modest sanction to reimburse plaintiff for needless cost to oppose defendant's repeat motion is an appropriate and proportional response.

***Standard Under* FED. R. CIV. P. *12(b)(6) to Dismiss*.** The function of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "is merely to assess the legal feasibility of the complaint, not to assay the weight of evidence that might be offered in support thereof." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F. 2d 774, 779 (2d Cir. 1984). Therefore, when considering such a motion, the court must accept the facts alleged in the complaint as true, draw inferences therefrom in the light most favorable to the plaintiff, and construe the complaint liberally. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The motion to dismiss

should be denied because the allegations in the Third Amended Complaint sufficiently state a claim upon which relief can be granted.

*Standard under FED. R. CIV. P. 56 for Summary Judgment*. The Court's role on a motion for summary judgment is preliminary in nature. "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." FED. R. CIV. P. 56 ADVISORY COMMITTEE'S NOTE (1963). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury *could* return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (emphasis added); *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000) (reversing district court's decision granting summary judgment because "in view of all the facts and circumstances" the record contained questions for a jury). As a result, the Court should not grant summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show (a) the existence of all essential elements on which Plaintiff bears the burden of proof at trial, (b) the existence of a genuine issue of material fact; and (c) that Defendant is not entitled to judgment as a matter of law because the evidence in the record could reasonably support a verdict for Plaintiff. FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### ARGUMENT

I.    **CHARDAVOYNE HAD A CONTRACTUAL RIGHT TO A COMPANY CAR, TERMINATED BY DEFENDANT WITHOUT AUTHORITY OR BOARD APPROVAL**

Chardavoyne had a contractual right to a company car. His termination from employment without authority or board approval, including termination of plaintiff's right to continued use of a company car, was expressly recognized by the Court as a proper cause of action to proceed to litigation. March 5, 2007 Order at 9-12. To withstand a Rule 12(b)(6) motion, Chardavoyne must establish: (1) the existence of a contract, including its essential terms,

(2) a breach of a duty imposed by the contract, and (3) resultant damages. *J.F. Walker Co., Inc. v. Excalibur Oil Group*, 792 A.2d 1269, 1272 (Pa. Super. 2002); *Bishop v. GNC Franchising LLC*, 403 F. Supp. 2d 411, 416 (W.D.Pa. 2005). Chardavoyne has sufficiently pleaded each element.

Chardavoyne has pleaded the existence of the Employment Agreement. Third Amended Complaint at ¶ 8. Chardavoyne has pleaded the essential terms of his contractual right to the company car. Third Amended Complaint at ¶ 13. Defendant also admits these terms in its Counterclaim. *See* Defendants' Amended Answer, Affirmative Defenses and Counterclaims to Plaintiff's Second Amended Complaint dated August 18, 2005 at ¶ 7. Chardavoyne has further alleged that defendant demanded Chardavoyne to deliver the company car to New Jersey in violation of the Employment Agreement. Third Amended Complaint at ¶ 32(d). Such a demand is hardly consistent with Chardavoyne's contractual right to maintain a company car at defendant's expense during his employment. Further, Chardavoyne's damages include any and all costs and expenses he incurred as a result of defendant's wrongful conduct, including defendant's improper demand for return. These allegations are sufficiently pleaded and remain a matter for determination by the fact finder.

To the extent defendant requests these allegations be "stricken," April 24, 2007 memorandum in support of the motion at 7-9, the Court has already denied defendant's motion to strike. To the extent defendant claims such allegations fail to state a claim, the cited standard and referenced pleadings confirm otherwise. To the extent defendant claims entitlement to judgment on the issue, the Court has already denied summary judgment, including upon reconsideration, as to whether there was authority to terminate.

Cutting and pasting an argument from a prior brief epitomizes this motion's lack of merit and defendant's lack of respect for the Court's prior rulings. *Compare* Defendants' December 12, 2004 Memorandum of Law in Support of its Motion for Summary Judgment at 36-38 and fn. 11-12 *with* Defendant's Memorandum of Law in Support of its Motion to Dismiss and to the Extent Necessary Motion for Summary Judgment at 11-13 and fn. 2-3. Neither the September 4 Ruling, March 5 Ruling or July 13 Ruling grants summary judgment on or strikes Chardavoyne's alternative at-will employment theory contained in the Third Amended Complaint.

These allegations are sufficiently pleaded, having withstood scrutiny on summary judgment, reconsideration and motion to strike. The Court should adhere to its previous rulings, refuse dismissal and deny summary judgment on Chardavoyne's alternative at-will allegations.

## II. THE COURT ALREADY RULED THAT BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IS GOVERNED BY CONNECTICUT LAW

"Connecticut law provides that a claim for breach of the implied covenant of good faith and fair dealing sounds in tort. *Buckman v. People Express, Inc.*, 205 Conn. 166, 170 (1987)." March 5 Ruling at 7. *See Kent v. Avco Corp.*, 849 F. Supp. 833, 835 (D. Conn. 1994) (Eginton, J.) ("Claims involving a duty of good faith are treated as torts"). Defendant, now for the third time, seeks to persuade the Court that its decision was in error.

The basis for defendant's position is that breach of the implied covenant is purportedly a contract claim under Pennsylvania law and not a tort claim under Connecticut law, memorandum in support of the motion at 9-11. Further, defendant argues that this Court got the issue wrong in the original Ruling on July 13, 2007 and again after reconsideration by Order dated March 5, 2007. Defendant's arguments at this stage are offensive and should be discarded outright, except for consideration in assessing attorneys' fees and costs for advancing arguments that are procedurally unsound and therefore frivolous. The Court engaged in a meaningful analysis after extensive

briefing by both parties on this very issue, concluding that application of Connecticut law for tortious breach of the implied covenant was a cause of action available to plaintiff subject to submission of proof at trial. Order on motion for reconsideration at 6-8. The Court should not revisit the issue and tacitly allow defendant's wasteful and harassing motion. For these reasons, the motion should be denied with an appropriate award of attorneys' fees and costs.

## III.    TREATMENT OF BONUS AS PART OF PLAINTIFF'S WAGE CLAIM IS AN ISSUE FOR TRIAL

Treatment of the stock bonus is a question of fact, reserved for determination at trial. Defendant concedes that a bonus may constitute wages under the statute, but improperly assumes facts in its favor. Memorandum in support of the motion at 14-15. Since the Court expressly permitted plaintiff to proceed with his claims under the Connecticut Wage statute (Order on motion for reconsideration at 13), the Court should similarly allow this issue to be resolved by the fact finder at trial.

## IV.    PUNITIVE DAMAGES ARE RECOVERABLE UNDER CONNECTICUT LAW FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Punitive damages are properly awarded for malicious and willful tortious conduct. *City of Hartford v. International Assn. of Firefighters, Local 760*, 49 Conn. App. 805, 817, *cert. denied*, 247 Conn. 920 (1998). Punitive damages are equally awardable for breaches of the implied covenant in the context of employment contracts upon allegations and proof that the termination was violative of an important public policy. *Barry v. Posi-Seal International Inc.*, 40 Conn. App. 577, 584, *cert. denied*, 237 Conn. 917 (1996). Chardavoyne has pleaded malicious, willful and tortious conduct violative of important Connecticut public policy in connection with his termination, attempted without authority or board approval. *See* Third Amended Complaint, Count II at ¶¶ 34-41. While it remains plaintiff's burden to prove such conduct at trial, it

remains plaintiff's prerogative and right to do so on the basis of facts as pleaded. Punitive damages are, therefore, properly included in Chardavoyne's prayer for relief.

## **CONCLUSION**

Plaintiff David E. Chardavoyne respectfully requests that the Court (i) deny Defendant's motion to dismiss, (ii) deny Defendant's motion in the alternative for summary judgment (and effectively for second reconsideration), and (iii) grant such other and further relief as the Court deems just and proper, including an award of attorneys' fees and costs in favor of plaintiff as requested herein.

PLAINTIFF
DAVID E. CHARDAVOYNE

By: _____
Patrick J. McHugh (ct14072)
Richard S. Gora (ct27479)
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048
Telephone: (203) 325-5000
Facsimile: (203) 325-5001
E-mail: pmchugh@fdh.com

## <u>CERTIFICATION</u>

This is to certify that a true and correct copy of the foregoing was delivered by electronic mail, facsimile and by United States Mail, first class, postage-prepaid to the following this 15th day November, 2007:

> Stephen B. Fogerty, Esq.
> Halloran & Sage LLP
> 315 Post Road West
> Westport, Connecticut  06880
>
> Ralph W. Johnson, III, Esq.
> Halloran & Sage LLP
> One Goodwin Square
> 225 Asylum Street
> Hartford, Connecticut  06103

Richard S. Gora