UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
DAVID E. CHARDAVOYNE, :
:
      Plaintiff, : Case No. 03-CV-56 (WWE)
:
v. :
:
THAMES WATER HOLDINGS :
INCORPORATED, :
:
      Defendant. : January 22, 2008
---------------------------------------------------------------x

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS

Defendant misses the point: Once a court considers and rejects arguments, including through the finality of reconsideration, raising such arguments *again* is an abuse of procedure. The cost of such patently unnecessary motion practice ought to be borne by the offending litigant. In the event this Court agrees that defendant's *renewed* motion to dismiss, alternatively, for summary judgment, is procedurally unjustified, plaintiff respectfully requests that such unnecessary costs incurred be returned to him.

#### STATEMENT OF THE CASE IN REPLY

By memorandum dated November 15, 2007, plaintiff opposed (again) defendant's *renewed* motion to dismiss and, alternatively, for summary judgment. Prior to filing the opposition, plaintiff communicated with defendant's counsel and urged withdrawal of the *renewed* motion on the following basis: (i) defendant had already moved to dismiss and, alternatively, sought summary judgment against plaintiff's entire complaint; (ii) dissatisfied with this Court's ruling dated July 13, 2006 (the "July 13 Ruling"), defendant sought reconsideration; (iii) dissatisfied with this Court's ruling on reconsideration dated March 5, 2007 (the "March 5 Ruling"), defendant moved to strike plaintiff's amended pleading; (iv) dissatisfied with this

ORAL ARGUMENT REQUESTED

Court's decision to deny the motion to strike dated September 4, 2007 (the "September 4 Ruling"),[1] defendant filed its *renewed* motion to dismiss, and, alternatively, for summary judgment; however, (v) this Court's July 13 Ruling, March 5 Ruling and September 4 Ruling *foreclose defendant from moving again to dismiss or seek judgment on claims already considered and rejected by the Court.*[2]

Refusing to withdraw, and thereby forcing plaintiff to incur unnecessary expense to respond to a motion unwarranted by the Federal Rules and case precedent, plaintiff separately moved after due notice for an award of costs in responding to such a motion. Upon this Court's denial of defendant's *renewed* motion for dismissal or, alternatively, for summary judgment, plaintiff respectfully requests an award limited to the cost of responding, nothing more.

### ARGUMENT

Three established doctrines control and confirm that defendant's renewed motion for dismissal/judgment is clearly without sound basis, and thereby entitle plaintiff to an award of costs.

First, the well established doctrine of law of the case renders defendant's renewed motion for dismissal/judgment on arguments previously considered and rejected indefensible. Second, and equally well settled, is the doctrine of abandonment where issues not raised previously must be deemed abandoned in order to prevent piecemeal and seriatim arguments for court

---

[1] It is noteworthy that defendant did not file for reconsideration of the Court's September 4, 2007 denial of defendant's motion to strike plaintiff's amended pleading. A motion to strike, and the granting thereof, are proper vehicles for a Court to remove allegations from a subsequent pleading that are inconsistent with the court's dismissal of a prior pleading. *See Cognitest Corp. v. Riverside Publishing Company*, 94 C 4741, 1995 WL 382984, at *4 (N.D. Ill. June 22, 1995). It is therefore proper to infer that this Court's September 4 Ruling denying the motion to strike was a recognition of plaintiff's amended pleading being in compliance with the Court's March 4 Ruling.

[2] Defendant also requests the Court to *sue sponte* issue a show cause order directing plaintiff to explain why sanctions should not be imposed on him. Based on the reasons and authority recited herein, plaintiff respectfully submits that his motion for attorneys' fees and costs does not violate any aspect of FED. R. CIV. P. 11, and, obviously, no order to show cause should issue.

consideration. Third, the doctrine of amended pleadings limits any procedural attack to *new* claims and allegation; since plaintiff's pleadings have only narrowed (not expanded), defendant's reiterated attacks on original claims and allegations are barred.

Finally, defendant's claim that plaintiff's request to collect costs is procedurally defective is without merit.

I. **EACH OF DEFENDANT'S FIVE (5) ARGUMENTS IN SUPPORT OF DISMISSAL/SUMMARY JUDGMENT HAVE BEEN CONSIDERED AND REJECTED PREVIOUSLY BY THIS COURT, RENDERING DEFENDANT'S RENEWED MOTION PROCEDURALLY UNWARRANTED AND THEREBY ENTITLES PLAINTIFF TO RECOVER HIS COSTS SPENT IN RESPONSE**

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *See Arizona v. California*, 460 U.S. 605, 618 (1983). "Law of the case doctrine was understandably crafted with the course of ordinary litigation in mind. Such litigation proceeds through preliminary stages, generally matures at trial, and produces a judgment, to which after appeal, the binding finality of res judicata and collateral estoppel will attach" *Id.* at 618-619; s*ee Rezzonico v. H & R Block, Inc.*, 182 F.3d 144, 148 (2d Cir. 1999) ("the doctrine of law of the case posits that when a court decides upon a rule of law, that decision should generally continue to govern the same issues in subsequent stages in the same case"). The issues raised in defendant's renewed motion were fully briefed by the parties and decided by the Court. Neither plaintiff nor this Court should be subjected, yet again, to another wasteful and repetitive motion. Chardavoyne has been forced to respond to issues previously raised and already decided by the Court in his favor, wasting his attorneys' time, his financial resources and the Court's time.

"When a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case." *United States v. Uccio*, 940 F.2d 753, 757-58 (2d Cir. 1991). No intervening ruling of a higher court exists here; there is no reason for this Court

to entertain defendant's improper (third) attempt to secure a favorable ruling and, instead, should award Chardavoyne his attorneys' fees and costs incurred in responding to defendant's renewed motion. The claims of plaintiff's pleadings have only narrowed after extensive, substantive motion practice in this action. A third dispositive motion on repeated and decided issues is plainly improper.

   A. *Chardavoyne's claim for breach of contract related to the company car.* Law of the case analysis begins with the Second Amended Complaint. Chardavoyne alleges damages stemming from defendant's breach of the employment contract related to the company car. *See* Second Amended Complaint dated March 9, 2005 at ¶ 34(e); *and now also* Third Amended Complaint at ¶ 32(d). Next, defendant moved for summary judgment on the entire Second Amended Complaint. *See* Defendant's motion for summary judgment at 1. In effect, defendant claimed that each and every allegation was either undisputed or that no genuine issue of material fact existed, and based on such facts, it was entitled to judgment as a matter of law.

   In defendant's memorandum of law in support of motion for summary judgment, defendant states that "*[Thames Water Holdings] promised to provide Chardavoyne* 'with a company car for his use in the business of the Company or any Group Company. . . .' (citing the Employment Agreement, ¶ 7)." The employment agreement so states a right to a company car, defendant at least so acknowledges in its memorandum (plaintiff respectfully submits such an acknowledgment is a judicial admission) and Chardavoyne so alleges. Issue was joined and the Court ultimately decided in its July 13 Ruling (denial of defendant's motion for summary judgment), March 5 Ruling ("the Court adheres to its previous holding [the July 13 Ruling] that disputed issues of act preclude summary judgment on plaintiff's core claims of breach of contract") and September 4 Ruling ("The Court has defined the contours of plaintiff's claims in

its ruling on summary judgment" and denied the motion to strike after defendant specifically referenced allegations concerning the company car) that Chardavoyne's allegations concerning the company car contain disputed issues of material fact (twice, in the July 13 Ruling and the March 5 Ruling) and should not be stricken from the Third Amended Complaint because these allegations are not redundant, immaterial, impertinent or scandalous.

Accordingly, defendant's demand to retrieve the car, defendant's actual retrieval of the car and defendant's failure to pay car-related expenses as provided for in the written employment contract all constitute part of plaintiff's claim of wrongful termination without authority or board approval. The Court could not have been any more clear – but defendant (i) chooses to ignore the plain and unambiguous language of the Court's three prior rulings; (ii) chooses to waste court and party resources and time; and (iii) left undeterred, will continue choosing this burdensome and oppressive path, rather than complying with FED. R. CIV. P. 1 (the Federal Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."). Chardavoyne's motion for attorneys' fees and costs should be granted.

*B. Chardavoyne's claim for breach of implied covenant of good faith and fair dealing.* The Court expressly recognized Chardavoyne's request to plead breach of the covenant of good faith and fair dealing. Defendant challenged plaintiff's right to seek such relief in its original motion for summary judgment (at 35-38) which was denied in the July 13 Ruling (denial of defendant's motion for summary judgment), March 5 Ruling ("the Court finds that plaintiff may assert a claim for breach of the implied covenant of good faith and fair dealing") and September 4 Ruling ("The Court has defined the contours of plaintiff's claims in its ruling on summary judgment" and rejecting defendant's motion to strike the same exact cause of action). After three motions and three unfavorable rulings against defendant on the issue, allowing a

motion for dismissal/judgment *again* on the same issue would condone intimidation and harassment against Chardavoyne.

   C. *Chardavoyne's claim for at will employment.* Even if plaintiff were terminable at-will under the employment agreement, defendant's own cited authority confirms that bad conduct by an employer in connection with the termination of at-will employment remains actionable and a question reserved for resolution by the fact-finder at trial. *See Thibodeau v. Design Group One Architects, LLC*, 260 Conn. 691 (2002); *Burnham v. Karl & Gelb, P.C.*, 252 Conn. 153 (2000). Chardavoyne's motion for attorneys' fees and costs should be granted.

   D. *Chardavoyne's claim for bonus under the Connecticut Wage Act.* Chardavoyne pleaded a right to recovery under the Connecticut Wage Act, which the Court expressly permitted. *See* March 5 Ruling ("the Court finds that disputed issue of fact also preclude summary judgment on plaintiff's entitlement to recovery under the [Connecticut] Wage Act"). Defendant concedes that a bonus may constitute wages under the statute (motion to dismiss, alternatively for summary judgment at 14-15). The issue, therefore, is one of proof at trial, which the Court has already defined and refused to rule in favor of defendant. Chardavoyne's motion for attorneys' fees and costs should be granted.

   E. *Chardavoyne's claim for punitive damages.* Punitive damages can be awarded independent of the Connecticut wage statute for conduct in violation of the implied covenant of good faith and fair dealing. *Barry v. Posi-Seal International Inc.*, 40 Conn. App. 577, 584, *cert. denied*, 237 Conn. 917 (1996). Since this Court specifically allowed the cause of action for breach of the implied covenant to proceed, it necessarily follows that the Court permitted plaintiff to seek punitive damages upon a proper demonstration of proof at trial. Chardavoyne's motion for attorneys' fees and costs should be granted.

## II. TO THE EXTENT DEFENDANT RAISES NEW ARGUMENTS AS TO AN AMENDED PLEADING CONTAINING THE SAME (OR FEWER) ALLEGATIONS CONTAINED IN THE PRIOR PLEADING, THE DOCTRINE OF ABANDONMENT CONTROLS

Defendant cannot continue on its improper path: "a litigant may not argue its case seriatim so that less than all of its arguments are presented to the court at the hearing and then raise others if it is not initially successful." *In Re Altman*, 265 B.R. 652, 657 (Bankr. D. Conn. 2001). Likewise, defendant cannot judicially test arguments by unsuccessfully seeking dismissal or summary judgment, only to reload and reargue in the alternative once a unfavorable decision has been rendered by the Court. *See Lopez v. Smiley*, 375 F. Sup. 2d 19, 22-23 (D. Conn. 2005) ("[a] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made"); *Mody v. General Electric Comp.*, No. Civ.A.3-04-CV-358(JC. [sic], 2006 WL 1168051, at *2 (D. Conn. Apr. 26, 2006) (denying motion for reconsideration because movant submitted "a new, alternative argument that is inappropriately raised on a motion for reconsideration").

Any arguments raised previously by defendants are precluded under the doctrine of law of the case, *supra*; any arguments in defendant's renewed motion considered to be new arguments must be deemed abandoned. Either way, defendant's renewed motion is procedurally without sound basis, and Chardavoyne is entitled to receive back his costs in responding.

## III. ABSENT EXPANSION OF THEORY OR SCOPE, AN AMENDED PLEADING DOES NOT PERMIT DEFENDANT TO ASSERT ARGUMENTS THAT SHOULD HAVE BEEN ASSERTED PREVIOUSLY

A party served with a narrowed, amended pleading does not have the right to respond to such pleading. 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 15.17[06] (3d ed. 1997) ("a party served with an amended pleading has the duty and the right *only to 'respond' to the amendment or the changes in the amended pleading.")* (emphasis added). "Service of an amended pleading does not automatically re-open the time for asserting matters that should have

been asserted in response to the original pleading." *Id.* Any arguments raised previously by defendants are precluded under the doctrine of law of the case, *supra*; any arguments in defendant's renewed motion considered to be new arguments must be deemed abandoned, *supra*; and, additionally, a narrowed, amended complaint precludes defendant from asserting those arguments that could have and should have been asserted previously. Under any such theory, defendant's renewed motion is procedurally without sound basis, and Chardavoyne is entitled to receive back his costs in responding.

### IV.  CHARDAVOYNE COMPLIED WITH THE SAFE-HARBOR PROVISION

Chardavoyne complied with the safe-harbor provision in FED. R. CIV. P. 11(c)(1)(A). Counsel for Chardavoyne sent counsel for defendant a letter dated October 10, 2007 (the "October 10 Letter"). The October 10 Letter served at least four relevant purposes: (i) it gave notice of Chardavoyne's intention to move for attorneys' fees and costs if the motion was not withdrawn; (ii) it informed defendant of the bases for Chardavoyne's request for withdrawal of the motion;[3] (iii) it provided defendant, in effect, with thirty-six (36) days to withdraw or appropriately correct its motion, as opposed to the twenty-one (21) days required under FED. R. CIV. P. 11 – Chardavoyne, in effect, afforded defendant with a fifteen (15) day courtesy from Rule 11's requirements to withdraw its motion; and (iv) it served to satisfy each public policy consideration discussed in the commentary to FED. R. CIV. P. 11(c).

Well reasoned case precedent best tailored to the facts of this case confirms that the procedures followed by Chardavoyne comply with FED. R. CIV. P. 11. *Kilkennyt v. Greenberg*

---

[3] Chardavoyne also informed defendant by letter dated October 29, 2007 that he sought to secure a court prefiling conference to resolve these issues to avert the need for additional briefing. Plaintiff filed its request for fees only after being instructed by the Court to proceed with filing, as the Court was unable to accommodate a request for a conference on the issue. Surely such attempt at prefiling resolution cannot be considered anything but good faith and refutes defendant's position that Chardavoyne filed this motion for improper purposes.

*Traurig, LLP*, No. 05 Civ. 6578(NRB), 2006 WL 1096830, at *6 (S.D.N.Y. Apr. 26, 2006) (defendant's letter to *pro se* plaintiff advising him of defendant's intention to move for Federal Rule 11 sanctions if challenged paper not withdrawn within seven (7) days and then not filing the motion for less than twenty-one (21) days after the letter not found to be violative of FED. R. CIV. P. 11(c)(1)(A) safe-harbor provision); *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841(NRB), 2004 WL 1276842, at *10 (S.D.N.Y. June 8, 2004) (defendant's letter five (5) weeks prior to filing of Federal Rule 11 motion for attorneys' fees not found to be violative of FED. R. CIV. P. 11(c)(1)(A) safe-harbor provision); *but see Berk v. City of New York*, No. 00 Civ. 8483 GELRLE, 2004 WL 1918701 (S.D.N.Y. Aug. 20, 2004).[4]

Additionally, defendant's immediate refusal to withdraw the renewed motion for dismissal/judgment plainly evidences the futility of drafting and serving Chardavoyne's motion for attorneys' fees and costs in advance of filing. *See* Letter from Ralph W. Johnson III to Patrick J. McHugh dated October 11, 2007, a true and correct copy attached hereto as Exhibit 1.

---

[4] Chardavoyne and his counsel embrace the civility and respect expected in the conduct of federal litigation. Without any ill-will or intent to disparage, Chardavoyne is compelled to rebut certain unfortunate statements made against him and his counsel to ensure an accurate record.

Counsel for defendant states that Chardavoyne "filed no less than 14 motions for extension of time in this case," insinuating improper delay. Defendant's Memorandum in Opposition to Motion for Attorneys' Fees and Costs dated January 7, 2008 at 35. Each was either on consent or unobjected to. *See* Docket Entry Nos. 26, 28, 30, 58, 70, 86, 89, 91, 93, 121, 126, 134, 136 and 144. Defense counsel was well aware that counsel of record in this case for plaintiff, Attorney James R. Hawkins, II, Esq. retired from the private practice of law within weeks after defendant filed it first motion for summary judgment in December 2005, leaving successor counsel with the Homeric task to absorb a mature and extensive record and thereby file an appropriate submission in opposition. In fact, defendant filed sixteen (16) motions for extension of time. *See* Docket Entry Nos. 5, 6, 22, 35, 55, 80, 83, 96, 98, 100, 103, 111, 127, 131, 139 and 149. The invitation to adopt an adverse inference against Chardavoyne is unwarranted, especially when defendant itself engaged in and exceeded such supposedly offending conduct.

Defendant's memorandum in opposition unfortunately and inaccurately states that "[t]his is not the first time that Chardavoyne has ignored the rules." Memorandum in Opposition at 15 n.7. Undersigned counsel spoke with defense counsel on November 14, 2007 requesting consent for a one (1) day extension to respond to defendant's renewed motion for dismissal/judgment and was told (i) there was no problem taking an extra day to respond (*i.e.*, November 15, 2007); and (ii) there was no need to burden the Court with a consent motion in such circumstances. Chardavoyne's opposition documents were dated and served on November 15, 2007 on defendant's counsel by e-mail, facsimile and first class mail. The filing of said document with the Court occurred in compliance with FED. R. CIV. P. 5(d). It is undersigned counsel's hope that the above representations suffice to end the issue. Supporting documentation including sworn statements and e-mail and facsimile confirmation can be provided, should the Court so desire.

{00489052; 4; 1103-2}       9

Such futility has been recognized as a sufficient reason to dispel with the technical complexities of FED. R. CIV. P. 11. *See Pannonia Farms, Inc.*, 2004 WL 1276842, at **10-11 (upon receiving plaintiff's letter notice of Rule 11 motion, "defendant swiftly and forcefully disclaimed Rule 11 violation" and lacked all indication to withdraw the challenged paper if afforded the technical twenty-one (21) day safe-harbor provision); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995) (noting, contrary to the record in this case, "[i]f [plaintiff] had received the benefit of the safe-harbor period, the record indicates that he would have 'withdrawn or appropriately corrected' his misstatements, thus avoiding sanctions altogether"). Chardavoyne sufficiently pursued proper procedure and respected the technical complexities of FED. R. CIV. P. 11. Accordingly, his motion for attorneys' fees and costs should be granted.

WHEREFORE Plaintiff David E. Chardavoyne respectfully requests that the Court grant his motion for attorneys' fees and costs under Federal Rule of Civil Procedure 11, reimburse plaintiff for costs in responding to defendant's renewed motion awarding reasonable expenses and attorney's fees along with such other and further relief as the Court deems just and proper.

PLAINTIFF
DAVID E. CHARDAVOYNE

By: _____
Patrick J. McHugh (ct14072)
Richard S. Gora (ct27479)
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048
Telephone: (203) 325-5000
Facsimile: (203) 325-5001
E-mail: pmchugh@fdh.com

**EXHIBIT 1**



# HALLORAN & SAGE LLP
### ATTORNEYS AT LAW

RALPH W. JOHNSON, III  Direct 860 297-4646  johnsonr@halloran-sage.com
Also admitted in New York

October 11, 2007

**VIA FACSIMILE**

Patrick J. McHugh, Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048

    Re:   <u>Chardavoyne v. Thames Water Holdings Inc.</u>
         Our File No. : 14939.0001

Dear Attorney McHugh:

    This letter is in response to your letter dated October 10, 2007. We disagree with your letter and believe that the pending motion to dismiss has sound bases. With regard to your motion for an extension of time of 30 days, we do not oppose it.

                         Very truly yours,

                         Ralph W. Johnson III

RWJ/pg

cc:   Stephen P. Fogerty, Esq.
1056996_1.DOC

One Goodwin Square, 225 Asylum Street, Hartford, Connecticut 06103  860 522-6103  Fax 860 548-0006  www.halloran-sage.com
Hartford / Middletown / Westport / Washington, D.C.

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by electronic mail, by facsimile and by United States Mail, first class, postage-prepaid to the following this 22nd day January 2008

Stephen B. Fogerty, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, Connecticut 06880

Ralph W. Johnson, III, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103

Richard S. Gora