UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DAVID CHARDAVOYNE,** | : | 3:03cv56(WWE) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **THAMES WATER HOLDINGS INCORPORATED,** | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS AND, TO THE EXTENT NECESSARY, FOR SUMMARY JUDGMENT AND ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

The plaintiff, David Chardavoyne, filed this action against the defendants, Thames Water Holdings ("TWH") and Thames Water North America ("TWNA"), alleging breach of his employment contract (count one), breach of the implied covenant of good faith and fair dealing (count two), and violations of the Connecticut Wage Act, Connecticut General Statutes §§ 31-72 and 31-76k (counts three and four).

The Court granted defendants' motion for summary judgment on: (1) all claims against TWNA; (2) the breach of contract claims with the exception of the allegations concerning termination without authority and failure to provide stock shares; (3) the breach of the covenant of good faith and fair dealing claim with the exception of allegations concerning termination without authority and the failure to provide the stock shares; and (4) the conversion claim.

Pursuant to this Court's instruction, plaintiff amended the complaint to conform with the Court's ruling on summary judgment. Defendant Thames Water Holdings

1

moved to strike the complaint, arguing that plaintiff had failed to remove certain allegations that relate to claims on which summary judgment had entered and that inclusion of these allegations could cause jury confusion if the jury obtained a copy of the operative complaint. The Court denied the motion to strike, stating that the jury would not be provided with a copy of the operative complaint. Now pending is defendant's motion to dismiss and, to the extent necessary, for summary judgment. This motion may be construed as a motion for reconsideration of the Court's ruling's on summary judgment and the motion to strike or as a successive motion for summary judgment allowed at this Court's discretion. Plaintiff has filed a motion for attorneys' fees and costs.

## BACKGROUND

The Court assumes familiarity with the facts of this case and recites the following factual background that is relevant to this ruling.

In May 2002, James McGivern and Matthew Huckin, Managing Director and Human Resources Director of Thames Water Americas respectively, presented plaintiff with a letter, notifying him that his services were no longer required by the company. Plaintiff did not consider the letter to be advance notice of termination in compliance with the terms of his employment contract.

In a letter dated June 10, 2002, defendants' counsel Gerald Richardson wrote plaintiff's counsel:

> The Agreement . . . allows the Company to provide no work to Mr. Chardavoyne and to require him to stay away from its premises in its non-attendance provisions. Assuming the absence of a separation agreement, then the Company began its exercising of its rights pursuant to the Agreement's non-attendance provisions effective May 29, 2002. On that

date, the Company clearly communicated its elimination of Mr. Chardavoyne's job, which left him with no duties to perform. In addition, it told him of its expectation for him to remove his personal belongings from the Company's premises and to return all of the company's property in his possession or under his control.

Plaintiff did not receive wages for services after June 6, 2003, and payments for his employee benefits ceased after June 30, 2003.

On December 10, 2004, plaintiff tendered to Alexander a letter resigning from all positions held within Thames Water Plc.

## **DISCUSSION**

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

To the extent that defendant brings forth new grounds for dismissal or summary judgment, the Court exercises its discretion to consider such arguments in the interest of judicial economy.  See Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995).

**Breach of Contract**

In ruling on summary judgment, the Court held that plaintiff presented a claim for the jury to decide whether he had suffered a termination of his position that lacked proper authority and that did not comply with the governing corporate documents.

3

Defendant maintains: (1) that this holding precludes plaintiff's assertion that defendant's demand for return of the company car constitutes a breach of the employment agreement and that defendant owes plaintiff payment for company car-related expenses, and (2) that plaintiff's claim fails because no contract provision prohibits defendant's demand for return of the car.

Paragraph 7 of the operative agreement provides:

> The Company shall, during the term of this Agreement, provide the Executive with a car for his use in the business of the Company or any Group Company and shall bear all standing costs relating thereto including the cost of insuring, testing, taxing, repairing and maintaining the same and shall reimburse the Executive's running expenses of the car in accordance with the Company's rules and procedures for the time being in force. The cost of all fuel will be met by the Company, including reasonable private mileage in the USA.

The Court construes plaintiff's breach of contract claim as asserting that defendant failed to comply with the governing documents when it terminated him and that he is entitled to the wages and benefits. Construing the evidence and facts in favor of plaintiff, a question of fact exists as to whether plaintiff was entitled to the company car if the defendant's attempt to terminate him was improper. Accordingly, the Court will leave plaintiff to his proof that demand for return of the car to New Jersey violated the agreement and that he is entitled to "payments due for company car-related expenses."

**<u>Breach of the Implied Covenant of Good Faith and Fair Dealing</u>**

In the ruling on summary judgment, this Court held that Pennsylvania law governed plaintiff's contract agreement, but that Connecticut law applied to his tort claims, including the breach of the implied covenant of good faith and fair dealing.

Defendant requests reconsideration of the Court's ruling that the breach of the implied covenant of fair dealing is actionable in tort rather than contract.

The issue of whether breach of the implied covenant of good faith and fair dealing sounds in tort or contract has resulted in conflicting precedent among courts interpreting Connecticut law. See OBG Technical Services, Inc. v. Northrop Grumman Space & Mission Systemps Corp., 503 F.Supp.2d 490, 503 n.3 (D. Conn. 2007) (recognizing conflict and citing cases). However, Connecticut Appellate and Supreme Court decisions have recently resolved that a breach of the implied covenant of good faith and fair dealing sounds in contract. See Collins v. Anthem Health Plans, Inc., 275 Conn. 309, 333-34 (2005); Bellemere v. Wachovia Mortagage Corp., 94 Conn. App. 593, 610 (2006), aff'd, 284 Conn. 193 (2007). Accordingly, plaintiff's implied breach of the covenant of good faith claims relevant to the employment contract are controlled by Pennsylvania law, which does not recognize a separate claim for such breach. Strategic Learning, Inc. v. Wentz, 2006 WL 3437531 *5 (M.D. Pa. 2006). The Court will dismiss plaintiff's claims that defendant breached the implied covenant of good faith and fair dealing, including plaintiff's alternative theory that defendant's bad faith conduct constitutes breach of the implied covenant of good faith even if he were terminable at-will under the employment agreement.[1]

---

[1] In Connecticut, an at-will employee may bring a cause of action for breach of the implied covenant of good faith and fair dealing in an employment contract where the termination represents a violation of some important public policy. Gambardella v. Apple Health Care, Inc., 86 Conn. App. 842, 852 (2005). Plaintiff alleges that "if Chardavoyne was terminable at will, Defendant's bad faith conduct violates important public policies, that include, without limitation, to protect employees from abusive employment practices; from unreasonable refusals to pay properly earned wages, and other compensation; from interference with subsequent employment; and from

**Wage Act Claim**

In ruling on summary judgment, the Court rejected defendant's argument that plaintiff could not assert a Connecticut Wage Act claim, Connecticut General Statute § 31-72, because plaintiff was employed in New Jersey rather than Connecticut. Defendant now argues that plaintiff is not entitled to relief under the Connecticut Wage Act for non-payment of a bonus. Specifically, defendant maintains that the bonus at issue does not meet the definition of a wage under the Act.

The term "wages" is defined as "compensation for labor or services rendered by an employee, whether the amount is determined on a time, task, piece, commission or other basis of calculation." Conn. Gen. Stat. § 31-72. In certain circumstances, a bonus may constitute wages under the Act. Garry v. Bertucci's Restaurant Corp., 2001 WL 1795539 (D. Conn. 2001). Decisional law has limited Wage Act claims based on unpaid bonuses to instances where the bonus is "promised in exchange for additional services or based on an employee's individual performance." Wood v. Sempra Energy Trading Corp. 2005 WL 465423 *12 (D. Conn. 2005). Connecticut courts have held that a bonus constitutes wages where the bonus amount is determined according to the plaintiff employee's work effort rather than the employer's overall success. See Ziotas v. The Reardon Law Firm, P.C., 2001 WL 128904 *1 (D. Conn. 2001). Courts have consistently dismissed Wage Act claims where the bonus was determined according to the employer's overall performance. Garry, 2001 WL 1795539 at *5.

In this instance, plaintiff received notice that he would be awarded a conditional

---

violations of contractual rights."

award of 872 RWE AG stock under a Long Term Incentive Plan "based on the performance of Thames Water against Return on Capital Employed (ROCE)." Accordingly, plaintiff's bonus award was calculated pursuant to the ROCE formula rather than his individual work performance. No evidence indicates that this award was promised in exchange for additional services or was based on plaintiff's individual performance as defined by extant case law. The Court will grant summary judgment on plaintiff's claim of a Wage Act violation based on non-payment of the RWA AG stock shares.

### Punitive Damages

Defendant argues that the request for punitive damages should be struck. Defendant maintains that Pennsylvania law prohibits punitive damages on a breach of contract claim, Galdieri v. Montsanto Co., 245 F.Supp.2d 636, 652 (E.D. Pa. 2002), and the Connecticut Wage Act does not provide for punitive damages. As his brief makes clear, plaintiff premised the request for punitive damages on the claims for violation of the implied covenant of good faith and fair dealing. Since the Court will dismiss these claims, the request for punitive damages will also be dismissed.

### Motion for Costs

Plaintiff has moved pursuant to Federal Rule of Civil Procedure 11 for attorneys' fees and costs relative to the opposition of defendant's motion to dismiss and for summary judgment dated September 24, 2007. Defendant counters that such costs and fees should be denied and that the Court should sanction plaintiff for the expense that it has incurred in defending against the motion for costs.

The Court finds an award of attorneys' fees and costs is not appropriate. As

recognized by this Court, defendant's motion to dismiss and for summary judgment set forth meritorious arguments. However, plaintiff was entitled to a good faith position that defendant's motion was unjustified because the law of the case applied, and because defendant had abandoned the arguments that it had failed to raise on previous motions. Accordingly, the motion for costs will be denied.

## **CONCLUSION**

Based on the foregoing, defendant's motion to dismiss and for summary judgment [Doc. #143] is GRANTED in part and DENIED in part. The Court GRANTS summary judgment on plaintiff's claims of breach of the implied covenant of good faith and fair dealing, and on plaintiff's claim of violation of the Connecticut Wage Act based on non-payment of the RWE AG stock. Plaintiff's motion for attorneys' fees and costs [Doc. #147] is DENIED.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this _23rd_ day of April, 2008 at Bridgeport, Connecticut.