IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID E. CHARDAVOYNE : | |
| Plaintiff, : | CIVIL ACTION NO. |
| : | 3:03-CV-56 (WWE) |
| VS. : | |
| : | |
| THAMES WATER HOLDINGS : | |
| INCORPORATED, THAMES WATER : | |
| NORTH AMERICA, INC. : | |
| Defendants. : | JULY 16, 2008 |

**DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND TO THE EXTENT NECESSARY MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and Local Rule 7, the defendant, Thames Water Holdings Incorporated ("TWH"), hereby moves for judgment on the pleadings in connection with the plaintiff's Fourth Amended Complaint dated June 4, 2008. To the extent necessary, TWH also moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(d). In support of its motion, TWH has submitted a memorandum of law under separate cover and to the extent necessary, a Local Rule 56(a)(1) Statement of Undisputed Facts.

**I.**

Count I of the Fourth Amended Complaint is a claim for breach of contract based on an Employment Agreement between the plaintiff and TWH. In its March 5, 2007 Ruling and April 24, 2008 Decision, the Court indicated that it interprets the plaintiff's breach of contract claim to be based on three theories: (1) a lack of authority theory, (2) a theory that the Employment Agreement was breached by TWH's failure to provide the plaintiff with 872 shares of RWE AG stock and (3) a theory that the Employment Agreement was breached by TWH's allegedly

demanding that a company car be returned to New Jersey, as opposed to Connecticut, and by TWH not paying the plaintiff for car-related expenses.

As demonstrated in detail in TWH's memorandum of law, under fundamental principles of contract, corporate and agency law, the plaintiff's lack of authority theory fails as a matter of law and judgment in favor of TWH should enter on that theory. In sum, the plaintiff's lack of authority theory fails as a matter of law for five reasons.

First, the plaintiff has not identified any term in the Employment Agreement that incorporates TWH's bylaws or any other governing documents, let alone a term that promises that the termination of the plaintiff's employment will be carried out in compliance with TWH's bylaws or any other governing documents. Thus, even assuming for the sake of argument that the plaintiff's termination was not carried out in compliance with TWH's bylaws or governing documents, that act did not breach any contractual duty owed to the plaintiff under the terms of the Employment Agreement. Moreover, even assuming a breach of the terms of the Employment Agreement, the plaintiff cannot establish any damages. Specifically, even assuming that TWH's bylaws or documents governing TWH's management were not complied with, that noncompliance would not damage the plaintiff.

Second, under fundamental principles of corporate and agency law, the plaintiff cannot, as a matter of law, assert a breach of contract claim against TWH based on a theory that his termination was carried out without authority. The leading treatise on the subject and the case law confirm that if a corporation does not object to an officer or other person doing an act on its behalf, even if that act was not authorized, an objection cannot be raised by a third person.

Third, the plaintiff's lack of authority theory fails, as a matter of law, because he does not have the standing to assert such a claim against TWH. Any claim for non-compliance with

2

TWH's bylaws or governing documents would be a claim that belongs exclusively to TWH. For any other entity or person to assert such a claim on behalf of TWH, the claim, if viable at all, would have to be asserted as a shareholders' derivative action, an action that the plaintiff has not and cannot maintain.

Fourth, a review of the pleadings and undisputed facts confirms that the plaintiff's lack of authority theory is barred by TWH's implied ratification and/or ratification by acquiescence of the plaintiff's termination, as a matter of law.

Finally, even assuming for the sake of argument that the plaintiff could somehow prove that his termination was not authorized, his lack of authority claim fails as a matter of law because a corporation is not liable for actions it does not authorize. In other words, even assuming that the plaintiff could establish that the termination of his employment was not authorized, that proof would require the dismissal of his claim against TWH.

With regard to the company car theory, the Court in its April 24 Decision noted that that theory was dependent upon the plaintiff establishing that TWH's "attempt to terminate him was improper." (4/24/08 Mem. of Decision, at 4) With the dismissal of the lack of authority theory, there is no remaining claim that the plaintiff's termination was improper. As such, the plaintiff's company car theory fails as a matter of law under the Court's reasoning in its April 24 Decision. Consequently, with the dismissal of the lack of authority theory, TWH respectfully submits that the Court should reconsider the viability of the plaintiff's company car theory and on reconsideration, enter a judgment in favor of TWH on that theory.

With the dismissal of the lack of authority and the company car theories, Count II of the Fourth Amended Complaint, which asserts a claim under Connecticut's Wage Act, should also be dismissed. Specifically, with the dismissal of those two theories, the only remaining breach

of contract claim is the plaintiff's claim that the Employment Agreement was breached by TWH's failure to provide him with 872 shares of RWE AG stock. In its April 24 Decision, the Court held that the Wage Act does not apply to that claim. (4/24/08 Mem. of Decision, at 6-7)

Accordingly, with the dismissal of the plaintiff's lack of authority theory and company car theory, the only remaining claim from the Fourth Amended Complaint is the plaintiff's claim that the Employment Agreement was breached by TWH's failure to provide him with 872 shares of RWE AG stock.

## II.

TWH respectfully submits that the Court's analysis of its motion for judgment on the pleadings prior to the commencement of a trial is in the interest of judicial efficiency. In particular, TWH submits that its memorandum of law demonstrates that the plaintiff's lack of authority theory fails as a matter of law. Consequently, neither the Court, the jury nor the parties should have to spend any time dealing with the plaintiff's lack of authority claim during a trial.

Moreover, the Court's consideration of TWH's Rule 12(c) motion will not improperly delay any trial. To the contrary, even if the Court were to ultimately disagree with TWH's motion, the analysis of TWH's motion is necessary for the orderly conduct of a trial. Specifically, the Court's identification of the legal basis for and parameters of the plaintiff's lack of authority claim is imperative to the preparation of any jury instructions and the determination of what evidence is relevant. Furthermore, as noted below, the arguments in support of TWH's Rule 12(c) motion would be among the arguments submitted in support of TWH's Rule 50(a) motion for judgment as a matter of law/directed verdict motion. Thus, TWH's Rule 12(c) motion provides the Court with an opportunity to analyze the issues in an orderly fashion.

Accordingly, the Court should consider TWH's motion for judgment on the pleadings, which is primarily directed towards the plaintiff's lack of authority theory.

Indeed, as it recognized in its April 24 Decision, the Court has the discretion to consider successive motions for judgment as a matter of law. (4/24/08 Mem. of Decision, at 2-3) As the Court further recognized in its April 24 Decision, it properly exercises its discretion in considering arguments for the dismissal of claims as a matter of law, as such analysis by the Court is in the interest of judicial economy. (Id. at 3) The Court's prior reasoning on preserving judicial economy supports its considering TWH's motion for judgment on the pleadings on the plaintiff's lack of authority theory, prior to the commencement of any trial.

### III.

To the extent necessary, TWH gives notice to the plaintiff that if the Court does not grant TWH's Rule 12(c) motion, TWH's Rule 50(a) motion for judgment as a matter of law/motion for directed verdict, among other grounds, will rely upon the arguments set forth in the memorandum of law submitted in support of TWH's Rule 12(c) motion.

**WHEREFORE**, for the reasons set forth in detail in the accompanying memorandum of law, TWH requests that the Court grant its motion.

Respectfully submitted,

**THE DEFENDANT
THAMES WATER HOLDINGS,
INCORPORATED**

By: _____
Stephen P. Fogerty
CT Fed. Bar No. 01398
**HALLORAN & SAGE LLP**
315 Post Road West,
Westport, CT 06880
Tele: (203) 227-2855
Fax: (203) 227-6992
E-mail: Fogerty@halloran-sage.com

and

Ralph W. Johnson III
CT Fed. Bar No. 15277
**HALLORAN & SAGE LLP**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
Tele: (860) 522-6103
Fax: (860) 548-0006
E-mail: Johnsonr@halloran-sage.com

Its Attorneys

## CERTIFICATION

This is to certify that on this 16th day of July, 2008, a copy of the foregoing was caused to be served via U.S. mail, postpaid to:

Patrick McHugh, Esq.
William M. Tong, Esq.
Richard Gora, Esq.
Finn Dixon & Herling LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048

The Honorable Warren W. Eginton
c/o Chambers
United States District Court
  for the District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604
***(Courtesy Copy, Via Hand Delivery)***

                                          _____
                                          Ralph W. Johnson III

1206239_1 DOC