UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID E. CHARDAVOYNE | ) | |
| | ) | CASE NUMBER: |
| Plaintiff, | ) | 3:03CV56 (WWE) |
| | ) | |
| vs. | ) | |
| | ) | |
| THAMES WATER HOLDINGS | ) | |
| INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | August 5, 2008 |

## PLAINTIFF'S REPLY AND AFFIRMATIVE DEFENSES TO DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Plaintiff David E. Chardavoyne ("Chardavoyne"), by his attorneys Finn Dixon & Herling LLP, as and for his Reply and Affirmative Defenses to the Counterclaims (the "Counterclaims") contained in the Answer, Affirmative Defenses, and Counterclaims of Defendant Thames Water Holdings Incorporated ("Thames Holdings") (hereinafter referred to as "Defendant"), dated July 2, 2008, hereby replies as follows:

### JURISDICTION

1.    Admits the allegations contained in Paragraph 1 of the Counterclaims.

### PARTIES

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Counterclaims, except admits that Thames Holdings is a Delaware corporation.

3.    Admits the allegations contained in Paragraph 3 of the Counterclaims.

# FACTS

*The Agreement*

4.      Admits the allegations contained in Paragraph 4 of the Counterclaims.

5.      Denies the allegations contained in Paragraph 5 of the Counterclaims because Defendant fails to accurately quote the language of the Agreement between Thames Water Holdings Inc and David E Chardavoyne, dated January 15, 1999 (the "Agreement"), a true copy of which is attached as Exhibit A to Plaintiff's Second Amended Complaint, and respectfully refers the Court to the Agreement for its true and complete terms.

6.      Denies the allegations contained in Paragraph 6 of the Counterclaims because Defendant fails to accurately quote the language of the Agreement, and respectfully refers the Court to the Agreement for its true and complete terms.

7.      Denies the allegations contained in Paragraph 7 of the Counterclaims because Defendant fails to accurately quote the language of the Agreement, and respectfully refers the Court to the Agreement for its true and complete terms.

8.      Denies the allegations contained in Paragraph 8 of the Counterclaims because Defendant fails to accurately quote the language of the Agreement, and respectfully refers the Court to the Agreement for its true and complete terms.

9.      Denies the allegations contained in Paragraph 9 of the Counterclaims because Defendant fails to accurately quote the language of the Agreement, and respectfully refers the Court to the Agreement for its true and complete terms.

*Notice of Termination and Termination of Employment*

10.     Denies the allegations contained in Paragraph 10 of the Counterclaims.

11.     Denies the allegations contained in Paragraph 11 of the Counterclaims.

12.     Denies the allegations contained in Paragraph 12 of the Counterclaims.

- 2 -

13.     Denies the allegations contained in Paragraph 13 of the Counterclaims.

*The Car*

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Counterclaims, except admits that Chardavoyne was provided with a 2002 Lincoln LS sedan, vehicle identification number 1LNHM87A62Y672200, which was registered to Miller Auto Leasing Co. (the "Car"), during his employment by Thames Holdings.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Counterclaims.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Counterclaims.

17.     Denies the allegations contained in Paragraph 17 of the Counterclaims, except admits that Chardavoyne was provided with a car pursuant to the Agreement, and respectfully refers the Court to the Agreement for its true and complete terms.

18.     Denies the allegations contained in Paragraph 18 of the Counterclaims, except admits that Chardavoyne was in possession of the Car during the period May 29, 2002 to December 14, 2004.

19.     Denies the allegations contained in Paragraph 19 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Counterclaims and respectfully refers the Court to the letter from Jonathan B. Orleans, Esq. to James Hawkins dated May 28, 2003, for its true and complete terms.

{00590655; 1; 1103-2}

21.     Denies the allegations contained in Paragraph 21 of the Counterclaims, except admits that Chardavoyne tendered the car to Defendant on December 13, 2004, and that Defendant took possession of the car on December 14, 2004.

22.     Denies the allegations contained in Paragraph 22 of the Counterclaims.

23.     Denies the allegations contained in Paragraph 23 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning any expenses incurred by Thames Holdings with respect to the car.

**FIRST COUNTERCLAIM - CONVERSION**

24.     Repeats and re-alleges its replies to Paragraphs 1 through 23 of the Counterclaims as if fully stated herein.

25.     Admits the allegations contained in Paragraph 25 of the Counterclaims.

26.     Denies the allegations contained in Paragraph 26 of the Counterclaims.

27.     Denies the allegations contained in Paragraph 27 of the Counterclaims.

**SECOND COUNTERCLAIM - STATUTORY THEFT (C.G.S. §52-564)**

28.     Repeats and re-alleges its replies to Paragraphs 1 through 23 and 25 and 26 of the Counterclaims as if fully stated herein.

29.     Denies the allegations contained in Paragraph 29 of the Counterclaims and respectfully refers the Court to the Connecticut General Statutes for their true and complete terms.

30.     Denies the allegations contained in Paragraph 30 of the Counterclaims.

31.     Denies the allegations contained in Paragraph 31 of the Counterclaims.

32.     Denies the allegations contained in Paragraph 32 of the Counterclaims.

{00590655; 1; 1103-2}

## THIRD COUNTERCLAIM - BREACH OF CONTRACT

33.     Repeats and re-alleges its replies to Paragraphs 1 through 32 of the Counterclaims as if fully stated herein.

34.     Denies the allegations contained in Paragraph 34 of the Counterclaims and respectfully refers the Court to the Agreement for its true and complete terms.

35.     Denies the allegations contained in Paragraph 35 of the Counterclaims.

## FIRST AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Each and every Counterclaim of Defendant fails to state a claim against Chardavoyne upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendant granted license to Chardavoyne to use the Car pursuant to the Agreement during his employment, including, but not limited to, the following: (i) Defendant did not terminate that employment in accordance with the terms of the Agreement, Chardavoyne was under no duty to return the Car to Defendant prior to his resignation on December 10, 2004, after which he immediately made arrangements to return the car to Defendant; and also (ii) Defendant's purported "ratification" through specious after-the-fact board resolutions acknowledge and admit that Defendant did not do previously that which was required by corporate action.

- 5 -

### THIRD AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendant's Counterclaims are barred by the doctrine of unclean hands because of Defendant's bad faith misconduct, breach of the Agreement and failure to comply with the Agreement.

### FOURTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendant's Counterclaims are barred by the doctrine of waiver because Defendant failed to exercise any rights they may have had with respect to the Car in a timely manner.

### FIFTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendant's Counterclaims are barred by the doctrine of laches because Defendant failed to exercise any rights they may have had with respect to the Car in a timely manner.

### SIXTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendant's Counterclaims are barred by the doctrine of estoppel because Defendant failed to exercise any rights they may have had with respect to the Car in a timely manner.

### SEVENTH AFFIRMATIVE DEFENSE TO THE COUNTERCLAIMS

Defendant's Counterclaims are barred because Defendant released Plaintiff from all claims through specious after-the-fact board resolutions, which, however, acknowledge and admit that Defendant did not do previously that which was required by corporate action.

WHEREFORE, Plaintiff David E. Chardavoyne respectfully requests that the Court enter judgment and award damages for Plaintiff on all counts of Plaintiff's Fourth Amended Complaint; dismiss the Counterclaims of Defendant Thames Water Holdings Incorporated; award Plaintiff all reasonable costs and attorneys fees incurred by him in his defense against such Counterclaims; and such other and further relief as the Court deems just and proper.

{00590655; 1; 1103-2}

PLAINTIFF DAVID E. CHARDAVOYNE

By: _____
Patrick J. McHugh (ct14072)
William M. Tong (ct25304)
FINN DIXON & HERLING LLP
177 Broad Street, 15th Floor
Stamford, CT 06901-2048
Telephone: (203) 325-5000
Facsimile:  (203) 325-5001
E-mail: pmchugh@fdh.com

- 7 -

## CERTIFICATION

This is to certify that a true and correct copy of the foregoing was delivered by United States Mail, first class, postage-prepaid, facsimile and e-mail to the following this 5th day of August, 2008:

Stephen B. Fogerty, Esq.
Halloran & Sage LLP
315 Post Road West
Westport, Connecticut  06880
fogerty@halloran-sage.com

Ralph W. Johnson, III, Esq.
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
johnsonr@halloran-sage.com

Patrick J. McHugh

{00590655; 1; 1103-2}