# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID CHARDAVOYNE, | : | 3:03cv56(WWE) |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| THAMES WATER HOLDINGS | : | |
| INCORPORATED, | : | |
|     Defendant. | : | |

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR FOR SUMMARY JUDGMENT

The plaintiff, David Chardavoyne, filed this action against Thames Water Holdings ("TWH") and Thames Water North America ("TWNA"), alleging breach of his employment contract (count one), breach of the implied covenant of good faith and fair dealing (count two), and violations of the Connecticut Wage Act, Connecticut General Statutes §§ 31-72 and 31-76k (counts three and four).

After extensive motion practice, plaintiff's complaint is now limited to a breach of contract claim based on termination without authority against TWH, and violation of the Connecticut Wage Act against TWH. In his breach of contract claim, plaintiff alleges that defendant owes him wages for his continuing service after June 6, 2003, stock shares, and expenses related to the company car.

Defendant TWH now asserts that it has conducted further analysis of the employment contract and legal precedent. Based on that research, defendant moves for judgment on the pleadings or for summary judgment. The Court construes the motion as a second successive motion for summary judgment. For the following reasons, the Court will deny defendant's motion.

## BACKGROUND

The Court assumes familiarity with the facts of this case and recites the following factual background that is relevant to this ruling.

In May 2002, James McGivern and Matthew Huckin, Managing Director and Human Resources Director of Thames Water Americas respectively, presented plaintiff with a letter, notifying him that his services were no longer required by the company. Plaintiff did not consider the letter to be advance notice of termination in compliance with the terms of his employment contract.

Plaintiff did not receive wages for services after June 6, 2003, and payments for his employee benefits ceased after June 30, 2003.

On December 10, 2004, plaintiff tendered a letter resigning from all positions held within Thames Water Plc.

## DISCUSSION

To the extent that defendant brings forth new grounds for dismissal or summary judgment, the Court exercises its discretion to consider such arguments in the interest of judicial economy. See Whitford v. Boglino, 63 F.3d 527, 530 (7th Cir. 1995).

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F.

2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

**Breach of Contract**

In denying summary judgment on plaintiff's breach of contract claim, this Court's ruling dated March 5, 2007 stated:

> Defendant's characterization of plaintiff's allegations is restricted to an alleged lack of proper written notice. However, review of the complaint, particularly paragraphs 16 and 29, reveal that plaintiff's claim is susceptible to a broader interpretation: namely, that plaintiff suffered a termination of his position that lacked proper authority and that did not comply with the governing corporate documents. The Court finds that plaintiff's evidence raises a genuine issue of fact relevant to his allegations. Summary judgment will be denied on this claim.

Defendant now argues that plaintiff's breach of contract claim fails because no term in the Employment Agreement provides that plaintiff's termination should be carried out in compliance with TWH's bylaws or other governing documents, that plaintiff has no damages, that Huckin and McGovern were authorized agents, and that the termination was ratified.[1]

---

[1] According to the bylaws of TWH, a director could be removed at any time by the majority vote of the directors. Similarly, the bylaws of TWNA provided that a director

Relevant to plaintiff's termination, the contract contained paragraph 11, which reads, in part, as follows:

> Save as provided for in Clauses 12.1, 12.2 and 12.3 below, the Executive's employment hereunder shall continue subject to the terms of this Agreement until terminated
>
> (a) by the Company giving to the Executive not less than twelve months' written notice expiring at any time; or
>
> (b) by the Executive giving not less than six months' written notice expiring at any time.[2]

Construing the facts in the light most favorable to plaintiff, the Court will deny summary judgment again to allow a jury to determine whether the contractual language may be interpreted to incorporate compliance with the governing corporate documents, whether Huckin and McGivern were authorized agents of defendant to terminate plaintiff, whether the termination was subject to valid ratification, and whether plaintiff has suffered damages.

Defendant asserts further that plaintiff lacks standing to advance a claim based on violation of corporate governing documents and that a corporation cannot be liable

---

could be removed upon a majority vote of shareholders entitled to vote for the election of such director.

[2]The contract provided for exceptions to the notice requirement including circumstances where plaintiff declares bankruptcy, becomes incapacitated, is convicted of a criminal offense, commits an act of dishonesty, breaches his employment obligations, fails in his duties, or acts in a manner that would bring Thames Water Plc into disrepute. The employment agreement was to terminate automatically upon plaintiff reaching 65 years of age.

4

for any unauthorized act. The Court will consider these arguments, if necessary, after a jury's consideration of the evidence and plaintiff's contractual rights.[3]

**Wage Act Claim**

Defendant's argument relevant to the Wage Act claim assumes that this Court will enter summary judgment on the claim of breach of contract for lack of authority. In light of this ruling's prior discussion, the Court will also deny summary judgment on the Wage Act claim.

**CONCLUSION**

Based on the foregoing, defendant's motion for judgment on the pleadings or for summary judgment [Doc. #161] is DENIED. Plaintiff's motion for a hearing [#179] is also DENIED. Within thirty days of this ruling's filing date, the parties should inform the Court by letter which dates after February 2009 are amenable for trial and whether the parties are interested in a settlement conference with a magistrate judge.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this _22d_ day of December, 2008 at Bridgeport, Connecticut.

---

[3] The Court's denial of summary judgment applies to plaintiff's claims for breach of contract relevant to the company car expenses and his alleged entitlement to certain stock shares.